```
FILED
2009 DEC 29  PM 2:43
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____
```

Stephen M. Doniger, Esq. (SBN 179314)
Email: stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BUCKLEY H. CRISPIN, an Individual,

Plaintiff,

vs.

CHRISTIAN AUDIGIER, INC., a California Corporation; NERVOUS TATTOO, INC., a California Corporation; SHOP ON STAGE, INC., a California Corporation; CHRISTIAN AUDIGIER, an Individual; 3A WATCH, LLC, a California Limited Liability Company; RADIANCE JEWELRY, INC., a California Corporation, CHROMEBONES, a business entity of unknown form, REVOLUTION EYEWEAR, INC., a California Corporation and DOES 1-10, inclusive,

Defendants.

Case No. CV09-9509 MMM (JEMx)

**PLAINTIFF'S COMPLAINT FOR:**

1. **BREACH OF CONTRACT**
2. **DIRECT, CONTRIBUTORY, & VICARIOUS COPYRIGHT INFRINGEMENT**
3. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
4. **DECLARATION OF RIGHTS AS TO ARTWORK**
5. **CONSTRUCTIVE TRUST**

Jury Trial Demanded

Plaintiff BUCKLEY CRISPIN (hereinafter "Plaintiff" or "Crispin"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff is a well-known, highly-respected graphic artist. Between November of 2005 and January of 2006 he granted Defendant Christian Audigier ("Audigier") and his company, Christian Audigier, Inc. ("CAI") an oral license to use certain of his works of art in a limited manner in connection with certain types of garments ("License"). Specifically, Audigier and CAI were to pay a sum certain for the right to reproduce each accepted work ("Artwork") on street-wear apparel and were also to incorporate Plaintiff's seal/logo in connection with each use of their uses of the Artwork.

Defendants Audigier and CAI have breached their agreement with Plaintiff by failing to use his seal in conjunction with the use of his artwork on apparel. Not only have they failed to include his logo on a substantial quantity of apparel bearing his Artwork, but they at times given attribution to another artist for creating certain works in the Artwork by incorporating the logo of that other on various products bearing the Artwork.

Defendants Audigier and CAI have further violated Plaintiff's rights by sublicensing his Artwork without obtaining Plaintiff's consent. As such the massive use of Plaintiff's Artwork on jewelry, watches, shoes, pet accessories, luggage, sunglasses, swimwear, denim, wine bottles, and a variety of other products was unauthorized and constitutes copyright infringement.

///
///
///

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976 (the "Copyright Act"), as amended, 17 U.S.C. §§ 101 *et seq.*, and California law.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b). This Court also has supplemental jurisdiction over California statutory and common law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal copyright claims that they form part of the same case or controversy.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff BRYAN CRISPIN ("Crispin") is an individual residing in Los Angeles County, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant CHRISTIAN AUDIGIER, INC. ("CAI") is a California corporation with its mailing address and registered office located at 1135 N. Mansfield Avenue, Los Angeles, CA 90038.

6. Plaintiff is informed and believes and thereon alleges that Defendant NERVOUS TATTOO, INC. ("NTI") is a California corporation with its mailing address and registered office located at 1135 N. Mansfield Avenue, Los Angeles, CA 90038.

7. Plaintiff is informed and believes and thereon alleges that Defendant SHOP ON STAGE, INC. ("SOS") is a California corporation with its mailing address and registered office located at 1135 N. Mansfield Avenue, Los Angeles, CA 90038.

8. Plaintiff is informed and believes and thereon alleges that Defendant CHRISTIAN AUDIGIER ("Audigier") is an individual residing in Los Angeles, CA, at 600 South Muirfield Road, and is the Registered Agent for CAI.

9. Plaintiff is informed and believes and thereon alleges that Defendant 3A WATCH, LLC ("3A") is a California corporation with its mailing address and registered office located at 1801 Avenue of the Stars, Los Angeles, CA 90067.

10. Plaintiff is informed and believes and thereon alleges that Defendant RADIANCE JEWELRY, INC. ("Radiance") is a California corporation with its mailing address and registered office located at 510 W 6TH ST #817, Los Angeles, CA 90014.

11. Plaintiff is informed and believes and thereon alleges that Defendant CHROMEBONES ("Chromebones") is a business entity of unknown form doing business in the County of Los Angeles, State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant REVOLUTION EYEWEAR, INC. ("Revolution") is a California corporation with its principal place of business at 997 Flower Glen Street, Simi Valley, CA 93065.

13. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and based thereon alleges that such fictitiously named Defendants have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices herein alleged. Plaintiff will seek leave to amend this Complaint to reflect the true names and capacities of such fictitiously named Defendants when said Defendants have been ascertained. As alleged herein, Defendants shall mean all named Defendants and all fictitiously named defendants.

14. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director,

manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FACTUAL ALLEGATIONS

15. Between approximately November of 2005 and January of 2006, Plaintiff licensed approximately fifteen (15) of his original works of art to Defendants Audigier and CAI for use on their streetwear line for a flat licensing fee to be paid per work. Plaintiff has filed to register each of these works (hereinafter "Artwork") with the United States Copyright Office.

16. The Artwork was provided by Plaintiff to Defendants Audigier and CAI on the agreement that each use of the Artwork would be accompanied by Plaintiff's seal. The understanding and intention of this agreement was that Plaintiff would receive reasonable attribution for the Artwork used by Defendants.

17. Following receipt of the Artwork, Defendants occasionally included Plaintiff's seal on some items bearing that Artwork, but omitted the seal from a substantial amount of others. Moreover, Plaintiff is informed and believes that a substantial amount of apparel bearing the Artwork included the logo of another artist who worked with Christian Audigier, thus appearing to attribute Plaintiff's Artwork to another artist.

18. Advertising campaigns, marketing materials, and pictures of celebrities wearing Plaintiff's Artwork on apparel, have been published and distributed worldwide, and in the majority of these depictions, Plaintiff's seal is nowhere to be found.

18. Defendants Audigier and CAI further violated their agreement with Plaintiff by holding themselves out as the source of Plaintiff's artwork. The instances are too numerous to state here; however; in a representative interview with *Sense* magazine, Christian Audigier was asked about the art and design of his clothing line, to which he responded, "It's me, it's mine." When asked about artists that influence his clothing, he responded, "You know, there are many influences." No reference to Crispin was made.

19. Defendants, and each of them, offer products for sale around the world, selling millions of units and reaping profits in the hundreds of millions. Defendants maintains retail stores in high-end shopping outlets, holds fashion shows, own branded stores and Vegas nightclub, hold a vast network of sub-licensees, and advertise heavily around the world. Plaintiff is informed and believes and thereon alleges that CAI, NTI and SOS, amongst others, have exploited Crispin's artworks in violation of his rights.

20. Defendants, and each of them, have manufactured, imported, marketed, purchased and sold garments and other products bearing Crispin's works of art. These garments and other products are purchased by consumers primarily for the graphic designs affixed upon them. The apparel products, for instance, are standard, fungible t-shirts, sweatshirts, hats and so forth. It is the graphics on these products that are unique, striking and eye-catching, and clearly drive sales of said products. Defendants, and each of their, creation, marketing, purchase, and sales of these products is in violation of Plaintiff's rights.

21. Plaintiff is further informed and believes, and thereon alleges, that Defendants Audigier and CAI, an/or companies they are affiliated with including NTI and SOS, have sublicensed the Artwork to a vast network of their licensees, including but not limited to 3A, Radiance, Chromebones, and Revolution, and that said defendants and other currently unknown licensees have used the Artwork

without Plaintiff's consent on a mind-boggling array of products including but not limited to jewelry, watches, shoes, pet accessories, luggage, sunglasses, swimwear, denim, and wine and champagne bottles.

22. As creator, Crispin owns all right, title, and copyright interest in and to the Artwork. Plaintiff has applied to register the Artwork with the United States Copyright Office.

23. Crispin has performed and discharged all of his obligations under the License, and Audigier never objected to Crispin's performance thereunder in any way.

24. Defendants, and each, however, failed to perform their obligation under the License and grossly exceeded the scope of the License.

25. Defendants', and each of their, actions alleged herein substantially harm Plaintiff by depriving him of his exclusive intellectual property rights and privileges associated therewith, and by causing consumer confusion as to the origin and approval of Defendant's unauthorized products.

26. Defendants, and each of their, actions alleged herein further caused Plaintiff harm as Plaintiff lost all the benefits of the international publicity he expected to gain through the License and was intended under the License.

## FIRST CLAIM FOR RELIEF

(For Breach of Contract – Against Defendants CAI and Audigier, and Each)

27. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

28. In or about November of 2005 Plaintiff entered into the License with Audigier. Plaintiff performed all obligations required of him under the License, and delivered approximately 15 works of art to Audigier under said.

