1  BROWNE WOODS GEORGE LLP
   Michael A. Bowse (No. 189659)
2  Amanda L. Morgan (No. 246277)
   2121 Avenue of the Stars, Suite 2400
3  Los Angeles, California  90067
   Telephone:  (310) 274-7100
4  Facsimile: (310) 275-5697
   Email:   mbowse@bwgfirm.com
5
   Attorneys for Defendants
6  CHRISTIAN AUDIGIER, INC.;
   NERVOUS TATTOO, INC.;
7  SHOP ON STAGE, INC. and
   CHRISTIAN AUDIGIER, an Individual
8

9

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  BUCKLEY H. CRISPIN, an          Case No. CV09-9509 MMM (JEMx)
    Individual,
14                                  Assigned to Hon. Margaret M. Morrow
              Plaintiffs,
15                                  **NOTICE OF MOTION AND**
       v.                           **MOTION TO DISMISS**
16                                  **COMPLAINT FOR (1) LACK OF**
                                    **SUBJECT MATTER JURISDICTION**
17  CHRISTIAN AUDIGIER, INC., a     **[FRCP 12(B)(1)]; (2) FAILURE TO**
    California Corporation; NERVOUS **STATE A CLAIM ON WHICH**
18  TATTOO, INC., a California      **RELIEF CAN BE GRANTED [FRCP**
    Corporation; SHOP ON STAGE,     **12(B)(6)]; AND (3) INSUFFICIENT**
19  INC., a California Corporation; **PROCESS AND SERVICE OF**
    CHRISTIAN AUDIGIER, an          **PROCESS [FRCP 12(B)(4) AND (5)]**
20  Individual; 3A WATCH, LLC, a
    California Limited Liability
21  Company; RADIANCE JEWELRY,      Date:      March 29, 2010
    INC., a California Corporation; Time:      10:00 a.m.
22  CHROMEBONES, a business entity  Ctrm:      780, Roybal Building
    of unknown form, REVOLUTION
23  EYEWEAR, INC., a California
    Corporation and DOES 1-10,      Complaint Filed:  December 29, 2009
24  inclusive,

25              Defendants.

26

27

28
    240892_1.DOC

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 29, 2010 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Margaret M. Morrow in Courtroom 780 of the United States District Court for the Central District of California, Western Division, located at 255 East Temple Street, Los Angeles, California 90012, Defendants Christian Audigier, Inc., Nervous Tattoo, Inc., Shop on Stage, Inc. and Christian Audigier (collectively, the "Defendants") will and hereby do move for an order dismissing the Complaint, and each of the claims therein, filed by Plaintiff Buckley H. Crispin ("Plaintiff") on or about December 29, 2009 (the "Complaint").

The motion will be made pursuant to Rules 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rule of Civil Procedure, on the grounds that (1) Plaintiff fails to state a claim on which relief can be granted for his copyright infringement and breach of implied covenant of good faith and fair dealing claims, (2) Plaintiff has not alleged that his copyrights are registered with the Copyright Office as required for this court to have subject matter jurisdiction over Plaintiff's copyright infringement claim; (3) Plaintiff's service of summons in the action summons is defective, and a copy was not provided to each Defendant at service, (4) Plaintiff did not properly serve Christian Audigier, an individual, under the Federal Rules of Civil Procedure or California law, and (5) without federal question jurisdiction over Plaintiff's copyright claim, this Court lacks subject matter jurisdiction over this action.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Michael Bowse, Alina Landver, and Walter Barbieri filed concurrently herewith, the files of

1   this action, and all other matters properly presented to the Court prior to or at the

2   hearing on this motion.

3          This motion is made after conference by the parties required by Local Rule

4   7.3 conducted by letters dated December 18, 2009 and December 28, 2009, which

5   addressed Plaintiff's draft complaint identical to the one filed on December 29,

6   2009.

7

8   Dated:  January 26, 2010              BROWNE WOODS GEORGE LLP
                                          Michael A. Bowse
9                                         Amanda Morgan

10

11                                        By:___/s/ Michael A. Bowse_____
                                             Michael A. Bowse
12                                           Mbowse@bwgfirm.com

13                                        Attorneys for Defendants CHRISTIAN
                                          AUDIGIER, INC.; NERVOUS TATTOO, INC.;
                                          SHOP ON STAGE, INC.; and CHRISTIAN
14                                        AUDIGIER, an individual

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ............................................1

I.      INTRODUCTION ..................................................................................1

II.     STATEMENT OF FACTS ......................................................................2

        A.   Plaintiff Granted Mr. Audigier and Christian Audigier, Inc.
             a License to Use His Artwork ..................................................2

        B.   Plaintiff Failed to Register His Artwork With the Copyright
             Office Prior to Filing His Complaint .......................................3

        C.   Plaintiff's Service of Process on Defendants Was Defective
             and Improper ............................................................................3

III.    STANDARD OF REVIEW .....................................................................4

        A.   Standard of Review Under Rule 12(b)(1) ................................4

        B.   Standard of Review Under Rule 12(b)(6) ................................5

        C.   Standard of Review Under Rule 12(b)(4) and (5) ...................5

IV.     PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM FAILS TO
        CONFER SUBJECT MATTER JURISDICTION AND FAILS TO
        STATE A CLAIM ...................................................................................5

        A.   Plaintiff's Copyrights Are Not Registered with the Copyright
             Office ........................................................................................6

        B.   Plaintiff Fails to Identify What "Artwork" Is the Subject of
             His Claim .................................................................................10

        C.   Plaintiff Does Not Specify How or When Defendants Infringed
             His Copyright ..........................................................................11

# TABLE OF CONTENTS
**(continued)**

**Page**

V.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE
      IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING .........14

VI.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR
      DEFECTIVE SERVICE AND PROCESS ....................................................16

      A.   Plaintiff's Attempted Service With a Defective Summons
           Was Insufficient Process .........................................................................16

      B.   Plaintiff Did Not Properly Serve Mr. Audigier Under the Rules
           for Substitute Service .............................................................................17

VII.  CONCLUSION ...........................................................................................18

# TABLE OF AUTHORITIES

**Page**

**CASES:**

*Americopters, LLC v. FAA*,
      441 F.3d 726 (9th Cir. 2006) .......................................................................4,9

*Ashcroft v. Iqbal*,
      129 S.Ct. 1937 (2009) ....................................................................................5

