1  BROWNE WOODS GEORGE LLP
   Michael A. Bowse (No. 189659)
2  Amanda L. Morgan (No. 246277)
   2121 Avenue of the Stars, Suite 2400
3  Los Angeles, California  90067
   Tel 310.274.7100 -- Fax 310.275.5697
4  Email:  mbowse@bwgfirm.com
           amorgan@bwgfirm.com
5
   Attorneys for Defendants
6  CHRISTIAN AUDIGIER, INC.,
   NERVOUS TATTOO, INC.,
7  SHOP ON STAGE, INC. and
   CHRISTIAN AUDIGIER
8

9

10              UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12

13 | BUCKLEY H. CRISPIN, an              | Case No. CV09-9509 MMM (JEMx)
   | Individual,                         | Assigned to Hon. Margaret M. Morrow
14 |                                     |
   |              Plaintiff,             | **NOTICE OF SUBPOENA DUCES
15 |                                     | TECUM TO FACEBOOK**
   |    v.                               |
16 |                                     | Date:     March 1, 2010
   | CHRISTIAN AUDIGIER, INC., a         | Time:     10:00 a.m.
17 | California Corporation; NERVOUS     | Location: VERITEXT
   | TATTOO, INC., a California          |           1550 The Alameda
18 | Corporation; SHOP ON STAGE,         |           Suite 150
   | INC., a California Corporation;     |           San Jose, California 95126
19 | CHRISTIAN AUDIGIER, an              |
   | Individual; 3A WATCH, LLC, a        |
20 | California Limited Liability        | Complaint Filed: December 29, 2009
   | Company; RADIANCE JEWELRY,          |
21 | INC., a California Corporation;     |
   | CHROMEBONES, a business entity      |
22 | of unknown form, REVOLUTION         |
   | EYEWEAR, INC., a California         |
23 | Corporation and DOES 1-10,          |
   | inclusive,                          |
24 |                                     |
   |              Defendants.            |
25

26

27

28
   241914_1.DOC

   NOTICE OF SUBPOENA DUCES TECUM TO FACEBOOK

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, defendants Christian Audigier, Christian Audigier, Inc., Nervous Tattoo, Inc. and Shop On Stage, Inc., by and through their undersigned counsel, served a subpoena in a civil case on Facebook, 1601 South California Avenue, Palo Alto, CA 94304, to produce the documents described in the Subpoena and Attachment A thereto, attached hereto as Exhibit 1, on March 1, 2010 at 10:00 a.m. at Veritext, 1550 The Alameda, Suite 150, San Jose, California 95126, Tel. 213.623.5005.

Dated: February 10, 2010

BROWNE WOODS GEORGE LLP
Michael A. Bowse
Amanda L. Morgan

By: _____
Michael A. Bowse
mbowse@bwgfirm.com

Attorneys for Defendants
Christian Audigier, Inc., Nervous Tattoo, Inc., Shop On Stage, Inc. and Christian Audigier

LAW OFFICES
# BROWNE WOODS GEORGE LLP

CHERYL P. AINSWORTH♦
MARTA B. ALMLI
IRA G. BIBBERO
MICHAEL A. BOWSE
ROBERT B. BROADBELT
ALLAN BROWNE*
DAVID GALLAGHER
ERIC M. GEORGE▲♦ *** ****
STEPHANIE M. KAUFMAN
BRIAN C. KERR** **** ♦♦
SYLVIA P. LARDIERE
SUSAN K. LEADER
SONIA Y. LEE

2121 AVENUE OF THE STARS
SUITE 2400
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 274-7100
FACSIMILE (310) 275-5697
WWW.BWGFIRM.COM

AMANDA L. MORGAN
OLIVIA VASILESCU PALMER** ♦♦
MARCY RAILSBACK
PETER W. ROSS
BENJAMIN D. SCHEIBE
PETER SHIMAMOTO**
ALEX STOLYAR
REBECCA TINGEY** ♦♦
LEE A. WEISS** *** ♦♦
KEITH J. WESLEY
ANDREW WILMAR** ♦♦
EDWARD A. WOODS

*A PROFESSIONAL CORPORATION
**ADMITTED IN NEW YORK
***ADMITTED IN TEXAS
****ADMITTED IN CONNECTICUT
♦ ADMITTED IN FLORIDA
▲ ADMITTED IN DISTRICT OF COLUMBIA
ADMITTED IN CALIFORNIA UNLESS OTHERWISE INDICATED BY ♦♦

February 10, 2010

MICHAEL BOWSE
MBOWSE@BWGFIRM.COM

7197.001

**VIA FACSIMILE (650) 644-3229
AND U.S. MAIL**

FACEBOOK
Security Department
1601 South California Avenue
Palo Alto, CA 94304

To Whom It May Concern:

This firm represents Christian Audigier, Inc. ("CAI"), Christian Audigier ("Audigier"), Nervous Tattoo, Inc. ("NTI") and Shop on Stage, Inc. ("SOS"), defendants in an action entitled *Buckley H. Crispin v. Christian Audigier, Inc., et al.*, filed in the United States District Court, Central District of California, bearing Case No. CV09-9509-MMM (JEMx).

