1  BROWNE WOODS GEORGE LLP
   Michael A. Bowse (No. 189659)
2  Amanda L. Morgan (No. 246277)
   2121 Avenue of the Stars, Suite 2400
3  Los Angeles, California  90067
   Tel 310.274.7100 -- Fax 310.275.5697
4  Email:   mbowse@bwgfirm.com
            amorgan@bwgfirm.com
5
   Attorneys for Defendants
6  CHRISTIAN AUDIGIER, INC.;
   NERVOUS TATTOO, INC.,
7  SHOP ON STAGE, INC., and
   CHRISTIAN AUDIGIER, an individual
8

9

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13  BUCKLEY H. CRISPIN, an              Case No. CV09-9509 MMM (JEMx)
    Individual,                         Assigned to Hon. Margaret M. Morrow
14
                      Plaintiff,        **NOTICE OF MOTION AND MOTION**
15                                      **TO DISMISS FIRST AMENDED**
            v.                          **COMPLAINT FOR (1) FAILURE TO**
16                                      **STATE A CLAIM; AND (2) LACK OF**
    CHRISTIAN AUDIGIER, INC., a         **SUBJECT MATTER JURISDICTION;**
17  California Corporation; NERVOUS     **MOTION FOR MORE DEFINITIVE**
    TATTOO, INC., a California          **STATEMENT**
18  Corporation; SHOP ON STAGE,
    INC., a California Corporation;     Date:       June 21, 2010
19  CHRISTIAN AUDIGIER, an              Time:       10:00 a.m.
    Individual; 3A WATCH, LLC, a        Ctrm:       780, Roybal Building
20  California Limited Liability
    Company; RADIANCE JEWELRY,
21  INC., a California Corporation;     Complaint Filed: December 29, 2009
    CHROMEBONES, a business entity
22  of unknown form, REVOLUTION
    EYEWEAR, INC., a California
23  Corporation; CA BEVERAGES,
    LLC, a California Limited Liability
24  Company; CALIFORNIA BAG,
    LLC, a California Limited Liability
25  Company; JR 93 INC, a California
    corporation; NEW WAVE
26  FRAGRANCES, a business entity of
    unknown form; LE MARAIS LLC, a
27  California Limited Liability
    Company; MOOD SIGNATURES
28

245522_1.DOC

MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  LLC, a California Limited Liability
   Company; HTP ENTERPRISE
2  TRADING, a California company of
   unknown form; SEA AND SURF,
3  LLC, a California Limited Liability
   Company; TATTOO DRINK, INC.,
4  a California corporation; TATTOO
   AIR FRESH, INC, a California
5  corporation; and DOES 1-10,
   inclusive,
6
7                        Defendants.

8

9                    **NOTICE OF MOTION**

10      TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

11          PLEASE TAKE NOTICE that on June 21, 2010, at 10:00 a.m., or as soon

12  thereafter as the matter may be heard before the Honorable Margaret M. Morrow in

13  Courtroom 780 of the United States District Court for the Central District of

14  California, Western Division, located at 255 East Temple Street, Los Angeles,

15  California 90012, Defendants Christian Audigier, Inc., Nervous Tattoo, Inc., Shop

16  on Stage, Inc. and Christian Audigier (collectively, the "Defendants") will and

17  hereby do move for an order dismissing the First Amended Complaint, and each of

18  the claims therein, filed by Plaintiff Buckley H. Crispin ("Plaintiff") on or about

19  April 2, 2010 (the "FAC").

20          The motion will be made pursuant to Rules 12(b)(1) and 12(b)(6) of the

21  Federal Rule of Civil Procedure, on the grounds that (1) Plaintiff fails to state a

22  claim on which relief can be granted for his copyright infringement, breach of

23  contract, and breach of implied covenant of good faith and fair dealing claims; (2)

24  Plaintiff fails to state sufficient facts to state a claim against Defendants Nervous

25  Tattoo, Inc. or Shop on Stage, Inc.; (3) the Plaintiff's claims arise under contract

26  law, not the Copyright Act and, therefore, do not confer federal question

27  jurisdiction; and, (3) without federal question jurisdiction over Plaintiff's copyright

28  claim, this Court lacks subject matter jurisdiction over this action.  Defendants also

245522_1.DOC                        -2-

1  move under Rule 12(e) for a more definitive statement of Plaintiff's copyright
2  infringement claim.
3      This motion is based upon this Notice of Motion and Motion, the
4  accompanying Memorandum of Points and Authorities, the files of this action, and
5  all other matters properly presented to the Court prior to or at the hearing on this
6  motion.
7      This motion is made after conference by the parties required by Local Rule
8  7.3 conducted on or about March 5, 2010.
9
10  Dated:  April 22, 2010              BROWNE WOODS GEORGE LLP
                                        Michael A. Bowse
11                                      Amanda Morgan
12
                                        By:   /s/ Michael A. Bowse
13                                            Michael A. Bowse
                                              Mbowse@bwgfirm.com
14
                                        Attorneys for Defendants CHRISTIAN
15                                      AUDIGIER, INC.; NERVOUS TATTOO, INC.;
                                        SHOP ON STAGE, INC.; and CHRISTIAN
16                                      AUDIGIER, an individual
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO DISMISS FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................1

II.   STATEMENT OF FACTS.....................................................................2

III.  STANDARD OF REVIEW....................................................................3

    A.    Standard of Review Under Rule 12(b)(1)................................3

    B.    Standard of Review Under Rule 12(b)(6)................................4

    C.    Standard of Review Under Rule 12(e)....................................4

IV.   PLAINTIFF FAILS TO STATE A CLAIM OR ALLEGE FEDERAL
    QUESTION JURISDICTION FOR COPYRIGHT INFRINGEMENT. ........5

    A.    Plaintiff Fails to State a Claim for Copyright Infringement or
        Allege Federal Question Jurisdiction as His Copyright
        Allegations Sound in Contract Law. .......................................5

        1.    Plaintiff's copyright allegations arise under contract law...........5

        2.    Plaintiff's allegation that Defendants breached an
            agreement to display his seal does not give rise to a claim
            for copyright infringement .....................................................8

        3.    Sub-licensing does not constitute copyright infringement.........9

        4.    Plaintiff fails to state a claim for the alleged distribution
            of products in which Defendants "had no rights." ...................11

    B.    Plaintiff Fails to State a Claim for Copyright Infringement
        Because Plaintiff Does Not Specify How or When Defendants
        Infringed His Copyright..........................................................13

V.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF
    CONTRACT .........................................................................................16

VI.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE
    IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.........18

VII.  PLAINTIFF FAILS TO STATE CLAIMS AGAINST DEFENDANTS
    NERVOUS TATTOO AND SHOP ON STAGE. ..................................20

VIII. CONCLUSION ....................................................................................21

MOTION TO DISMISS FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Anderson v. Dist. Bd. of Tr. of Cent. Florida Cmty. College*,
   77 F.3d 364 (11th Cir. 1996) ...................................................................4

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) ...............................................................................4

*Balistreri v. Pac. Police Dept.*
   901 F.2d 696 (9th Cir. 1990) ...................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................... 4, 12, 14