29. The License was made orally, and was understood by the parties to cover only a limited universe of products. There was never any discussion of sublicensing the Artwork to third parties, and Plaintiff never consented to the same. Moreover, an express term of the license was that Plaintiff's seal would be accompany each use of the Artwork.

30. Plaintiff is informed and believe, and thereon alleges, that subsequent to the execution of the License, Defendants, and each, used the artwork licensed under the License on a wide arrange of products that were outside the scope of the License, failed to include Plaintiff's seal with each use of his artwork, and entered into sub-licenses for the Artwork provided under the License.

31. Plaintiff is informed and believes, and thereon alleges that the majority of the above-mentioned uses by Defendants, and each, were beyond the scope of the License in that (1) they did not contain Plaintiff's seal, (2) were for products other than streetwear; and/or (3) reflect unauthorized use of the Artwork by sub-licensees of Audigier and CAI, and as such breached the License.

32. As a proximate result of Defendant's multiple breaches of the License, Plaintiff has suffered and continues to suffer general and special damages in an amount to be determined at trial, including but not limited to the value lost from not having his logo on each and every use of his artwork.

**SECOND CLAIM FOR RELIEF**

(For Direct, Contributory and Vicarious Copyright Infringement – Against All Defendants, and Each)

33. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

34. Plaintiff is the sole owner of all copyright, title, and interest in and to the copyrights to his designs.

35. Plaintiff has the exclusive rights to reproduce, display, distribute, and prepare derivative works of his designs.

36. Defendants, and each of them, breached the Agreement in such a substantial and material way that Plaintiff, the grantor of rights, recaptured any rights granted, so that any use of the work by the grantee was without authority and thus infringing. Similarly, the scope of the License was exceeded by Defendants, and each, and copyrights owned by Plaintiff were infringement as a result.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by incorporating his original works of art into products without denoting on said product that the original artworks were authored by Crispin. These products were advertised and went to market without a clearly visible Crispin Seal, a material violation of the License.

38. Despite violating the Agreement, and doing so knowingly and willfully, Defendants, and each of them, manufactured, imported, purchased, sold, advertised and distributed product bearing those of Crispin's works of art in which they had no rights. The above acts constituted massive infringement of Crispin's rights in his original artworks.

39. Plaintiff is informed and believes and thereon alleges that Defendants also knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring Plaintiff's works of art.

40. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

41. Defendants, and each of them, exceeded the scope of the License, and exploited the artwork licensed under the License in ways not contemplated by the License, including without limitation sub-licensing said works. The acts described

herein breached the License, and this unlawful use of the artwork licensed by the License constitutes infringement.

42. Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the designs in an amount to be established at trial.

### THIRD CLAIM FOR RELIEF

(Breach of the Implied Covenant of Good Faith and Fair Dealing - Against Defendants CAI and Audigier, and Each)

43. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

44. At all times herein mentioned, there existed between Plaintiff and Defendants, and each of them, a special relationship by virtue of the parties' relative bargaining positions and Defendant, and each of their, promise to safeguard and responsibly exploit Plaintiff's works of art while always identifying Plaintiff as the author thereof, promoting Plaintiff as the author of said works of art, and not exploiting the works licensed under the License beyond the scope of the License.

45. Plaintiff and Defendants CAI and Audigier, and each, have entered into a contract in connection with the above.

46. Plaintiff has done all, or substantially all of the significant things that said contract required him to do.

47. All conditions required for CAI and Audigier's, and each of their, performance have occurred.

48. CAI and Audigier, and each, unfairly interfered with Crispin's right to receive the benefits of the Agreement;

49.5. Plaintiff was harmed by CAI and Audigier's, and each of their, conduct and has suffered both general and special damages as a result thereof.

## FOURTH CLAIM FOR RELIEF

(Declaration of Rights as to Works of Art - Against All Defendants, and Each)

50. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

51. Crispin owns all right, title, and interest in and to the Artwork and has the exclusive rights to reproduce, display, distribute, and prepare derivative works of his designs.

52. Plaintiff requests a declaratory judgment that he is the sole owner of the Artwork, and that Defendants, and each of them, are without rights in same.

## FIFTH CLAIM FOR RELIEF

(Constructive Trust -Cal Civ. Code §§ 2223, 2224 - Against All Defendants, and Each)

53. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

54. Defendants, and each of them, have in their possession, or an interest in, a wide arrange of products and material bearing, in whole or in part, Plaintiff's proprietary works of art. Defendants, and each of them, have also realized revenues from the exploitation of Plaintiff's artwork.