*Balistreri v. Pacific Police Dept.*,
      901 F.2d 696 (9th Cir. 1990) ..........................................................................5

*Bein v. Brechtel-Jochim Group, Inc.*,
      6 Cal.App.4th 1387 (1992) .......................................................................17,18

*Bell Atlantic Corp. v. Twombly*,
      550 U.S. 544 (2007) ...................................................................................5,12

*Bonita Packing Co. v. O'Sullivan*,
      165 F.R.D. 610 (C.D.Cal. 1995) ...................................................................17

*Bowman v. Sandofi-Aventis*
      *U.S.*, 2009 WL 5083431 (W.D. Tex. 2009) ................................................16

*Brewer-Giorgio v. Producers Video, Inc.*,
      216 F.3d 1281 (11th Cir. 2000) .......................................................................7

*Brush Creek Media, Inc. v. Boujaklian*,
      No. C-02-3491 EDL, 2002 WL 1906620 (N.D.Cal. Aug. 19, 2002) ............8

*Careau & Co. v. Security Pacific Business Credit, Inc.*,
      222 Cal.App.3d 1371 (1990) .........................................................................15

*Cranford v. U.S.*,
      359 F. Supp. 2d 981 (E.D. Cal. 2005) .............................................................5

*Data Gen. Corp. v. Grumman Sys. Support Corp.*,
      36 F.3d 1147 (1st Cir. 1994) ...........................................................................7

*DeFazio v. Wright*,
      229 F. Supp. 111 (D.N.J. 1964) ....................................................................18

*De Jesus v. Sears, Roebuck & Co., Inc.*,
      87 F.3d 65 (2d Cir. 1996) ..............................................................................12

*DO Denim, LLC v. Fried Denim, Inc.*,
      634 F. Supp. 2d 403 (S.D.N.Y. 2009) .............................................................8

*Franklin America, Inc. v. Franklin Cast Products, Inc.*,
      94 FRD 645 (E.D. Mi. 1982) ........................................................................18

241342_1.DOC

-iii-

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Gee v. CBS, Inc.*,
   471 F. Supp. 600 (E.D. Pa. 1979),
   *aff'd*, 612 F.2d 572 (3rd Cir. 1979) ......................................................6,10

*Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*,
   988 F.2d 476 (3d Cir. 1993) ...................................................................5

*Guz v. Bechtel National, Inc.*,
   24 Cal.4th 317 (2000) .........................................................................16

*In re Literary Works in Electronic Databases Copyright Litigation*,
   509 F.3d 116 (2d Cir. 2007) ...............................................................6,7

*In re Silicon Graphics, Inc. Securities Litigation*,
   183 F.3d 970 (9th Cir. 1999) ...............................................................10

*Int'l Trade Mgmt., Inc. v. United States*,
   553 F. Supp. 402 (Cl.Ct. 1982) ............................................................8

*Jetform Corp. v. Unisys Corp.*,
   11 F. Supp. 2d 788 (E.D. Va. 1998) ...................................................10

*Kelly v. L.L. Cool J.*,
   145 F.R.D. 32 (S.D. N.Y. 1992),
   *aff'd*, 23 F.3d 398 (2d Cir. 1994) ...................................................6,11,12

*Kema, Inc. v. Koperwhats*, __
   F. Supp. 2d __, No. C-09-1587 MMC, 2009 WL 2957851
   (N.D. Cal. Sept. 10, 2009) ...............................................................6,7,9

*Kokkonen v. Guardian Life Ins. Co.*,
   511 U.S. 375 (1994) ............................................................................4

*La Resolana Architects, PA v. Clay Realtors Angel Fire*,
   416 F.3d 1195 (10th Cir. 2005) ............................................................7

*Loree Rodkin Management Corp. v. Ross-Simons, Inc.*,
   315 F. Supp. 2d 1053 (C.D. Cal. 2004) ...........................................4,7,8,9

*Marvullo v. Gruner & Jahr*,
   105 F. Supp. 2d 225 (S.D.N.Y. 2000) ..........................................11,12,13

*McNutt v. General Motors Acceptance Corp.*,
   298 U.S. 178 (1936) ............................................................................4

*Mitsui Mfrs. Bank v. Superior Court*,
   212 Cal. App. 3d 726 (1989) ..............................................................15

*Montalbano v. Easco Hand Tools, Inc.*,
   766 F.2d 737 (2d Cir. 1985) .................................................................5

# TABLE OF AUTHORITIES
### (continued)

Page

*Morris v. Business Concepts, Inc.,*
    259 F.3d 65 (2d Cir. 2001)............................................................6

*Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.,*
    264 F.3d 622 (6th Cir. 2001).......................................................7

*Pension Trust Fund for Operating Engineers v. Federal Ins. Co.,*
    307 F.3d 944 (9th Cir. 2002).....................................................15

*Positive Black Talk Inc. v. Cash Money Records Inc.,*
    394 F.3d 357 (5th Cir. 2004).......................................................7

*Premier Wine & Spirits v. E. & J. Gallo Winery,*
    846 F.2d 537 (9th Cir. 1988).....................................................15

*Ryan v. Carl Corp.,*
    No. C 97-3873 FMS, 1998 WL 320817
    (N.D. Cal. June 15, 1998).......................................................7,8,9

*St. Clair v. City of Chico,*
    880 F.2d 199 (9th Cir. 1989).....................................................4,9

*White v. Lee,*
    227 F.3d 1214 (9th Cir. 2000)......................................................4

*Xoom, Inc. v. Imageline, Inc.,*
    323 F.3d 279 (4th Cir. 2003).......................................................7

**STATUTES AND RULES OF COURT:**

California Rules of Civil Procedure § 415.20(b)................................18

California Rules of Civil Procedure § 416.90 ...................................18

Federal Rules of Civil Procedure § 4(a)(1)(A)................................16

Federal Rules of Civil Procedure § 4(a)(1)(B)................................16

Federal Rules of Civil Procedure § 4(e)(2) ...................................18

Federal Rules of Civil Procedure § 8(a) .......................................5

Federal Rules of Civil Procedure § 8(a)(1) ....................................4

Federal Rules of Civil Procedure § 12(b)(1) ..................................4,9

Federal Rules of Civil Procedure § 12(b)(4) ................................5,16

Federal Rules of Civil Procedure § 12(b)(5) .............................5,16,18

1

## <u>TABLE OF AUTHORITIES</u>
### (continued)

<u>Page</u>

Federal Rules of Civil Procedure § 12(b)(6) ...................................................4,5,9,12

17 U.S.C. § 411...........................................................................................................8

17 U.S.C. § 411(a) .............................................................................................4,6,7,8

28 U.S.C. § 1331........................................................................................................7

28 U.S.C. § 1338........................................................................................................7

17 U.S.C.A. § 410(a) .................................................................................................9

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.   INTRODUCTION

3   Defendants Christian Audigier, Inc., Nervous Tattoo, Inc., Shop on Stage,

4   Inc. and Christian Audigier (collectively, the "Defendants") operate successful and

5   well-known apparel and accessories businesses, creating and marketing Christian

6   Audigier brand-name products.  The Christian Audigier brands are well-established

7   in the industry and wildly popular with consumers.  Indeed, due to their reputation

8   and status as a fashion trend, consumers are motivated to purchase Defendants'

9   products in order to own apparel and accessories sporting the Christian Audigier

10   label.

11   Christian Audgier brands are famous for their use of designs and images that

12   are reminiscent of tattoo art.  To create the Christian Audigier lines of clothing and

13   accessories, Defendants have contracted with numerous artists and tattoo artists

14   over the years to develop many hundreds of new images for use in their products.

15   In 2005, Defendant Christian Audigier, Inc. commissioned artwork from Plaintiff

16   Buckley Crispin ("Plaintiff" or "Mr. Crispin") for this same purpose.  Defendants

17   paid Plaintiff a price that all parties agreed upon for his artwork and the rights to it

18   so that Defendants could reproduce that artwork on clothing and accessories.

19   Having seen Defendants' success, Plaintiff filed this suit in an attempt to squeeze

20   more money out of Defendants by inventing and ascribing new terms to the parties'

21   original agreement that never existed and to which Defendants never agreed.

22   In support of this effort and in pursuit of this lawsuit, Plaintiff has only

23   recently seen fit to file an application with the Copyright Office to register the

24   artwork, the rights to which he sold to Defendants more than 4 years ago.  As

25   Plaintiff has admitted, these applications are still pending with the Copyright

26   Office, and the Copyright Office has not yet registered Plaintiff's copyrights.

27   Because the registration status is not yet settled on Plaintiff's pending applications,

28   this Court does not have subject matter jurisdiction over Plaintiff's copyright

1   infringement claim.  Because that claim is Plaintiff's sole federal law claim and

2   because Plaintiff has pled no other basis for jurisdiction here, this Court should

3   dismiss this action for lack of subject matter jurisdiction.

4          Plaintiff's Complaint should also be dismissed for insufficient process and

5   insufficient service, attributable to Plaintiff's defective summons form, failure to

6   direct the summons to each Defendant being served, and failure to properly effect

7   personal or substitute service on Mr. Audigier.

8          Additionally, this Court should dismiss Plaintiff's copyright infringement

9   and breach of the implied covenant of good faith and fair dealing claims for failure

10  to state a claim upon which relief can be granted.  First, Plaintiff's copyright

11  infringement claim should be dismissed because Plaintiff failed to allege (1) facts to

12  identify the original works that are the subject of the claim, (2) copyright

13  registration of these original works, and (3) how and when Defendants infringed

14  Plaintiff's copyrights.  Finally, this Court should dismiss Plaintiff's claim for

15  breach of the implied covenant of good faith and fair dealing because no special

16  relationship exists between the parties as required for tortious breach of the implied

17  covenant, and there is no separate cause of action under California law for non-

18  tortious breach of the implied covenant, which is duplicative of Plaintiff's breach of

19  contract claim.

20  **II.    STATEMENT OF FACTS**

21         **A.    Plaintiff Granted Mr. Audigier and Christian Audigier, Inc. a**

22                **License to Use His Artwork**

23         According to Plaintiff's complaint, between November 2005 and January

24  2006, Mr. Crispin granted an oral license to Christian Audigier, Inc. and Mr.

25  Christian Audigier, to use certain pieces of Plaintiff's artwork in the Christian

26  Audigier apparel and accessories lines.  *See* Compl., at p. 2.  Plaintiff recognizes

27  that Defendants paid Plaintiff for his artwork.  *See id.*

28

B.     **Plaintiff Failed to Register His Artwork With the Copyright Office Prior to Filing His Complaint.**

Despite selling his Artwork to Defendants in late 2005/early 2006, Plaintiff did not file an application to register these works with the United States Copyright Office until December 28, 2009—one day before Plaintiff filed his Complaint. Bowse Decl. ¶ 3, Ex. A.[1]  Plaintiff does not allege that he has completed registration of his copyrights with the Copyright Office, but only that he has *filed an application*.  Compl. ¶ 15.  As Plaintiff has admitted, by filing his Report on the Filing or Determination of an Action or Appeal Regarding a Copyright with this Court, the applications for copyright registration are still pending with the Copyright Office.  *See* Report on the Filing or Determination of an Action or Appeal Regarding a Copyright, Docket No. 4, filed on December 29, 2009 (hereinafter, "Filing Report").  The Copyright Office has neither registered, nor refused to register, Plaintiff's copyrights.  *See id.*

C.     **Plaintiff's Service of Process on Defendants Was Defective and Improper.**

Plaintiff attempted to serve some Defendants by delivering three blank copies of the summons and the Complaint to the business office of Nervous Tattoo at 8680 Hayden Place, Culver City, CA  90232, on January 6, 2009.  Landver Decl. ¶ 2. The summons did not identify the Defendants being served.  *See* Landver Decl. ¶ 3, Ex. A, Summons.  Defendants Christian Audigier, Inc., Nervous Tattoo, Inc. and Shop on Stage, Inc. presume these summons were intended for them.

Plaintiff attempted to serve Mr. Audigier at his residence, but Mr. Audigier was not home.  Barbieri Decl. ¶ 4.  Plaintiff left a copy of the summons form and complaint at Mr. Audigier's residence with Mr. Walter Barbieri, who happened to be present at Mr. Audigier's residence.  *Id.* ¶ 2.  Mr. Barbieri does not reside at Mr.

---

[1]     Defendants have separately requested that the Court take judicial notice of Exhibit A to the Bowse Declaration.  *See* Request for Judicial Notice in Support of Defendants' Motion To Dismiss Complaint.

1 Audigier's home.  *Id.*  The summons form that was delivered to Mr. Audigier's

2 residence did not list Mr. Audigier's name as the Defendant being served, as the

3 form was left blank.  *Id.*, Ex. A, Summons Form.

4 **III.**   **STANDARD OF REVIEW**

5       **A.**   **Standard of Review Under Rule 12(b)(1)**

6       Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a claim

7 if the court lacks subject matter jurisdiction over it.  *Loree Rodkin Management*

8 *Corp. v. Ross-Simons, Inc.*, 315 F. Supp. 2d 1053, 1054 (C.D. Cal. 2004).  The

9 plaintiff has the burden to establish that subject matter jurisdiction is proper.

10 *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  This burden, at the

11 pleading stage, must be met by pleading facts that establish a basis for the court to

12 assert subject matter jurisdiction over the action.  *McNutt v. General Motors*

13 *Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed.R.Civ.P. 8(a)(1).  Here, the only

14 source of subject matter jurisdiction is Plaintiff's claim under the Copyright Act,

15 which provides in pertinent part:  "no action for infringement of the copyright in

16 any United States work shall be instituted until registration of the copyright claim

17 has been made in accordance with this title."  17 U.S.C. § 411(a).

18       When a party makes a factual attack on the district court's subject matter

19 jurisdiction under Rule 12(b)(1), the court "need not presume the truthfulness of the

20 plaintiffs' allegations."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "Unlike

21 a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined

22 by the facts contained in the four corners of the complaint—it may consider facts

23 and need not assume the truthfulness of the complaint."  *Americopters, LLC v.*

24 *FAA*, 441 F.3d 726, 732 n. 4 (9th Cir. 2006).  In support of a motion to dismiss

25 under Rule 12(b)(1), the moving party may submit "affidavits or any other evidence

26 properly before the court."  *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.

27 1989) (citations omitted).

28

**B.    Standard of Review Under Rule 12(b)(6)**

Rule 12(b)(6) permits dismissal of a claim that lacks a cognizable legal theory or if there are insufficient facts alleged to support the plaintiff's theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Balistreri v. Pacific Police Dept.* 901 F.2d 696, 699 (9th Cir. 1990). While Rule 8(a) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim," the court is not obligated to accept as true legal conclusion couched as factual allegation. *Bell Atlantic Corp.*, 550 U.S. at 555. Mere recitation of the elements of the alleged violation are conclusory and not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

**C.    Standard of Review Under Rule 12(b)(4) and (5)**

Both Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure allow a motion to dismiss for insufficiency of process. *Cranford v. U.S.*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005). Where the validity of service is contested, the burden is on the party claiming that service was properly effected to establish validity of service. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). The court may weigh and determine disputed issues of fact on a Rule 12(b)(5) motion. *Cranford*, 359 F. Supp. 2d at 984. Where service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985).

**IV.    PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM FAILS TO CONFER SUBJECT MATTER JURISDICTION AND FAILS TO STATE A CLAIM.**

Plaintiff has not and can not allege facts that are necessary to confer federal question jurisdiction on this Court and to state a claim for copyright infringement. To plead a cognizable copyright infringement claim, Plaintiff's complaint must contain allegations identifying:  1) which specific original works are the subject of

1   the claim; 2) that plaintiff owns the copyrights in issue; 3) that the works in issue

2   have been registered; and, (4) by what acts and during what time defendants have

3   infringed the copyright. *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979),

4   *aff'd*, 612 F.2d 572 (3rd Cir. 1979); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.

5   N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994).  Furthermore, not only must Plaintiff

6   allege that his works have been registered to state a cognizable claim, the works

7   must be registered to confer subject matter jurisdiction on this Court.  *See, e.g.*, *In*

8   *re Literary Works in Electronic Databases Copyright Litigation*, 509 F.3d 116, 122

9   (2d Cir. 2007)

10        Here, Plaintiff does not and cannot allege that his artwork has been registered

11   by the Copyright Office.  Plaintiff does not identify which pieces of his original

12   artwork are the subject of his claim.  And, Plaintiff's allegations do not identify

13   how and when each Defendant infringed his copyright.  With even just **_one_** of these

14   deficiencies, Plaintiff's claim must fail.

15        **A.        Plaintiff's Copyrights Are Not Registered with the Copyright**

16                    **Office.**

17        Plaintiff fails to allege that his copyrights are registered with the Copyright

18   Office and instead alleges only that he has ***filed an application***.  Compl. ¶ 15.

19   Filing an application is not enough.  Actual copyright registration is a jurisdictional

20   prerequisite for a copyright infringement action.  *Kema, Inc. v. Koperwhats*, _ F.

21   Supp. 2d _, No. C-09-1587 MMC, 2009 WL 2957851, at *5-6 (N.D. Cal. Sept. 10,

22   2009) (plaintiff's allegation that he had "applied for registration of his copyright"

23   was insufficient to confer subject matter jurisdiction and survive a motion to

24   dismiss).  Unless the Copyright Office has actually registered (or refused to

25   register) Plaintiff's copyrights, this Court lacks subject matter jurisdiction over

26   Plaintiff's copyright infringement claims.  *See* 17 U.S.C.A. § 411(a) (2010); *see*

27   *also Morris v. Business Concepts, Inc.*, 259 F.3d 65, 72, 73 (2d Cir. 2001) (holding

28   "that subject matter jurisdiction was lacking because the registration requirement of

section 411(a) was not satisfied" and affirming dismissal "for lack of subject matter jurisdiction"); *In re Literary Works in Electronic Databases Copyright Litigation*, 509 F.3d 116, 122 (2d Cir. 2007) ("Section 411(a)'s registration requirement limits a district court's subject matter jurisdiction to claims arising from registered copyrights only.")[2]

 Filing an application for registration with the Copyright Office is not enough to satisfy the registration requirement. Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with [the Act]." 17 U.S.C. § 411(a). Because it is the Copyright Office and not Plaintiff who is vested with the authority to register a copyright, registration does not occur until the Copyright Office issues a registration certificate. *See Loree Rodkin Mgmt. Corp. v. Ross-Simons, Inc.*, 315 F. Supp. 2d 1053, 1055 (C.D. Cal. 2004) (quoting *Ryan v. Carl Corp.*, No. C 97-3873 FMS, 1998 WL 320817, at *2 (N.D. Cal. June 15, 1998)). Although the Ninth Circuit has not addressed the issue, numerous courts have held that a pending application for copyright registration is ***NOT*** enough to confer subject matter jurisdiction. *Kema,* 2009 WL 2957851 at * 5 (citing *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195,

---

[2] *Accord La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1200 (10th Cir. 2005) ("Section 411(a) is the jurisdictional lynchpin to copyright infringement actions[.]"); *Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 365 (5th Cir. 2004) (noting that section 411(a) "supplement[s]" the "broad underlying" jurisdictional grants in 28 U.S.C. §§ 1331, 1338 and acts as an additional "jurisdictional prerequisite"); *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283 (4th Cir. 2003) ("Copyright registration is a jurisdictional prerequisite to bringing an action for infringement under the Copyright Act."); *Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*, 264 F.3d 622, 630 n. 1 (6th Cir. 2001) (noting that while copyright protection exists prior to registration, "[t]he registration requirement under section 411[a] is a jurisdictional prerequisite to the right of the holder to enforce the copyright in federal court"); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1285 (11th Cir. 2000) ("It is well settled in this Court that the registration requirement is a jurisdictional prerequisite to an infringement suit." (internal quotation marks omitted and alterations incorporated*)); Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1163 (1st Cir. 1994) (describing registration under section 411(a) as a "jurisdictional requirement").

1205 (10th Cir. 2005) (rejecting "the proposition that § 411 confers federal court jurisdiction for an infringement action upon mere submission of a copyright application to the Copyright Office"; holding "the statute requires more: actual registration by the Register of Copyrights"); *Loree Rodkin Mgmt. Corp.*, 315 F. Supp. 2d at 1056 (holding "a federal district court lacks subject matter jurisdiction over a copyright claim if the certificate of registration is yet to be issued"); *Brush Creek Media, Inc. v. Boujaklian*, No. C-02-3491 EDL, 2002 WL 1906620, at *4 (N.D.Cal. Aug. 19, 2002) (holding "the plain language of the statute forecloses copyright suits while a copyright application is pending and before a certificate of registration issues (or is denied)"); *Ryan*, 1998 WL 320817, at *2 (holding "[a] close reading of the Act indicates that registration does not occur until after the Copyright Office issues a Certificate of Registration"); *Int'l Trade Mgmt., Inc. v. United States*, 553 F. Supp. 402, 403 (Cl.Ct. 1982) (Kozinski, C.J.) (holding language of § 411 "is clear" that suit for copyright infringement "is conditioned on obtaining (or being denied) a certificate of registration"; noting this requirement "does not appear to be an oversight or mistake on the part of Congress")); *see also DO Denim, LLC v. Fried Denim, Inc.*, 634 F. Supp. 2d 403, 406 (S.D.N.Y. 2009) ("Plaintiff's mere filings of the applications, fees and deposits . . . do not satisfy the jurisdictional prerequisites of Section 411(a)").

Though some courts have held that filing an application is enough to confer copyright registration, these courts simply misread the statute and misapply the law. *See, e.g.*, *Loree Rodkin Mgmt. Corp*, 315 F. Supp. 2d at 1057 n. 6 (stating that "the district courts within California that have concluded [that filing an application is enough] have done so after only a brief and superficial analysis of the matter."). A close reading of the Copyright Act shows that registration does not occur until after the Copyright Office issues a certificate of registration. *Id.* at 1055. In fact the Act states that the Register of Copyrights shall register a claim and issue a certificate "[w]hen, after examination, [she] determines that ... the material deposited

1 constitutes copyrightable subject matter and that the other legal and formal

2 requirements of this title have been met." *See Ryan*, 1998 WL 320817, at *2

3 (quoting 17 U.S.C. § 410(a)). Because this section indicates that "the Copyright

4 Office, not the applicant, registers a claim, and that examination is a prerequisite to

5 registration," the section makes clear that an application for registration does not

6 satisfy section 411(a) requirement that the Copyright be registered before an action

7 may be filed. *Loree Rodkin Mgmt. Corp*, 315 F. Supp. 2d at 1055 (quoting *Ryan*,

8 1998 WL 320817, at *2). Since "[s]ection 410(a) expressly requires the Register of

9 Copyrights to both register a claim and issue a certificate after examining the

10 deposited material and determining that it constitutes copyrightable subject matter. .

11 . ., the phrase 'register a claim' cannot possibly refer to the pre-examination receipt

12 by the Copyright Office of the applicant's fee, deposit, and application." *Loree*

13 *Rodkin Mgmt. Corp*, 315 F. Supp. 2d at 1055

14         Far from alleging that his copyrights are registered with the Copyright

15 Office, as required to both state a claim for copyright infringement *AND* confer

16 subject matter jurisdiction on this Court, Plaintiff has admitted that his applications

17 are still ***pending*** with the Copyright Office. *See* Filing Report.[3] In Plaintiff's

18 Filing Report (submitted to the Copyright Office to give notice of this action and

19 filed with the Court on December 29, 2009), Plaintiff does not list the copyright

20 registration numbers for his artwork, and instead describes all of his copyright

21 registration numbers as being "pending." Plaintiff's pending applications do not

22 confer jurisdiction on this Court. *See, e.g.*, *Kema,* 2009 WL 2957851 at * 5-6.

23 Accordingly, this Court should dismiss Plaintiff's copyright infringement claim for

24

25 ───────────────
[3] "Unlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not
26 confined by the facts contained in the four corners of the complaint—it may
   consider facts and need not assume the truthfulness of the complaint."
27 *Americopters, LLC v. FAA*, 441 F.3d 726, 732 n. 4 (9th Cir. 2006). In support of a
   motion to dismiss under Rule 12(b)(1), the moving party may submit "affidavits or
28 any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d
   199, 201 (9th Cir. 1989) (citations omitted).

1  lack of subject matter jurisdiction and failure to state a claim upon which relief can

2  be granted.

3      Because these admissions by Plaintiff and the facts of which the Court may

4  take judicial notice contradict the existence of a valid copyright infringement claim,

5  Plaintiff cannot resolve the defects in his complaint by amendment.  Accordingly,

6  this dismissal should be with prejudice and without leave to amend.  *In re Silicon*

7  *Graphics, Inc. Securities Litigation*, 183 F.3d 970, 991 (9th Cir. 1999) (dismissal

8  without leave to amend appropriate where evidence shows plaintiff cannot plead

9  facts to resolve deficiencies in claim).

10      **B.**    **Plaintiff Fails to Identify What "Artwork" Is the Subject of His**

11            **Claim.**

12      Plaintiff's copyright cause of action also fails to state a claim upon which

13  relief can be granted because it does not identify what artwork is the subject of

14  Plaintiff's claim.  Plaintiff's descriptions of the original works that he asserts are

15  the subject of this action are limited to non-descriptive phrases such as "certain of

16  his works of art," "accepted work," "his designs" and "fifteen (15) of his original

17  works of art."  *See* Compl., at p. 2 and ¶¶ 15, 34.  Plaintiff further uses the defined

18  term "Artwork" to describe the works at issue throughout the complaint.  And,

19  despite the fact that Plaintiff defines the term differently in two separate sections of

20  the brief, neither definition comports with the requirement that Plaintiff plead

21  "which specific works are the subject of the claim."  *See* Compl., at p. 2 and ¶ 15.

22  Rule 8 requires at a minimum that plaintiffs identify the copyrighted works at issue.

23  *Gee*, 471 F. Supp. at 644; *Jetform Corp. v. Unisys Corp.*, 11 F. Supp. 2d  788, 790

24  (E.D. Va. 1998).

25      Plaintiff has not included one descriptive fact about the fifteen pieces of

26  artwork in question that could serve to identify what copyright works are the

27  subject matter of this action.  Plaintiff instead minimally defines "Artwork" in two

28  ways, neither of which provides any information about the actual artwork.  First,

Plaintiff states: "Audigier and CAI were to pay a sum certain for the right to reproduce each accepted work ('Artwork') on street-wear apparel . . ." Compl., at p. 2. A couple of pages later, Plaintiff redefines the term: ". . . Plaintiff licensed approximately fifteen (15) of his original works of art to Defendants Audigier and CAI. Plaintiff has filed to register each of these works (hereinafter "Artwork") with the United States Copyright Office." Compl. ¶ 15. Despite these two bites at the apple, Plaintiff fails to describe what particular works are the subject of this action. He has not alleged the subject matter of the artwork, the type of artwork, the medium in which the artwork is performed, the titles of the work, or any other detail which would identify the "copyright work" at issue here. Thus, since Plaintiff's Complaint does not identify the original works in question, Plaintiff fails to state a cause of action for copyright infringement.

### C.   Plaintiff Does Not Specify How or When Defendants Infringed His Copyright.

Plaintiff's copyright claim is further deficient because Plaintiff fails to allege the acts and timeframe of Defendants' supposed infringement. Plaintiff's claim for direct, contributory and vicarious copyright infringement is directed against each and every Defendant in this action. Plaintiff claims that seven separate companies (Christian Audigier, Inc., Nervous Tattoo, Inc., Shop on Stage, Inc. 3A Watch, LLC, Radiance Jewelry, Inc, Chromebones and Revolution Eyewear) and Christian Audigier, as an individual, ***all*** violated his copyrights. However, the complaint does not allege a single act by any of these Defendants that violated Plaintiff's copyright. Nor does the complaint specify the time frame in which the infringing actions allegedly occurred.

A "properly plead [sic] copyright infringement claim must allege ... by what acts during what time the defendant infringed the copyright." *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)). It must set out the "particular infringing acts ...

with some specificity.  Broad, sweeping allegations of infringement do not comply with Rule 8." *Marvullo*, 105 F. Supp. 2d at 230 (citing *Kelly*, 145 F.R.D. at 36 n. 3 (citation omitted)).  "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to survive a 12(b)(6) motion to dismiss).

From Plaintiff's complaint, it is impossible to ferret out the scope, or indeed the source, of each Defendants' liability, because Plaintiff's broad, sweeping allegations lump all of the Defendants together.  Plaintiff's claim is for direct, vicarious and contributory infringement, but his complaint does not even begin to describe the role that any of the Defendants played in the alleged infringement.  Therefore, it is impossible to tell from the complaint which theory of liability applies to each Defendant.  Furthermore, Plaintiff does not provide any underlying factual basis to support his broad, sweeping allegations of infringement.  Plaintiff relies on the following conclusory allegations to describe the alleged infringement in this action:

- "Defendants, and each of them, breached the Agreement in such a substantial and material way that Plaintiff, the grantor of rights, recaptured any rights granted so that any use of the work by the grantee was without authority and thus infringing."  Compl. ¶ 36.
- "Similarly, the scope of License was exceeded by Defendants, and each, and copyrights owned by Plaintiff were infringement [sic.] as a result."  Compl. ¶ 36.
- "Plaintiff is informed and believes and thereon alleges that Defendants, and each of them infringed Plaintiff's copyrights by incorporating his original works of art into products without denoting

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT, ETC

1    on said product that he original artworks were authored by Crispin.

2    These products were advertised and went to market without a clearly

3    visible Crispin Seal, a material violation of the License."  Compl. ¶ 37.

4    • "Despite violating the Agreement, and doing so knowingly and

5    willfully, Defendants, and each of them, manufactured, imported,

6    purchased, sold, advertised and distributed product bearing those of

7    Crispin's works of art in which they had no rights.  The above acts

8    constituted massive infringement of Crispin's rights in his original

9    artworks."  Compl. ¶ 38.

10   • "Defendants, and each of them, exceeded the scope of the License, and

11   exploited the artwork licensed under the License in ways not

12   contemplated by the License, including without limitation sub-

13   licensing said works.  The acts described herein breached the License,

14   and this unlawful use of the artwork licensed by the License

15   constitutes infringement."  Compl. ¶ 41.

16   The basic gist of each of Plaintiff's allegations is that Defendants, "and each

17   of them," exceeded the scope of a license to use Plaintiff's artwork.  However,

18   allegations that a defendant has used copyrighted material beyond the scope of a

19   limited license, without any factual support, merely state a legal conclusion and are

20   insufficient to withstand a motion to dismiss.  *Marvullo*, 105 F. Supp. 2d at 228.  In

21   *Marvullo*, plaintiff attempted to plead copyright infringement by alleging that a

22   photograph "was published by the Defendants beyond the scope and authority of

23   the limited license."  *Id.*  The Court held that "plaintiff's unadorned allegation in

24   paragraph nine that defendants have published the McNeely photograph 'beyond

25   the scope ... of the limited license,' absent any factual support, merely states a legal

26   conclusion insufficient to withstand a motion to dismiss."  *Id.*

27   Here, Plaintiff's allegations are conclusory at best and are similarly

28   "unadorned" by the requisite factual support to provide any meaningful insight into

1   what each Defendant purportedly did to infringe Plaintiff's copyrights, much less

2   when the allegedly infringing acts took place.  For example, Plaintiff alleges that

3   "Defendants manufactured, imported, purchased, sold, advertised and distributed

4   product bearing those of Crispin's works of art in which they had no rights," but he

5   provides no factual basis for this conclusory allegation, such as which Defendant

6   manufactured / imported / purchased / sold / advertised / distributed  which product,

7   bearing which copyrighted work, and when.  Thus, due to Plaintiff's complete

8   failure to describe any Defendant's purportedly infringing acts and the timeframe in

9   which they took place, Plaintiff fails to state a cause of action for copyright

10  infringement, and this Court should dismiss Plaintiff's copyright infringement

11  claim.

12      Furthermore, since Plaintiff's copyright infringement claim is the only claim

13  arising under federal law, and Plaintiff alleges no basis for jurisdiction other than

14  federal question jurisdiction, this Court should dismiss Plaintiff's entire Complaint

15  for lack of subject matter jurisdiction.

16  **V.     PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE**

17  **IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

18      Plaintiff's third cause of action for breach of the implied covenant of good

19  faith and fair dealing also fails.  It is unclear from Plaintiff's Complaint whether he

20  intends to allege a claim for tortious breach of the implied covenant, or whether his

21  claim merely sounds in contract law.  Either way, this cause of action should be

22  dismissed for failure to state a claim because (1) Plaintiff and Defendants did not

23  have a special, fiduciary relationship, which is required to state a claim for tortious

24  breach of the implied covenant, or (2) there is no distinct cause of action for a non-

25  tortious breach of the implied covenant under California law, meaning that

26  Plaintiff's claim is superfluous to its breach of contract claim.

27      ***First***, there is no special relationship between Plaintiff and any of the

28  Defendants that would support a claim for tortious breach of the implied covenant

of good faith and fair dealing.  Tortious breach of the implied covenant claims have generally been limited to insurance and employment context, and virtually no relationships have been found to justify a tort recovery outside of this context.  *See e.g.¸ Premier Wine & Spirits v. E. & J. Gallo Winery*, 846 F.2d 537, 540 (9th Cir. 1988) (California law recognizing tortious breach of covenant of good faith and fair dealing applies only in employment or insurance cases.)  This is because "no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'"  *Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) (citing *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App. 3d 726, 730, 260 (1989)).  "Thus, the implied covenant tort is not available to parties of an ordinary commercial transaction where the parties deal at arms' length." *Id.*

Plaintiff's complaint describes a run-of-the-mill, arms-length, commercial transaction in which Defendants paid Plaintiff a fee for artwork and the right to use that artwork in connection with apparel and accessory products.  Nothing about the transaction described by Plaintiff would give rise to fiduciary obligations of the special relationship necessary to turn a breach of contract claim into a tort claim. *Premier Wine & Spirits*, 846 F.2d at 540 (contract must be "characterized by elements of public interest, adhesion, and fiduciary responsibility" for tort claim to exist).  Thus, Plaintiff's cannot state a claim for tortious breach of the implied covenant.

Second, Plaintiff cannot state a claim for the non-tortious breach of the implied covenant, since no separate cause of action exists under California law. *See, e.g.*, *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1400-01 (1990).  Where no special relationship exists, breach of the implied covenant is nothing more than a duplicative claim for contract damages. *Id.* Conceptually, breach of the implied covenant **cannot exist** outside the context of a

240892_1.DOC                                                    -15-

breach of contract claim:  "[W]here breach of an actual term is alleged, a separate implied covenant claim, based on the same breach, is superfluous.  On the other hand, where an implied covenant claim alleges a breach of obligations beyond the agreement's actual terms, it is invalid."  *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 327 (2000).

Since Plaintiff's cause of action for breach of the implied covenant cannot state a claim for tort recovery, and does not exist as a separate cause of action outside of a breach of contract claim, Plaintiff's third claim for relief should be dismissed with prejudice.

## VI.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR DEFECTIVE SERVICE AND PROCESS.

Plaintiff has made numerous errors in his attempts to effect service of process on Defendants Christian Audigier, Inc., Nervous Tattoo, Inc., Shop on Stage, Inc. and Mr. Audigier.  Plaintiff's Complaint should be dismissed under Rule 12(b)(4) for insufficient process because Plaintiff's delivery of a blank summons rendered service defective.  Plaintiff's Complaint against Mr. Audigier should also be dismissed under Rule 12(b)(5) for insufficient service since Plaintiff has not properly served Mr. Audigier personally or through substitute service.

### A.   Plaintiff's Attempted Service With a Defective Summons Was Insufficient Process.

Plaintiff failed to comply with the rules for preparing and serving a proper summons form under Federal Rules of Civil Procedure Rules 4(a).  Specifically, Plaintiff's summons were defective because they were not "directed to the Defendants" who were being served.  *See* Fed. R. Civ. P. 4(a)(1)(B).

Under the Federal Rules of Civil Procedure, a summons must include the names of the parties, among other things, and must be directed to the defendant being sued.  *See* Fed. R. Civ. P. 4(a)(1) (A), (B); *Bowman v. Sandofi-Aventis U.S.*, 2009 WL 5083431, 1 (W.D. Tex. 2009).  Here the summons used by Plaintiff

1   includes the names of the parties being sued on the caption.  However, the

2   summons is not directed at *ANY* Defendant, as this line has been left blank on the

3   form.  Three copies of the summons and complaint were delivered to 8680 Hayden

4   Place, Culver City, CA  90232, on January 6, 2009.  But all were identical and none

5   of them specified the Defendant to whom they were directed.  Landver Decl. ¶ 3,

6   Ex. A.  However, with over eight named Defendants in this case, it is unclear which

7   Defendants Plaintiff attempted to serve at that time.

8       Plaintiff also served a copy of the summons and complaint at Christian

9   Audigier's residence on January 12, 2010, but again failed to direct the summons to

10  Mr. Audigier or any other Defendant.  *See* Barbieri Decl. ¶ 3, Ex. A, Summons

11  Form.  Like the summons form served at 8680 Hayden Place, the summons form

12  delivered to Mr. Audigier's residence also contained a blank line where the name of

13  the Defendant being served should have been stated.  *See id.*  Though, it is likely

14  that this summons was indeed directed to Mr. Audigier, Plaintiff was still required

15  to conform to Rule 4(a)(1)(B) to effect proper service.

16      **B.   Plaintiff Did Not Properly Serve Mr. Audigier Under the Rules for**

17           **Substitute Service.**

18      Plaintiff attempted to serve Mr. Audigier at his residence on January 12,

19  2010.  Rather than serving Mr. Audigier personally, Plaintiff delivered a copy of

20  the summons and complaint to Walter Barbieri, who was merely visiting the home

21  and does not reside there.  Barbieri Decl., ¶ 2.  That does not constitute valid

22  service.

23      "All means other than personal delivery to the defendant are considered

24  substituted service, and personal service must have been diligently attempted before

25  substituted service may be performed."  *Bonita Packing Co. v. O'Sullivan*, 165

26  F.R.D. 610, 613 (C.D.Cal. 1995).  "Ordinarily, ... two or three attempts at personal

27  service at a proper place should fully satisfy the requirement of reasonable

28  diligence and allow substituted service to be made."  *Id.* (citing *Bein v. Brechtel-*

1    *Jochim Group, Inc.*, 6 Cal.App.4th 1387, 1390 (1992) (internal citations omitted)).

2    Here, there is no indication that Plaintiff attempted with reasonable diligence to

3    serve Mr. Audigier personally before leaving a copy of the summons and complaint

4    with Mr. Barbieri at Mr. Audigier's residence.

5        Furthermore, Plaintiff's substitute service on Mr. Barbieri was improper

6    under both the Federal Rules and California law.  To properly serve Mr. Audigier

7    through substitute service at his residence under Rule 4(e)(2), Plaintiff was required

8    to leave the summons with someone who *resides at* Mr. Audigier's home.  *See e.g.*,

9    *DeFazio v. Wright*, 229 F. Supp. 111, 113 (D.N.J. 1964) (delivery of process to

10   husband not valid service upon wife and daughter who were not living with him at

11   the time); *Franklin America, Inc. v. Franklin Cast Products, Inc.*, 94 FRD 645, 647

12   (E.D. Mi. 1982) (delivery to part-time housekeeper who did not reside in

13   defendant's home not valid service on defendant).  Mr. Barbieri was a mere visitor

14   at Mr. Audigier's home and does not reside there.  Accordingly, even if Plaintiff

15   had a basis to perform substitute service, he did not satisfy any of the rules for

16   substitute service.

17       Plaintiff also failed to properly service Mr. Audigier under California law.

18   For substitute service to be proper under California Code of Civil Procedure section

19   415.20(b), Plaintiff was first required to attempt personal service consistent with

20   California Code of Civil Procedure § 416.90.  Then Plaintiff was required to leave

21   the Summons and Complaint with a "member of the household".  *See* Cal. Civ. Pro.

22   § 415.20(b).  Plaintiff simply has not done what the law requires.  Therefore,

23   service is not deemed complete.  Because Mr. Audigier has not been properly

24   served under either the Federal Rules or California Law, this action against him

25   should be dismissed pursuant to Rule 12(b)(5).

26   **VII.   CONCLUSION**

27       For the foregoing reasons, this Court should dismiss Plaintiff's Complaint

28   with prejudice.  The Court lacks subject matter jurisdiction over this action because

1  Plaintiff's copyright claim, which is the only claim sounding in federal law, fails as

2  a matter of law.  Furthermore, Plaintiff's Complaint should be dismissed for

3  insufficient process and insufficient service.  Finally, this Court should dismiss

4  Plaintiff's copyright infringement and breach of the implied covenant of good faith

5  and fair dealing claims for failure to state a claim upon which relief can be granted.

6

7  Dated:  January 26, 2010            BROWNE WOODS GEORGE LLP
                                        Michael A. Bowse
8                                       Amanda Morgan

9                                       By:   /s/ Michael A. Bowse
                                              Michael A. Bowse
10                                            Mbowse@bwgfirm.com

11                                      Attorneys for Defendants CHRISTIAN
                                        AUDIGIER, INC.; NERVOUS TATTOO, INC.;
12                                      SHOP ON STAGE, INC.; and CHRISTIAN
                                        AUDIGIER, an individual
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3         I am employed in the County of Los Angeles, State of California.  I am over
     the age of 18 and not a party to the within action; my business address is 2121
4    Avenue of the Stars, Suite 2400, Los Angeles, California 90067.

5         On January 26, 2010, I served the foregoing document described as:
     **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR (1)**
6    **LACK OF SUBJECT MATTER JURISDICTION [FRCP 12(B)(1)]; (2)**
     **FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**
7    **[FRCP 12(B)(6)]; AND (3) INSUFFICIENT PROCESS AND SERVICE OF**
     **PROCESS [FRCP 12(B)(4) AND (5)]** on the parties in this action by serving:
8
     Stephen M. Doniger, Esq.
9    Scott A. Burroughs, Esq.
     DONIGER / BURROUGHS APC
10   300 Corporate Pointe, Suite 355
     Culver City, California 90230
11   Tel (310) 590-1820 -- Fax (310) 417-3538
     Email:   stephen@donigerlawfirm.com;
12   scott@donigerlawfirm.com

13   ☐    **By Envelope** - by placing ☐ the original ☐ a true copy thereof enclosed in
     sealed envelopes addressed as above and delivering such envelopes:
14
     ☐    **By Mail:**  As follows:  I am "readily familiar" with this firm's practice of
15   collection and processing correspondence for mailing.  Under that practice it would
     be deposited with the U.S. postal service on that same day with postage thereon
16   fully prepaid at Beverly Hills, California in the ordinary course of business.  I am
     aware that on motion of the party served, service is presumed invalid if postal
17   cancellation date or postage meter date is more than one day after date of deposit
     for mailing in affidavit.
18
     ☐    **By Personal Service:**  I delivered such envelope by hand to the offices of the
19   addressee(s).

20   ☒    **By E-Mail Electronic Transmission**:   Based on a court order or an
     agreement of the parties to accept service by e-mail or electronic transmission, I
21   caused the documents to be sent to the person(s) at the e-mail address(es) so
     indicated above. I did not receive, within a reasonable time after the transmission,
22   any electronic message or other indication that the transmission was unsuccessful.

23        Executed on January 26, 2010, at Los Angeles, California.

24   ☒    **FEDERAL**  I declare that I am employed in the office of a member of the
     bar of this court at whose direction the service was made.
25

26                    /s/ Kathy Hall
                      Kathy Hall
27

28

240892_1.DOC                          1

[Title of Doc Here]