By this letter, my clients hereby request that all information on the Facebook site relating to Buckley H. Crispin (aka Bucky Crispin) be immediately preserved.

As required, we are providing the following information to expedite our request:

1.  Contact Information: Michael A. Bowse, Esq., Browne Woods George LLP, 2121 Avenue of the Stars, 24th Floor, Los Angeles, CA 90067, 310-274-7100, mbowse@bwgfirm.com.

2.  Response Date: March 1, 2010

3.  User Names: Bucky Crispin and/or Buckley H. Crispin

4.  URL: facebook.com/people/bucky-crispin/1439575800

5.  Telephone No.: 949-646-7874

6.  Specific Dates: October 1, 2005 to the present.

LAW OFFICES
**BROWNE WOODS GEORGE LLP**

FACEBOOK
February 10, 2010
Page 2

    Enclosed please find a check made payable to Facebook in the amount of $150.00 for the required processing fee.

    We have also enclosed a "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action," pursuant to which you are required to produce the documents and information specified therein on March 1, 2010.

    Thank you in advance for your prompt attention to this matter. If you have any questions, or need any additional information, please do not hesitate to contact the undersigned at your earliest convenience.

Sincerely yours,

Michael Bowse

MAB:jb
Enclosures

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKLEY H. CRISPIN, an Individual<br>*Plaintiff*<br>v.<br>CHRISTIAN AUDIGIER, INC., a California Corporation; NERVOUS TATTOO, INC., a California Corporation; SHOP ON STAGE, INC., a California Corporation; CHRISTIAN AUDIGIER, an Individual; 3A WATCH, LLC, a California Limited Liability Company; RADIANCE JEWELRY, INC., a California Corporation; CHROMEBONES, a business entity of unknown form, REVOLUTION EYEWEAR, INC., a California Corporation and DOES 1-10, inclusive<br>*Defendants* | Civil Action No. CV09-9509 MMM (JEMx)<br><br>(If the action is pending in another district, state where) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: FACEBOOK
1601 South California Avenue
Palo Alto, CA 94304
(650) 543-4800

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See EXHIBIT A attached.

| Place: Veritext<br>1550 The Alameda, Suite 150<br>San Jose, California 95126<br>213.623.5005 | Date and Time:<br>March 1, 2010, 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: February 10, 2010

*CLERK OF COURT*

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*
                                                  Michael A. Bowse

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendants CHRISTIAN AUDIGIER, INC., NERVOUS TATTOO, INC., SHOP ON STAGE, INC., and CHRISTIAN AUDIGIER, an individual, who issues or requests this subpoena, are: Michael A. Bowse, BROWNE WOODS GEORGE, LLP, 2121 Avenue of the Stars, 24th Fl., Los Angeles, CA 90067; Tel: (310) 274-7100; Fax: (310) 275-5697; mbowse@bwgfirm.com

American LegalNet, Inc.
www.FormsWorkFlow.com

241893_1:DOC

# EXHIBIT A

# DEFINITIONS

1. "YOU" and "YOUR" mean and refer to Facebook and facebook.com. and any associated or affiliated corporation, partnership or other entity, any officer, director, employee, agent, other representative or any acting or purporting to act on its behalf or at its direction or request.

2. "CRISPIN" means and refers to Buckley H. Crispin (aka Bucky Crispin), any associated or affiliated corporation, partnership, or other entity, any officer, director, employee, agent, other representative, or anyone acting or purporting to act on his behalf or at his direction or request.

3. "BRYAN CALLAN" means an individual named Bryan Callan who also uses the names "Mr. Lucky" and "Lucky the Tattooer".

4. "WEBSITE" means and refers to facebook.com.

5. The terms "DOCUMENT" and "DOCUMENTS" (when, and only when, written in all capital letters) mean all writings, recordings and photographs (as defined in Federal Rule of Evidence 1001) as well as all drawings, graphs, charts, e-mail, computer records, computer disks, and hard drives, originals (as defined by Federal Rule of Evidence 1001) and duplicates (as defined by Federal Rule of Evidence 1001), and shall include, without limitation, electronic or computerized data compilations, however produced or reproduced, whether the original or a copy, any and all written correspondence, letters, telegrams, agreements, contracts, notes memoranda, instructions, reports, financial statements, demands, data, schedules, notices, work papers, drafts, recordings (whether by electronic or other means), photographs, videotapes, charts, analyses, interoffice or intercompany communications, notebooks, daily logs, appointment calendars, sketches, plans, specifications, diagrams, forms, manuals, brochures, lists, publications, minutes of meetings, journals, ledgers or other financial records, invoices, work tickets, purchase orders, canceled checks, and all other written or

graphic material of any nature whatsoever, in YOUR possession, custody or control. A draft or non-identical copy of any DOCUMENT requested herein is a separate DOCUMENT within the meaning of this term.

6. The term "COMMUNICATION" means any expression or transmittal of ideas, thoughts, images, concepts, words, or information, whether written, drawn, electronic, oral, or in any other format. As used herein, COMMUNICATION includes Facebook Messages, Facebook Chats, Wall posts, and Notes.

7. "REFERS" and "RELATES" mean, without limitation, relating to, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

**INSTRUCTIONS**

1. If YOU cannot obtain a responsive DOCUMENT in time to respond to a request, then so state, specifying for each DOCUMENT: 1) the type of DOCUMENT, 2) the types of information contained therein, 3) the identity of the person (including name, address and phone number) in whose possession or control it is, 4) why it was not timely produced, and 5) when it will be produced.

2. If any DOCUMENT responsive to any Request contained herein was at one time in existence, but is no longer in existence, then so state, specifying for each DOCUMENT: 1) the type of DOCUMENT, 2) the type(s) of information contained therein, 3) the date upon which it ceased to exist, 4) the circumstances under which it ceased to exist, and 5) the identity of all persons (including name, residential and business addresses, and phone number) having knowledge or who had knowledge of the contents thereof.

3. DOCUMENTS shall be produced in the manner and order in which they appear in YOUR files, and shall not be shuffled or otherwise rearranged.

DOCUMENTS that were, in their original condition, stapled, clipped, or otherwise fastened together shall be produced in such form.

4. If the attorney-client privilege or any other privilege is claimed as to any DOCUMENT called for by any Request contained herein, YOU shall provide a Privilege Log containing: 1) the name of the DOCUMENT, 2) the name and address of the person(s) who prepared it, 3) the person(s) to whom it was directed or circulated 4) the date on which the DOCUMENT was prepared or transmitted, 5) the name and address of the person(s) now in possession of the DOCUMENT, 6) the description of the subject matter of the DOCUMENT, and 7) the specific nature of the privilege claimed with respect to the DOCUMENT.

5. Any word used in the singular form shall embrace and be read and applied as the plural form also and vice versa.

6. These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata – i.e., data describing the electronic file, such as "date last modified" – in a text format linked to the native electronic file. YOU shall provide a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

7. Unless otherwise indicated, the time period for these requests is from October 1, 2005 to the present.

### DOCUMENTS TO BE PRODUCED

**CATEGORY NO. 1:**

All DOCUMENTS which constitute, REFER or RELATE to CRISPIN's basic subscriber information.

**CATEGORY NO. 2:**

All COMMUNICATIONS by and between CRISPIN, on the one hand, and BRYAN CALLAN, on the other hand.

**CATEGORY NO. 3:**

DOCUMENTS sufficient to identify all items of apparel sold, or offered for sale, by CRISPIN on YOUR WEBSITE.

**CATEGORY NO. 4:**

All COMMUNICATIONS to or from CRISPIN, including all messages posted on CRISPIN's Facebook Wall, that REFER or RELATE to "Christian Audigier", "Christian Audigier, Inc.", "Nervous Tattoo", "Ed Hardy", "Audigier", "Shop on Stage", "3A Watch", "Radiance Jewelry", "Chrombones", or "Revolution Eyewear".

Case 2:09-cv-09509-ABC-JEM   Document 49-2   Filed 04/09/10   Page 10 of 12   Page ID #:725

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CV09-9509 MMM (JEMx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



Case 2:09-cv-09509-ABC-JEM   Document 49-2   Filed 04/09/10   Page 11 of 12   Page ID #:726

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, California 90067.

On February 10, 2010, I served the foregoing document described as: **NOTICE OF SUBPOENA DUCES TECUM TO FACEBOOK** on the parties in this action by serving:

Stephen M. Doniger, Esq.
Scott A. Burroughs, Esq.
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Tel (310) 590-1820 -- Fax (310) 417-3538
Email: stephen@donigerlawfirm.com;
scott@donigerlawfirm.com

☒ **By Envelope** - by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

☐ **By Mail:** As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **By Personal Service:** I caused such envelope to be delivered by hand to the offices of the addressee(s).

☐ **By Overnite Express:** I caused the envelope(s) to be deposited in the dropbox for Overnite Express office located at 2121 Avenue of the Stars, Los Angeles, California 90067, on _____, for delivery on the next-business-day basis to the offices of the addressee(s).

☐ **By E-Mail Electronic Transmission**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on February 10, 2010, at Los Angeles, California.

☒ **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Kathy Hall

241914_1.DOC

1