*Boland, Inc. v. Rolf C. Hagen (USA) Corp.*,
   ___ F. Supp. 2d. ___, 2010 WL 493422, *5 (E.D. Cal. Feb. 4,
   2010) ........................................................................................................16

*Cellars v. Pac. Coast Packaging, Inc.*,
   189 F.R.D. 575 (N.D. Cal. 1999) .......................................................4, 12

*De Jesus v. Sears, Roebuck & Co., Inc.*,
   87 F.3d 65 (2d Cir. 1996) ................................................................12, 14

*Dolch v. United Cal. Bank*,
   702 F.2d 178 (9th Cir. 1983) ...................................................................5

*Elan Associates, Ltd. v. Quackenbush Music, Ltd.*,
   339 F.Supp. 461 (S.D.N.Y. 1972) ...........................................................7

*Famolare, Inc. v. Edison Bros. Stores, Inc.*,
   525 F. Supp. 940 (E.D. Cal. 1981) ...........................................................4

*Fantastic Fakes, Inc. v. Pickwick Intern., Inc.*,
   661 F.2d 479 (5th Cir. 1981) ...................................................................7

*Foad Consulting Group, Inc. v. Azzalino*,
   270 F.3d 821 (9th Cir. 2001) ............................................................6, 11

*Franklin v. Cannon Films, Inc.*,
   654 F. Supp. 133 (C.D. Cal. 1987) .................................................6, 8, 11

*Gee v. CBS, Inc.*,
   471 F. Supp. 600, 643 (E.D. Pa. 1979),
   *aff'd*, 612 F.2d 572 (3rd Cir. 1979) .......................................................13

*Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*,
   665 F. Supp. 2d 239 (S.D.N.Y. 2009)....................................................20

*Huebbe v. Oklahoma Casting Co.*,
   663 F. Supp. 2d 1196 (W.D. Okla. 2009) ................................................8

*In re Silicon Graphics, Inc., Sec. Litig.*,
   183 F.3d 970 (9th Cir. 1999) .................................................................13

*In re Verisign, Inc., Derivative Litig.*,
   531 F. Supp. 2d 1173 (N.D. Cal. 2007) .................................................17

- ii -

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Kelly v. L.L. Cool J.*,
 145 F.R.D. 32 (S.D.N.Y. 1992),
 *aff'd*, 23 F.3d 398 (2d Cir. 1994) ............................................................ 13, 14

*Kokkonen v. Guardian Life Ins. Co.*,
 511 U.S. 375 (1994) ................................................................................. 3

*Latimer v. Roaring Toyz, Inc.*,
 __F.3d __, 2010 WL 1253090 (11th Cir. 2010) ..................................... 10

*Loree Rodkin Mgmt. Corp. v. Ross-Simons, Inc.*,
 315 F. Supp. 2d 1053 (C.D. Cal. 2004) ................................................. 3

*Lulirama Ltd., Inc. v. Access Broadcast Svcs., Inc.*,
 128 F.3d 872 (5th Cir. 1997) ................................................................. 11

*Marvullo v. Gruner & Jahr*,
 105 F. Supp. 2d 225 (S.D.N.Y. 2000) ................................................. 14, 15

*McNutt v. Gen. Motors Acceptance Corp.*,
 298 U.S. 178 (1936) ............................................................................... 3

*Mitsui Mfrs. Bank v. Superior Court*,
 212 Cal. App. 3d 726 (1989) ................................................................. 19

*N. County Commc'ns Corp. v. Verizon Global Networks, Inc.*,
 ___ F. Supp. 2d. ___, 2010 WL 529373, *7 (S.D. Cal. Feb. 9, 2010) ............... 16

*Parrish v. National Football League Players Ass'n*,
 534 F. Supp. 2d 1081 (N.D. Cal. 2007) ............................................ 17, 18

*Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*,
 307 F.3d 944 (9th Cir. 2002) ................................................................. 19

*Premier Wine & Spirits v. E. & J. Gallo Winery*,
 846 F.2d 537 (9th Cir. 1988) ................................................................. 19

*Resnick v. Copyright Clearance Ctr., Inc.*,
 422 F. Supp. 2d 252 (D. Mass. 2006) ................................................... 10

*Rommel v. Laffey*,
 194 F.R.D. 441 (N.D.N.Y. 2000) .......................................................... 17

*Saturday Evening Post Co. v. Rumbleseat Press, Inc.*,
 816 F.2d 1191 (7th Cir. 1987) ............................................................... 6

*Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*,
 336 F.3d 982 (9th Cir. 2003) ........................................................ 5, 6, 12

*Stepdesign, Inc. v. Research Media, Inc.*,
 442 F. Supp. 32 (S.D.N.Y. 1977) ..................................................... 9, 12

*Stepdesign, Inc. v. Research Media, Inc.*,
 442 F. Supp. 32 (S.D.N.Y. 1977) .......................................................... 9

*Stewart v. Mortgage Elec. Registration Sys., Inc.*,
 No. CV. 09-688-PK, 2010 WL 1054384, *7 (D. Or. Feb. 18, 2010) ............... 20

*Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*,
 24 F.3d 1088 (9th Cir. 1994) ............................................................ 9, 10

- iii -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**TABLE OF AUTHORITIES**</u>
**(continued)**

<u>**Page**</u>

*T.B. Harms Co. v. Eliscu*,
  339 F.2d 823 (2d Cir. 1964) ............................................5, 6

*Topolos v. Caldeway*,
  698 F.2d 991 (9th Cir. 1983) ...........................................5, 6

*UMG Recordings, Inc. v. Disco Azteca Distrib., Inc.*,
  446 F. Supp. 2d 1164 (E.D. Cal. 2006)..............................9

*Venegas-Hernandez v. Asociacion De Compositores, Editores De
  Musica Latinoamericana.*,
  424 F.3d 50 (1st Cir. 2005)..............................................10

*W. Emulsions, Inc. v. BASF Corp.*,
  No. CV 05-5246 CBM (SSx), 2006 WL 4599673, *1 (C.D. Cal.
  Apr. 28, 2006)................................................................17

*Wolfe v. United Artists Corp.*,
  583 F. Supp. 52 (E.D. Pa. 1983).......................................8, 9

**STATE CASES**

*Careau & Co. v. Security Pacific Business Credit, Inc.*,
  222 Cal. App. 3d 1371 (1990) .........................................19

*Guz v. Bechtel Nat'l, Inc.*,
  24 Cal.4th 317 (2000) ....................................................20

**OTHER AUTHORITIES**

Fed.R.Civ.P. Official Form 3, 12...........................................16

**FEDERAL RULES**

Federal Rule of Civil Procedure 12(b)(1) ..............................3, 5

Federal Rule of Civil Procedure 12(b)(6) .....................4, 5, 12, 13, 14, 18

Federal Rule of Civil Procedure 12(e) ..................................4, 12

Federal Rule of Civil Procedure 8(a).....................................4

Federal Rule of Civil Procedure 8(a)(1)................................3

Federal Rule of Civl Procedure 8 ........................................14, 20, 21

**OTHER AUTHORITIES**

Fed.R.Civ.P. Official Form 3, 12...........................................16

1
## MEMORANDUM OF POINTS AND AUTHORITIES

2
## I.   INTRODUCTION

3        Defendants Christian Audigier, Inc., Nervous Tattoo, Inc., Shop on Stage,

4   Inc. and Christian Audigier (the "Defendants") operate successful and well-known

5   apparel and accessories businesses, creating and marketing products under the

6   Christian Audigier brand.  The Christian Audigier brand is well-established in the

7   industry and widely recognized by consumers.  Indeed, due to their reputation and

8   status as a fashion trend, consumers are motivated to purchase Defendants'

9   products in order to own apparel and accessories sporting the Christian Audigier

10  label.

11       Christian Audigier branded products frequently include designs and images

12  that are reminiscent of tattoo art.  Defendants have contracted with numerous artists

13  and tattoo artists over the years to develop many hundreds of original images for

14  use in their products.  In 2005, Defendant Christian Audigier, Inc. commissioned

15  artwork from Plaintiff Buckley Crispin ("Plaintiff" or "Mr. Crispin") for this same

16  purpose.  Defendants paid Plaintiff a price that all parties agreed upon for his

17  artwork—and the rights to it—so that Defendants could reproduce that artwork on

18  clothing and accessories and license others to do the same.  Having seen the success

19  of the Christian Audigier brand, Plaintiff filed this suit in an attempt to squeeze

20  more money out of Defendants by inventing and ascribing new terms to the parties'

21  original agreement that never existed and to which Defendants never agreed.

22       There are several reasons why Plaintiff's claims should be dismissed.

23  Foremost among those is that, despite its caption, Plaintiff's lawsuit is principally a

24  breach of contract action.  Though Plaintiff has attempted to frame his allegations

25  to support a copyright claim, Plaintiff's copyright allegations merely raise disputes

26  over the terms and operation of the parties' agreement.  As such, these allegations

27  raise questions arising under state contract law rather than copyright law and do not

28  state a claim for copyright infringement or confer federal question jurisdiction.

1    Since Plaintiff has pled no other basis for jurisdiction, this Court should dismiss this

2    action for lack of subject matter jurisdiction.

3        Second, even if Plaintiff's claims did arise out of copyright law, they still

4    would fail because Plaintiff has not alleged any infringing acts by each of the

5    defendants.  Broad, conclusory allegations that a copyright violation has occurred

6    are insufficient to state a claim.  Plaintiff must allege, and Defendants are entitled to

7    know, the specific infringing acts in which Defendants purportedly engaged.

8    Plaintiff's First Amended Complaint is utterly devoid of such allegations.

9        Third, Plaintiff has not alleged sufficient facts to state a claim for breach of

10   contract.  In particular, Plaintiff is required (but failed) to plead the essential terms

11   of the contract on which he purports to sue.  Thus, Plaintiff has not plead the

12   pricing, term, description, timing of purchases, quantity of artwork, the scope of

13   rights being licensed, the duration of these rights, or conditions under which rights

14   were conferred, among other essential terms of the contract.  Indeed, rather than

15   plead what the contract's terms were, Plaintiff has focused his pleading on what the

16   contract terms were not.  That is insufficient to support a claim on a contract.

17       Fourth, Plaintiff asserts a claim for breach of the covenant of good faith and

18   fair dealing but alleges no special relationship between the parties to support such a

19   claim.

20       Finally, Plaintiff's complaint is utterly devoid of allegations that would

21   support claims against Nervous Tattoo, Inc. ("Nervous Tattoo") or Shop on Stage,

22   Inc. ("Shop on Stage").  Indeed, the only allegations made about Nervous Tattoo

23   and Shop on Stage are their state of incorporation and mailing address.  Identifying

24   a party in the caption of a complaint is simply not enough to state a claim under the

25   Federal Rules.  Plaintiff's claims against these defendants should be dismissed..

26   **II.    <u>STATEMENT OF FACTS</u>**

27       According to Plaintiff's complaint, between November 2005 and January

28   2006, Mr. Crispin entered into an oral agreement with Christian Audigier, Inc. and

1   Mr. Christian Audigier, whereby he licensed to them artwork drawn by him for use
2   in connection with the Christian Audigier apparel and accessories lines ("License").
3   *See* First Amended Complaint ("FAC"), at p. 2.  Plaintiff recognizes that he was
4   paid for his artwork.  *See id.*

5       Seeing how popular the Christian Audigier brand has become, Plaintiff now
6   asserts that his agreement with Mr. Audigier and his company was a limited one
7   that conferred only a limited set of rights.  Plaintiff also claims that his agreement
8   required the Defendants to give attribution to him for the artwork when it was used.

9       For example, Plaintiff claims that his "seal" was to be displayed together
10  with any reproduction of the artwork he sold to Defendants so that he would benefit
11  from the publicity that resulted from the use of that artwork in connection with
12  Christian Audigier branded products.  FAC ¶28.  Plaintiff complains that, not only
13  was his seal sometimes not displayed, the Defendants claimed credit for the look of
14  the Christian Audigier clothing line.  *Id.* ¶31.

15      Plaintiff claims that he has been damaged by Defendants' failure to comply
16  with the purportedly limited terms of the parties' agreement.  *Id.* ¶39 (claiming loss
17  of "international publicity" that he would have received had his seal been
18  displayed).

19  **III.   STANDARD OF REVIEW**

20      **A.   Standard of Review Under Rule 12(b)(1)**

21      Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a claim
22  if the court lacks subject matter jurisdiction over it.  *Loree Rodkin Mgmt. Corp. v.*
23  *Ross-Simons, Inc.*, 315 F. Supp. 2d 1053, 1054 (C.D. Cal. 2004).  The plaintiff has
24  the burden to establish that subject matter jurisdiction is proper.  *Kokkonen v.*
25  *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  This burden, at the pleading
26  stage, must be met by pleading facts that establish a basis for the court to assert
27  subject matter jurisdiction over the action.  *McNutt v. Gen. Motors Acceptance*
28  *Corp.*, 298 U.S. 178, 189 (1936); Fed.R.Civ.P. 8(a)(1).  Here, the only source of

245522_1.DOC                                -3-

1  subject matter jurisdiction is Plaintiff's claim under the Copyright Act.  FAC ¶1.

2       **B.**    <u>**Standard of Review Under Rule 12(b)(6)**</u>

3       Rule 12(b)(6) permits dismissal of a claim that lacks a cognizable legal

4  theory or if there are insufficient facts alleged to support the plaintiff's theory.  *Bell*

5  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Balistreri v. Pac. Police Dept.*

6  901 F.2d 696, 699 (9th Cir. 1990).  While Rule 8(a) of the Federal Rules of Civil

7  Procedure requires only a "short and plain statement of the claim," the court is not

8  obligated to accept as true legal conclusion couched as factual allegation.

9  *Twombly*, 550 U.S. at 555.  Mere recitation of the elements of the alleged violation

10  are conclusory and not entitled to a presumption of truth.  *Ashcroft v. Iqbal*, 129

11  S.Ct. 1937, 1951 (2009).

12       **C.**    <u>**Standard of Review Under Rule 12(e)**</u>

13       A Rule 12(e) motion is appropriate where the complaint is so indefinite that

14  the defendant cannot ascertain the nature of the claim being asserted.  *See Cellars v.*

15  *Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).  In such cases, a

16  defendant cannot reasonably be expected to frame a proper response.  *Famolare,*

17  *Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981); *Cellars*,

18  189 F.R.D. at 578.  While some courts disfavor such a motion, some view Rule

19  12(e) motions as a proper means of enforcing Rule 8, 's requirement that pleadings

20  be "clear and concise."  *See, e.g., Anderson v. Dist. Bd. of Tr. of Cent. Florida*

21  *Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless

22  cases are pled clearly and precisely, issues are not joined, discovery is not

23  controlled, the trial court's docket becomes unmanageable, the litigants suffer, and

24  society loses confidence in the court's ability to administer justice").

25

26

27

28

245522_1.DOC

**IV.  PLAINTIFF FAILS TO STATE A CLAIM OR ALLEGE FEDERAL QUESTION JURISDICTION FOR COPYRIGHT INFRINGEMENT.**

   **A.   Plaintiff Fails to State a Claim for Copyright Infringement or Allege Federal Question Jurisdiction as His Copyright Allegations Sound in Contract Law.**

   The principal issues underlying both Plaintiff's breach of contract and copyright infringement claims are (a) what are the terms of the oral license that Plaintiff granted Defendant and (b) did Defendants' use of Plaintiff's Artwork comply with these terms.  In the First Amended Complaint ("FAC"), Plaintiff alleges that Defendants infringed Plaintiff's copyright by (1) failing to include Crispin's Seal on products incorporating his artwork; (2) sub-licensing the Artwork; and (3) distributing product bearing those of Crispin's works of art "in which they had no rights."  FAC ¶¶ 50, 51 and 54.  These purported copyright infringement allegations present questions arising under state contract law rather than questions arising under the Copyright Act.  Consequently Plaintiff's allegations do not confer federal question jurisdiction and do not state a claim for copyright infringement.  Plaintiff's copyright infringement claim should be dismissed under Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim.

   **1.   Plaintiff's copyright allegations arise under contract law.**

   It is well established that federal courts do not automatically have jurisdiction over an action merely because it involves a copyright or a contract for a copyright.  *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 986 (9th Cir. 2003); *Topolos v. Caldeway*, 698 F.2d 991, 993 (9th Cir. 1983).  Federal courts have consistently dismissed complaints in copyright cases presenting only questions of contract law.  *Dolch v. United Cal. Bank*, 702 F.2d 178, 180 (9th Cir. 1983).

   The Ninth Circuit follows the majority rule stated in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964), to determine if copyright subject matter

1  jurisdiction exists.  *Scholastic Entm't, Inc.*, 336 F.3d at 986.  Under *T.B. Harms*, the

2  district court may exercise jurisdiction if:  (1) the complaint asks for a remedy

3  expressly granted by the Copyright Act; (2) the complaint requires an interpretation

4  of the Copyright Act; or (3) federal principles should control the claims.  *Id.*

5  Plaintiff's claims here satisfy none of these requirements because, at its core, this

6  case revolves around the parties' dispute over the terms of their agreement and

7  whether the Defendants have breached those terms.

8          Disputes over the terms of a copyright license do not fall into any of the *T.B.*

9  *Harms* categories and, consequently, do not arise under federal law and do not

10  confer federal question jurisdiction.  *Saturday Evening Post Co. v. Rumbleseat*

11  *Press, Inc.*, 816 F.2d 1191, 1194 (7th Cir. 1987); *Foad Consulting Group, Inc. v.*

12  *Azzalino*, 270 F.3d 821, 827 (9th Cir. 2001) ("Congress did not choose to regulate

13  the conditions under which a copyright holder can grant a nonexclusive copyright

14  license to another. Thus, so long as it does not conflict with the Copyright Act, state

15  law determines whether a copyright holder has granted such a license.").  As then

16  Judge -- now Justice -- Rymer wrote in *Franklin v. Cannon Films, Inc.*,

17              This Court does not have jurisdiction over an action merely

18          because it involves in some way a copyright, or simply because a

19          copyright is the subject matter of the contract.  Instead, the "gist,"

20          "essence" or "principal issue" must be the copyright determination.  In

21          reversing the district court's dismissal of plaintiff's copyright

22          infringement action, *Topolos* [*v. Caldeway*, 698 F.2d 991 (9th Cir.

23          1983)] recognized that distinctions between cases which "arise under"

24          the copyright act and those which primarily involve questions of

25          ownership under state contract law are often difficult to make, but also

26          noted that where, as here, the claim is essentially for a naked

27          declaration of ownership or contractual rights, jurisdiction is most

28          often declined.  Ownership of a copyright will always be a threshold

1  question in cases arising under the copyright act; however, "when such
2  ownership is the sole question for consideration ... federal courts [are]
3  without jurisdiction."   Unlike *Topolos*, where jurisdiction was found
4  proper because the action required "an examination of the works,
5  extent of the copying involved, and an application of the Copyright
6  Act," the pleadings here bring this case within the rule of *Elan*
7  *Associates, Ltd. v. Quackenbush Music, Ltd.*, 339 F.Supp. 461
8  (S.D.N.Y. 1972).  In *Elan*, the plaintiff claimed that it owned the rights
9  to seven Carly Simon songs because it had an exclusive publishing
10 agreement. The court held that "the suit is merely one to establish valid
11 title by seeking to enforce a contract between an author and a
12 publisher."  Where the copyright infringement follows "automatically"
13 after determining the ownership question, the federal court is without
14 jurisdiction.

15 654 F. Supp. 133, 135 (C.D. Cal. 1987).[1]  Thus, where resolution of the dispute

16 involves contract interpretation, rather than comparison or construction of the

17 copyrighted work, there is no need to interpret the Copyright Act and,

18 consequently, no federal question jurisdiction.

19      Here, Plaintiff attempts to frame his allegations as raising copyright issues,

20 by asserting that they raise questions of whether Defendants have "exceeded the

21 scope of the License."  However, the real issues arising from Plaintiff's allegations

22 are merely disputes over the License terms themselves:  (1) whether the License

23 included a term requiring that Plaintiff's "seal" be used; (2) whether the License's

24 terms permitted sub-licensing; and (3) whether the alleged breach of the License

25 caused it to be revoked or terminated, or caused the rights in the copyrights to

---

26 [1] Nor does the Copyright Act somehow displace state common law contract rules.
27 *Fantastic Fakes, Inc. v. Pickwick Intern., Inc.*, 661 F.2d 479, 483 (5th Cir. 1981)
   ("application of Georgia rules to determine parties' contractual intent is not
28 preempted by either copyright act nor does their application violate federal
   copyright policy.")

245522_1.DOC                                  -7-

1   revert to Plaintiff.  None of these issues arise under the Copyright Act.  These are

2   not questions requiring comparison or construction of the copyrighted work or

3   examining the works for copyright infringement.  *See Franklin*, 654 F. Supp. at

4   135.  The allegations merely raise disputes over the operation of and terms of the

5   License agreement.  Those disputes will be resolved by reference to California

6   contract law, not the Copyright Act.  *Huebbe v. Oklahoma Casting Co.*, 663 F.

7   Supp. 2d 1196, 1209 (W.D. Okla. 2009) (which rights are granted by a licensing

8   agreement is to be determined by reference to state contract law).

9        The FAC concedes that Plaintiff licensed his artwork to the Defendants.

10   FAC ¶26 ("Between approximately November of 2005 and January of 2006,

11   Plaintiff licensed approximately fifteen (15) of his original works of art to

12   Defendants Audigier and CAI").  As Plaintiff's licensees, the Defendants could

13   breach their contractual obligations by failing to comply with the terms of the

14   licensing agreement, but they cannot be liable for infringing the copyrights covered

15   by that agreement.  *Huebbe v. Oklahoma Casting Co.*, 663 F. Supp. 2d 1196, 1209

16   (W.D. Okla. 2009).  Since state contract law, not the Copyright Act, will determine

17   which rights Defendants received under their license, Plaintiff's "copyright"

18   allegations give rise to nothing more than an ordinary contract dispute and do not

19   confer federal question jurisdiction.

20        **2.    Plaintiff's allegation that Defendants breached an agreement**

21            **to display his seal does not give rise to a claim for copyright**

22            **infringement.**

23        Plaintiff alleges that Defendants were required to, but did not, display

24   Mr. Crispin's seal on products incorporating the Artwork.  FAC ¶¶28, 50.  This

25   allegation does not state a claim for copyright infringement and cannot confer

26   federal jurisdiction over this action.

27        Failure to give plaintiff proper authorship credit is not a Copyright Act claim.

28   *Wolfe v. United Artists Corp.*, 583 F. Supp. 52, 56 (E.D. Pa. 1983); *Stepdesign, Inc.*

1   *v. Research Media, Inc.*, 442 F. Supp. 32, 33 (S.D.N.Y. 1977) (dismissing for lack

2   of subject matter jurisdiction, concluding "that basically this is an action for breach

3   of contract"). "[I]t is well established that the right to attribution is not a protected

4   right under the Copyright Act." *UMG Recordings, Inc. v. Disco Azteca Distrib.,*

5   *Inc.*, 446 F. Supp. 2d 1164, 1178 (E.D. Cal. 2006).

6         In *Wolfe*, the court noted that "whatever obligations defendants may have had

7   to plaintiff . . . concerning . . . copyright notices [of authorship], those obligations

8   were the subject of the various contractual agreements between them.  A

9   determination as to whether or not defendants breached any such obligations to

10  plaintiff [] can only be made by reference to these agreements, not to the copyright

11  law."  583 F. Supp. at 56.  Likewise here, any failure by the Defendants to comply

12  with an alleged obligations to attribute Plaintiff's Artwork to him by incorporating

13  his seal would give rise to a claim for breach of the License.  The Copyright Act

14  neither creates such an obligation nor grants remedies for the breach of any such

15  obligation.  Thus, Plaintiff's allegations regarding Defendants' supposed failure to

16  include Plaintiff's seal on their products does not support a claim for copyright

17  infringement or confer federal question jurisdiction.

18         **3.    Sub-licensing does not constitute copyright infringement.**

19         Plaintiff's allegations that Defendants infringed his copyrights by sub-

20  licensing the Artwork also fail to state a claim for copyright infringement and,

21  therefore, do not confer federal question jurisdiction over his claims.  *See* FAC ¶

22  54.  This is true principally because, even accepting as true Plaintiff's claim that the

23  License did not include the right to grant sub-licenses, unauthorized sub-licensing

24  of copyrighted works does not constitute copyright infringement.  *Subafilms, Ltd. v.*

25  *MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1094 (9th Cir. 1994) (where "the

26  authorized conduct could not violate the exclusive rights guaranteed by section 106

27  [of the Copyright Act] . . . there can be no liability for "authorizing" such

28  conduct"); *Venegas-Hernandez v. Asociacion De Compositores, Editores De*

245522_1.DOC                                    -9-

1  *Musica Latinoamericana.*, 424 F.3d 50, 57-58 (1st Cir. 2005) (Music publisher's

2  granting of blanket copyright sublicense that included rights to works that were no

3  longer in publisher's own rights portfolio was not infringement without showing

4  that sublicensee ever undertook infringing act); *Resnick v. Copyright Clearance*

5  *Ctr., Inc.*, 422 F. Supp. 2d 252, 255 (D. Mass. 2006).

6       In *Venegas-Hernandez*, the First Circuit addressed the question of whether a

7  publisher's unauthorized grant of a license, to a third party, to copy a copyrighted

8  work, was itself an act of infringement.  424 F.3d at 57.  The First Circuit held that,

9  authorization alone, without further proof that the third party ever undertook an

10 infringing act, could not constitute infringement.  *Id.* at 58.  The court further noted

11 that, even if wrongful authorization of infringement could not be punished under

12 federal law, "state law provides ample remedies."  *Id.*  Similarly, even if it were

13 true, as Plaintiff alleges, that the License agreement at issue here did not authorize

14 sub-licensing, then Plaintiff's remedy lies under state law for breach of contract.

15 Plaintiff's allegations of unauthorized sub-licensing do not state a claim for

16 copyright infringement (*Subafilms, Ltd.*, 24 F.3d at 1194 ("we do not think

17 Congress intended to hold a party liable for *merely* 'authorizing' conduct that, had

18 the *authorizing* party chosen to engage in itself, would have resulted in no liability

19 under the Act.")) or confer federal question jurisdiction.

20       Additionally, because the validity of Plaintiff's claims with respect to

21 Defendants' right to sublicense the artwork they purchased from Plaintiff will turn

22 entirely upon the terms of the parties' contract (*i.e.,* the License), not the Copyright

23 Act, Defendants' sublicensing of the artwork is not an issue of copyright law and

24 does not confer federal jurisdiction.  It is beyond dispute that the non-exclusive

25 license Plaintiff claims to have orally granted to Defendants *could* include the right

26 to sub-license.  *See, e.g., Latimer v. Roaring Toyz, Inc.*, __F.3d __, 2010 WL

27 1253090 (11th Cir. 2010) (implied licensee entitled to authorize others to copy and

28 reproduce licensed work); *Lulirama Ltd., Inc. v. Access Broadcast Svcs., Inc.*, 128

1   F.3d 872, 882 (5th Cir. 1997) (nonexclusive license was created due to absence of

2   effective written transfer agreement; but nonexclusive licensee obtained rights to

3   reproduce work, prepare derivative works, distribute copies of work itself and

4   permit others to use work); *Foad Consulting*, 270 F.3d at 826 (implied

5   nonexclusive license included right to create derivative works).  The only question

6   to answer here is whether the License ***did*** include that right.  Resolution of that

7   issue will be resolved entirely under California contract law, not by reference to

8   Copyright law. *Supra* at pp. 5-8.  Accordingly, Plaintiff's complaint that

9   Defendants sublicensed the artwork to others is insufficient to confer federal

10   question jurisdiction.  *Franklin*, 654 F. Supp. at 135 (federal court lacked

11   jurisdiction over dispute involving whether plaintiffs gained ownership of

12   copyrights and whether defendants improperly transferred those copyrights, which

13   required interpreting the contract rather than examining the works for copyright

14   infringement).

15         **4.**     **Plaintiff fails to state a claim for the alleged distribution of**

16               **products in which Defendants "had no rights."**

17       Plaintiff alleges that Defendants infringed his copyrights by manufacturing,

18   importing, purchasing, selling, advertising and distributing (cumulatively,

19   "Distributing") products in which Defendants "had no rights."  FAC ¶ 51.  This

20   allegation does not state a claim for copyright infringement.  Plaintiff admits in his

21   complaint that he granted Defendants the License to Distribute products

22   incorporating his Artwork.  FAC ¶ 26.  As the analysis above demonstrates,

23   determining whether Defendants "had no rights" to Distribute certain products

24   under the License is a matter of contract interpretation and does not arise under

25   federal copyright law. *Supra* at 5-8.

26       Furthermore, the allegation that Defendants Distributed products in which

27   they "had no rights" is nothing more than a conclusory allegation unsupported by

28   fact.  "A complaint which consists of conclusory allegations unsupported by factual

1  assertions fails even the liberal standard of Rule 12(b)(6) ."  *De Jesus v. Sears,*
2  *Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996); *see also Bell Atl. Corp. v.*
3  *Twombly*, 550 U.S. 544, 555 (2007) (requiring "more than labels and conclusions,
4  and a formulaic recitation of the elements of a cause of action" to survive a 12(b)(6)
5  motion to dismiss).  From this conclusory allegation, Defendants cannot ascertain
6  the nature of the claim being asserted.  *See Cellars*, 189 F.R.D. 575, 578 (N.D. Cal.
7  1999) (A Rule 12(e) motion is appropriate where the complaint is so indefinite that
8  the defendant cannot ascertain the nature of the claim being asserted.)
9        To the extent that Plaintiff alleges that Defendants "had no rights" due to a
10  prior breach of the contract, or contract termination or recession, his allegations
11  only raise additional questions sounding in contract law.  A dispute as to whether a
12  license has been terminated or rescinded does not "arise under" federal copyright
13  law.  *Scholastic Entm't*, 336 F.3d at 989; *In Rotardier v. Entm't Co. Music Group*,
14  518 F. Supp. 919, 921 (S.D.N.Y. 1981); *Stepdesign, Inc. v. Research Media, Inc.*,
15  442 F. Supp. 32, 33-34 (S.D.N.Y. 1977) ("any finding of infringement would be
16  clearly incidental to the main purpose of plaintiff's suit which ... seeks a declaratory
17  judgment" establishing reversion of rights to plaintiff).
18        In *Rotardier*, the court found that it lacked subject matter jurisdiction because
19  the action, which sought to establish title over copyrights following a contract
20  breach, did not arise under federal copyright law.  518 F. Supp. at 921.  The court
21  reasoned that:
22        "Essentially, the claim in the instant case is to establish valid title to a
23        copyright by attempting to show noncompliance with a contract. The
24        mere fact that a controversy involves a copyright does not give rise to
25        federal jurisdiction.  Nor can plaintiff invoke federal jurisdiction by
26        casting the claim in terms of copyright infringement."
27  *Id.*  Similarly, if Defendants' conduct breached the License, determination of
28  subsequent rights under the License is a question sounding in contract law, not

MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  federal copyright law.  Therefore, Plaintiff's allegations that Defendants Distributed

2  products in which they "had no rights" fails to state a claim for copyright

3  infringement or confer federal question jurisdiction.

4                            \* \* \* \* \*

5        For each of these reasons, none of Plaintiff's purported copyright allegations

6  create federal jurisdiction over his claims.  Those allegations describe a dispute that

7  arises under contract law.  Accordingly, this dismissal should be with prejudice and

8  without leave to amend.  *In re Silicon Graphics, Inc., Sec. Litig.*, 183 F.3d 970, 991

9  (9th Cir. 1999) (dismissal without leave to amend appropriate where evidence

10  shows plaintiff cannot plead facts to resolve deficiencies in claim).

11        **B.**    **<u>Plaintiff Fails to State a Claim for Copyright Infringement</u>**

12              **<u>Because Plaintiff Does Not Specify How or When Defendants</u>**

13              **<u>Infringed His Copyright.</u>**

14        Additionally, Plaintiff has not alleged facts that are necessary to state a claim

15  for copyright infringement under Rule 12(b)(6).   A properly pled copyright

16  infringement claim must allege 1) which specific original works are the subject of

17  the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the

18  copyrights have been registered in accordance with the statute, and 4) by what acts

19  during what time the defendant infringed the copyright.  *Gee v. CBS, Inc.*, 471 F.

20  Supp. 600, 643 (E.D. Pa. 1979), *aff'd*, 612 F.2d 572 (3rd Cir. 1979); *Kelly v. L.L.*

21  *Cool J.*, 145 F.R.D. 32, 36 (S.D. N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994).

22  Plaintiff's copyright claim is deficient because Plaintiff fails to allege the acts and

23  timeframe of Defendants' supposed infringement.

24        Plaintiff's claim for direct, contributory and vicarious copyright infringement

25  is directed against each and every Defendant in this action.  Plaintiff claims that

26  seventeen separate companies (Christian Audigier, Inc., Nervous Tattoo, Inc., Shop

27  on Stage, Inc., 3A Watch, LLC, Radiance Jewelry, Inc, Chromebones, Revolution

28  Eyewear, CA Beverages, LLC, California Bag, LLC, JR 93 Inc., New Wave

1  Fragrances, Le Marais LLC, Mood Signatures LLC, HTP Enterprise Trading, Sea
2  and Surf, LLC, Tattoo Drink, Inc., and Tattoo Air Fresh, INC) and Christian
3  Audigier, as an individual, *all* violated his copyrights.  However, *the FAC does not*
4  *allege a single act by any of these Defendants* that violated Plaintiff's copyright.
5  Nor does the FAC specify the time frame in which the infringing actions allegedly
6  occurred.
7         A "properly plead [sic] copyright infringement claim must allege ... by what
8  acts during what time the defendant infringed the copyright." *Marvullo v. Gruner*
9  *& Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) (citing *Kelly v. L.L. Cool J.*, 145
10  F.R.D. 32, 36 (S.D.N.Y. 1992)).  It must set out the "particular infringing acts ...
11  with some specificity.  Broad, sweeping allegations of infringement do not comply
12  with Rule 8." *Marvullo*, 105 F. Supp. 2d at 230 (citing *Kelly*, 145 F.R.D. at 36 n. 3
13  (citation omitted)).  "A complaint which consists of conclusory allegations
14  unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)."
15  *De Jesus*, 87 F.3d at 70; *see also Twombly*, 550 U.S. at 555 (requiring "more than
16  labels and conclusions, and a formulaic recitation of the elements of a cause of
17  action" to survive a 12(b)(6)  motion to dismiss).
18         From Plaintiff's FAC, it is impossible to ferret out the scope, or indeed the
19  source, of each Defendant's liability, because Plaintiff's broad, sweeping
20  allegations lump all of the Defendants together.  Plaintiff's claim is for direct,
21  vicarious and contributory infringement, but his complaint does not even begin to
22  describe the role that any of the Defendants played in the alleged infringement.
23  Therefore, it is impossible to tell from the complaint which theory of liability
24  applies to each Defendant.  Furthermore, Plaintiff does not provide any underlying
25  factual basis to support his broad, sweeping allegations of infringement.  Plaintiff
26  relies on the following conclusory allegations to describe the alleged infringement
27  in this action:
28         • "Defendants, and each of them, breached the Agreement in such a

substantial and material way that Plaintiff, the grantor of rights, recaptured any rights granted so that any use of the work by the grantee was without authority and thus infringing." FAC ¶ 49.

- "Similarly, the scope of License was exceeded by Defendants, and each, and copyrights owned by Plaintiff were infringement [sic.] as a result." FAC ¶ 49.

- "Plaintiff is informed and believes and thereon alleges that Defendants, and each of them infringed Plaintiff's copyrights by incorporating his original works of art into products without denoting on said product that the original artworks were authored by Crispin. These products were advertised and went to market without a clearly visible Crispin Seal, a material violation of the License." FAC ¶ 50.

- "Despite violating the Agreement, and doing so knowingly and willfully, Defendants, and each of them, manufactured, imported, purchased, sold, advertised and distributed product bearing those of Crispin's works of art in which they had no rights. The above acts constituted massive infringement of Crispin's rights in his original artworks." FAC ¶ 51.

- "Defendants, and each of them, exceeded the scope of the License, and exploited the artwork licensed under the License in ways not contemplated by the License, including without limitation sub-licensing said works. The acts described herein breached the License, and this unlawful use of the artwork licensed by the License constitutes infringement." FAC ¶ 54.

The gist of each of Plaintiff's allegations is that Defendants, "and each of them," exceeded the scope of the License. However, allegations that a defendant has used copyrighted material beyond the scope of a license, without any factual support, merely state a legal conclusion and are insufficient to withstand a motion to dismiss. *Marvullo*, 105 F. Supp. 2d at 228. In *Marvullo*, plaintiff attempted to

1    plead copyright infringement by alleging that a photograph "was published by the

2    Defendants beyond the scope and authority of the limited license." *Id.* The Court

3    held that "plaintiff's unadorned allegation in paragraph nine that defendants have

4    published the McNeely photograph 'beyond the scope ... of the limited license,'

5    absent any factual support, merely states a legal conclusion insufficient to withstand

6    a motion to dismiss." *Id.*

7        Here, Plaintiff's allegations are conclusory at best and are similarly

8    "unadorned" by the requisite factual support to provide any meaningful insight into

9    what each Defendant purportedly did to infringe Plaintiff's copyrights, much less

10   when the allegedly infringing acts took place.  For example, Plaintiff alleges that

11   "Defendants manufactured, imported, purchased, sold, advertised and distributed

12   product bearing those of Crispin's works of art in which they had no rights," but he

13   provides no factual heft for this conclusory allegation, such as which Defendant

14   manufactured / imported / purchased / sold / advertised / distributed which product,

15   bearing which copyrighted work, and when.  Thus, due to Plaintiff's utter failure to

16   describe any Defendant's purportedly infringing acts and the timeframe in which

17   they took place, Plaintiff fails to state a cause of action for copyright infringement,

18   and this Court should dismiss Plaintiff's copyright infringement claim.

19   **V.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF**

20   **CONTRACT.**

21       Plaintiff fails to state a claim for breach of contract, because he fails to allege

22   the essential terms of the contract.  "Under the federal rules, a 'plaintiff may set

23   forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or

24   plead it according to its legal effect.'"  *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*,

25   ___ F. Supp. 2d. ___, 2010 WL 493422, *5 (E.D. Cal. Feb. 4, 2010) (citing

26   Fed.R.Civ.P. Official Form 3, 12); *N. County Commc'ns Corp. v. Verizon Global*

27   *Networks, Inc.*, ___ F. Supp. 2d. ___, 2010 WL 529373, *7 (S.D. Cal. Feb. 9,

28   2010).  To plead the legal effect of a contract, the plaintiff must allege the substance

of its relevant terms. *Parrish v. National Football League Players Ass'n*, 534 F. Supp. 2d 1081, 1094 (N.D. Cal. 2007). "This is more difficult than pleading the precise language, for it requires . . . comprehensiveness in statement, and avoidance of legal conclusions." *Id.* (internal citations omitted); *In re Verisign, Inc., Derivative Litig.*, 531 F. Supp. 2d 1173, 1220 (N.D. Cal. 2007) (dismissing contract claim in part for failure to plead essential terms of contract); *Rommel v. Laffey*, 194 F.R.D. 441, 444 (N.D.N.Y. 2000) (dismissal of contract claim for "failure to allege in nonconclusory language the essential terms of the parties' purported contract").

Here, Plaintiff failed to comprehensively plead the substance of the License's essential terms. Plaintiff provides only the following description of the License:

> "an oral license to use certain of [Plaintiff's] works of art in a limited manner in connection with certain types of garments ("License"). Specifically, Audigier and CAI were to pay a sum certain for the right to reproduce each accepted work ("Artwork") on street-wear apparel and were also to incorporate Plaintiff's seal/logo in connection with each use of their uses of the Artwork."

FAC, p. 2. Plaintiff also pleads that there was never any discussion of sublicensing to third parties. FAC ¶ 42. Plaintiff does not plead the pricing, term, description, timing of purchases, quantity of artwork, the scope of rights being licensed, the duration of these rights, or conditions under which rights were conferred, among other essential terms of the contract. *See, e.g.*, *W. Emulsions, Inc. v. BASF Corp.*, No. CV 05-5246 CBM (SSx), 2006 WL 4599673, *1 (C.D. Cal. Apr. 28, 2006) (failure to state a claim without allegations of the contract's price, quantity, time for performance or the contract's alleged duration). By failing to comprehensively describe the contours of the contract, Plaintiff focuses on what rights allegedly weren't included (e.g. sublicensing), without providing allegations about rights that were included. Plaintiff alleges that the License only covered the "right" to reproduce the Artwork, but does not allege what other rights the License

1    encompassed.  A comprehensive statement of the scope of the contract is essential

2    given Plaintiff's allegations, in both its breach of contract and copyright

3    infringement claims, that Defendants acted outside its scope.  *See Parrish*, 534 F.

4    Supp. 2d at 1094.

5            Furthermore, Plaintiff uses conclusory allegations to describe the parties'

6    obligations.  FAC, p. 2.  Thus, Plaintiff alleges that Defendants were granted the

7    License to use Plaintiffs Artwork "in a limited manner" without describing the

8    scope of use allowed.  *See id.*  Plaintiff also states that he performed all obligations

9    required of him under the License, rather than describing what his obligations were

10   under the License.  *See* FAC ¶ 41.  Plaintiff states that he delivered approximately

11   15 works of art to Audigier under the License without ever describing what he

12   agreed to provide.  *See id.*  These failings in Plaintiff's contract claim render it

13   insufficient as a matter of law.  Plaintiff's claim for breach of contract should be

14   dismissed for failure to state a claim under Rule 12(b)(6).

15   **VI.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE**

16           **IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

17           Plaintiff's third cause of action for breach of the implied covenant of good

18   faith and fair dealing also fails.  It is unclear from Plaintiff's FAC whether he

19   intends to allege a claim for tortious breach of the implied covenant, or whether his

20   claim merely sounds in contract law.  Either way, this cause of action should be

21   dismissed for failure to state a claim because (1) Plaintiff and Defendants did not

22   have a special, fiduciary relationship, which is required to state a claim for tortious

23   breach of the implied covenant, or (2) there is no distinct cause of action for a non-

24   tortious breach of the implied covenant under California law, meaning that

25   Plaintiff's claim is superfluous to its breach of contract claim.

26           ***First***, there is no special relationship between Plaintiff and any of the

27   Defendants that would support a claim for tortious breach of the implied covenant

28   of good faith and fair dealing.  Tortious breach of the implied covenant claims have

generally been limited to insurance and employment context, and virtually no relationships have been found to justify a tort recovery outside of this context. *See e.g.*, *Premier Wine & Spirits v. E. & J. Gallo Winery*, 846 F.2d 537, 540 (9th Cir. 1988) (California law recognizing tortious breach of covenant of good faith and fair dealing applies only in employment or insurance cases.)  This is because "no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) (citing *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App. 3d 726, 730, 260 (1989)).  "Thus, the implied covenant tort is not available to parties of an ordinary commercial transaction where the parties deal at arms' length." *Id.*

Plaintiff's complaint describes a run-of-the-mill, arms-length, commercial transaction in which Defendants paid Plaintiff a fee for artwork and the right to use that artwork in connection with apparel and accessory products.  Nothing about the transaction described by Plaintiff would give rise to fiduciary obligations of the special relationship necessary to turn a breach of contract claim into a tort claim. *Premier Wine & Spirits*, 846 F.2d at 540 (contract must be "characterized by elements of public interest, adhesion, and fiduciary responsibility" for tort claim to exist).  Thus, Plaintiff's cannot state a claim for tortious breach of the implied covenant.

Second, Plaintiff cannot state a claim for the non-tortious breach of the implied covenant, since no separate cause of action exists under California law. *See, e.g.*, *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1400-01 (1990).  Where no special relationship exists, breach of the implied covenant is nothing more than a duplicative claim for contract damages. *Id.* Conceptually, breach of the implied covenant **cannot exist** outside the context of a breach of contract claim:  "[W]here breach of an actual term is alleged, a separate

1    implied covenant claim, based on the same breach, is superfluous.  On the other

2    hand, where an implied covenant claim alleges a breach of obligations beyond the

3    agreement's actual terms, it is invalid."  *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317,

4    327 (2000).

5          Since Plaintiff's cause of action for breach of the implied covenant cannot

6    state a claim for tort recovery, and does not exist as a separate cause of action

7    outside of a breach of contract claim, Plaintiff's third claim for relief should be

8    dismissed with prejudice.

9    **VII.   PLAINTIFF FAILS TO STATE CLAIMS AGAINST DEFENDANTS**

10         **NERVOUS TATTOO AND SHOP ON STAGE.**

11         The FAC should be dismissed against Nervous Tattoo and Shop on Stage for

12   the additional reason that the complaint makes no substantive allegations against

13   either of these Defendants.  "When a complaint names defendants in the caption but

14   makes no substantive allegations against them in the body of the pleading, the

15   complaint does not state a claim against these defendants."  *Ho Myung Moolsan*

16   *Co., Ltd. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 251 (S.D.N.Y.

17   2009); *Stewart v. Mortgage Elec. Registration Sys., Inc.*, No. CV. 09-688-PK, 2010

18   WL 1054384, *7 (D. Or. Feb. 18, 2010) ("Despite amending the complaint for the

19   second time, [plaintiff] . . . fails to make any substantive allegations concerning the

20   particular conduct of the defendants.  Most importantly, [plaintiff] still fails to

21   clearly link which allegations are being asserted against which defendants.  As

22   such, the complaint violates Rule 8, and should be dismissed").

23         Plaintiff's allegations lump Nervous Tattoo and Shop on Stage together with

24   sixteen other Defendants and do not specify which allegations are being asserted

25   against them.  *See* generally FAC.  The only allegations made about these

26   Defendants are their state of incorporation and mailing address. FAC ¶¶ 6, 7.  In

27   fact, these are the ***only two defendants*** about which Plaintiff fails to state a single

28   substantive allegation, even in the "Parties" section of the complaint. FAC ¶¶ 4-23.

245522_1.DOC                                -20-

1    Therefore, the FAC does not comply with Rule 8,, with respect to either Defendant,

2    and all claims against them should be dismissed.

3    **VIII.  CONCLUSION**

4         For the foregoing reasons, this Court should dismiss Plaintiff's FAC with

5    prejudice.

6

7    Dated:  April 22, 2010              BROWNE WOODS GEORGE LLP
                                          Michael A. Bowse
8                                         Amanda L Morgan

9
                                          By:    /s/ Michael A. Bowse
10                                        Michael A. Bowse
                                          mbowse@bwgfirm.com
11
                                          Attorneys for Defendants CHRISTIAN
12                                        AUDIGIER, INC.; NERVOUS TATTOO, INC.,
                                          SHOP ON STAGE, INC., and
13                                        CHRISTIAN AUDIGIER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>PROOF OF SERVICE</u>**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2121

4

Avenue of the Stars, Suite 2400, Los Angeles, California 90067.

5

      On April 22, 2010, I served the foregoing document described as:  **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED**

6

**COMPLAINT FOR (1) FAILURE TO STATE A CLAIM; AND (2) LACK OF SUBJECT MATTER JURISDICTION; MOTION FOR MORE DEFINITIVE**

7

**STATEMENT** on the parties in this action by serving:

8

      See attached Service List.

9

☐   **By Envelope** - by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

10

11

☐   **By Mail:**  As follows:  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon

12

fully prepaid at Beverly Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal

13

cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

☐   **By Personal Service:**  I caused to be delivered such envelope by hand to the offices of the addressee(s).

16

☐   **By Overnite Express:**  I caused the envelope(s) to be deposited in the dropbox for  Overnite Express office located at 2121 Avenue of the Stars, Los

17

Angeles, California 90067, on _____, for delivery on the next-business-day basis to the offices of the addressee(s).

18

☒   **By E-Mail Electronic Transmission**:   Based on a court order or an

19

agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so

20

indicated below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

21

      Executed on April 22, 2010, at Los Angeles, California.

22

☒   **FEDERAL**  I declare that I am employed in the office of a member of the

23

bar of this court at whose direction the service was made.

24

25

         /s/ Joy Bowman_____
         Joy Bowman

26

27

28

245522_1.DOC

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

Attorneys for Plaintiff:

Stephen M. Doniger, Esq.
Scott A. Burroughs, Esq.
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Tel 310.590.1820 -- Fax 310.417.3538
Email:   stephen@donigerlawfirm.com;
scott@donigerlawfirm.com


Attorneys for Defendants 3A Watch, LLC,
Radiance Jewelry, Inc., Chromebones, and
Revolution Eyewear, Inc.:

John M. Moscarino, Esq.
Joseph Connolly, Esq.
MOSCARINO & CONNOLLY LLP
11911 San Vicente Boulevard, Suite 324
Los Angeles, California 90049-6616
Tel 310.471.4500 – Fax 310.471.4558
Email:   connollyjose@yahoo.com

MOTION TO DISMISS FIRST AMENDED COMPLAINT