55. By way of the conduct of Defendants, and each of them, as described herein, Defendants had and have no rights to exploit Plaintiff's works of art in connection with the products and materials mentioned in the preceding paragraph, and no rights to any revenue derived from the exploitation of Plaintiff's artwork.

11
COMPLAINT

56. Given that said products bear Plaintiff's proprietary works of art, and Defendants, and each of them, have no rights in these works of art, Plaintiff has an interest in, and a right to recover, all products and materials bearing, in whole or in part, any of his artwork, and any revenues derived from the exploitation of his artwork.

57. Despite the foregoing, Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them have acquired and retain ownership or an interest in products and materials which bear Plaintiff's art, and have been unjustly enriched by retaining revenues derived from the exploitation of Plaintiff's artwork.

58. Under Cal Civ. Code §§ 2223, Defendants, and each of them, have wrongfully detained a res of which they have no right, and as such are now involuntary trustees over said res for the benefit of Plaintiff.

59. Under Cal Civ. Code §§ 2224, Defendants, and each of them, have gained a res through wrongful conduct; as such, they have become involuntary trustees over said res for the benefit of Plaintiff.

60. Owing to the above, Plaintiff seeks an imposition of a constructive trust over all products and materials bearing, in whole or in part, any of Plaintiff's artwork, to the extent said products and materials were created, purchased, sold, advertised, or distributed in violation of Plaintiff's rights therein, as well as all registrations relating to Plaintiff's works filed by Defendants, any of them, and any third parties, and all profits, monies, royalties, and any other benefits derived or obtained by Defendants, or any of them, from the wrongful ownership, use, purchase, sale, distribution, licensing, or exploitation of Plaintiff's works of art.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants:*

<u>With Respect to Each Claim for Relief:</u>

a. That Defendants, and their affiliates, agents, and related entities, be enjoined from infringing Plaintiff's exclusive rights in his works of art any manner, and that a constructive trust be entered covering all products bearing, in whole or in part, any of Plaintiff's art, and any monies derived from the exploitation by Defendants, and each of them, of any of Plaintiff's works of art, as set forth above;

b. That Plaintiff be awarded all profits of Defendant plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 101, *et seq.*;

c. For an enhanced accounting of Defendant's profits and/or unjust enrichment, and increased damages pursuant to 15 U.S.C. § 1117;

d. That Defendant account to Plaintiff for any revenues and profits reaped in connection with the exploitation of any of Plaintiff's works;

e. That Plaintiff be awarded general and special damages from Defendant's breaches of contract;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action;

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A **TRIAL BY JURY** PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Dated: December 17, 2009

DONIGER / BURROUGHS

By: _____
Stephen M. Doniger, Esq.
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV09- 9509 MMM (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
DONIGER/BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, CA 90230
Tel: (310) 590-1820   Fax: (310) 417-3538

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKLY H. CRISPIN, an Individual,<br><br>PLAINTIFF(S)<br>v.<br><br>CHRISTIAN AUDIGIER, INC., a California Corporation; et al. (See Attached "Schedule A")<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-9509 MMM (JEMx)<br><br>SUMMONS |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Stephen M. Doniger, Esq.__, whose address is __300 Corporate Pointe, Suite 355, Culver City, CA 90230__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC 29 2009__     By: __NATALIE LONGORIA__
                                Deputy Clerk

                                (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1198

---
CV-01A (12/07)                          SUMMONS

# "Schedule A"

BUCKLEY H. CRISPIN, an Individual,

Plaintiff,

vs.

CHRISTIAN AUDIGIER, INC., a California Corporation; NERVOUS TATTOO, INC., a California Corporation; SHOP ON STAGE, INC., a California Corporation; CHRISTIAN AUDIGIER, an Individual; 3A WATCH, LLC, a California Limited Liability Company; RADIANCE JEWELRY, INC., a California Corporation, CHROMEBONES, a business entity of unknown form, REVOLUTION EYEWEAR, INC., a California Corporation and DOES 1-10, inclusive,

Defendants.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BUCKLEY H. CRISPIN, an Individual

**DEFENDANTS**
CHRISTIAN AUDIGIER, INC., a California Corporation; et al.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

DONIGER/BURROUGHS APC
300 Corporate Pointe, Suite 355, Culver City, CA 90230
Tel: (310) 590-1820

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | | ☐ 620 Other Food & Drug | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV09-9509**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                         CIVIL COVER SHEET                                         Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date December 28, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |