Stephen M. Doniger, Esq. (SBN 179314)
Stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe., Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Attorneys for Plaintiff BUCKLEY CRISPIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKLEY H. CRISPIN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIAN AUDIGIER, INC., a California Corporation; NERVOUS TATTOO, INC., a California Corporation; SHOP ON STAGE, INC., a California Corporation; CHRISTIAN AUDIGIER, an Individual; 3A WATCH, LLC, a California Limited Liability Company;  RADIANCE JEWELRY, INC., a California Corporation, CHROMEBONES, a business entity of unknown form, REVOLUTION EYEWEAR, INC., a California Corporation and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  CV09-9509 ABC (JEMx)<br>*The Honorable Audrey B. Collins Presiding*<br><br>**SCHEDULING CONFERENCE REPORT (FRCP 26)**<br><br>Conference Time: 10:00 a.m.<br>Conference Date: June 21, 2010<br>Courtroom: 680 |

1

# REPORT OF PLANNING MEETING

Pursuant to the Court's Order regarding the Scheduling Conference (the "Court's Order"), Plaintiff Buckley Crispin ("Plaintiff") and Defendants Christian Audigier, Inc. ("CAI"), Nervous Tattoo, Inc. ("NTI"), Shop on Stage, Inc. ("Stage"), and Christian Audigier ("Audigier"), 3A Watch, LLC ("3A"), Radiance Jewelry, Inc. ("Radiance"), Chromebones, Revolution Eyewear, Inc. ("Revolution"), New Wave Fragrances, LLC ("New Wave"), Tattoo Air Fresh, Inc. ("Tattoo Air Fresh"), and JR93 Inc. ("JR93"), by and through their attorneys, as set forth below, have prepared and herewith submit this jointly signed Scheduling Conference Report. This Report is submitted following the conference of counsel required by Federal Rule of Civil Procedure 26(f) and L.R. 26-1. All appearing parties have participated in the drafting of this Report.

A. <u>CONSISE STATEMENT OF THE CASE</u>

**Plaintiff's Statement**:

In exchange for certain monetary compensation and an agreement to use Plaintiff's personal seal/logo with each and every use of his artwork, Plaintiff provided approximately 12 works of art (the "Artwork") to the Audigier Defendants to use in connection with their clothing line. At the time those works were provided, Plaintiff is informed and believes that the Audigier defendants were only making clothing and were not utilizing any licensees. There is no written transfer of ownership in the Artwork, and thus Plaintiff believes that as a matter of law the Audigier Defendants can claim no more than a limited non-exclusive license to use the Artwork.

Defendants are liable for copyright infringement for using the Artwork beyond the scope of their license, including *inter alia* manufacturing and selling substantial quantities of clothing bearing Plaintiff's artwork but not his logo, and sublicensing his artwork to a broad network of licensees without obtaining

Plaintiff's permission. Plaintiff believes that the sales resulting from the unauthorized use of his artwork runs into the tens of millions of dollars.

**Defendants' Statement**:

Christian Audigier is a world famous clothing and accessories designer. He has been responsible for numerous fashion trends, including, most recently, the exploding popularity of clothing and accessories featuring tattoo-style art. Through defendant Nervous Tattoo, Inc., Mr. Audigier popularized the "Ed Hardy" brand, which is known for its colorful collages of tattoo-style art by tattoo artist Don Ed Hardy and appears on all nature of products from clothing to accessories to jewelry to wine.

In the mid-2000's, through Christian Audigier, Inc., the "Christian Audigier" brand was launched. Clothing and accessories sold under that brand prominently feature the Christian Audigier name and sometimes utilize tattoo-style art by artists contracted to create art for Christian Audigier, Inc. As a result of Mr. Audigier's design sensibilities, as well Christian Audigier, Inc.'s substantial marketing and promotion efforts, the Christian Audigier brand has become a well-known lifestyle brand. The Christian Audigier brand is used in connection with a variety of clothing, accessories, jewelry and other products, and is even the name of a popular lounge in Paris, France.

Plaintiff Buckley Crispin is one of numerous tattoo artists who prepared tattoo-style art for use in connection with Christian Audigier-branded clothing, accessories and products. Between November 2005 and January 2006, Mr. Crispin prepared several such drawings and was well paid for them ($1100 per drawing). According to Mr. Crispin's complaint, those drawings have been used on Christian Audigier-branded clothing and accessories (just as Mr. Crispin understood they would be when he drew and sold them).

Having seen the broad appeal of the Christian Audigier brand and believing it presented an opportunity for him, Mr. Crispin filed this suit in an effort to extort additional sums for a dozen drawings he sold nearly 5 years ago. Mr. Crispin alleges that he continues to own the copyrights for 12 tattoo-style drawings he drew and sold for use in connection with Christian Audigier-branded products. On the basis of an invented oral agreement, Mr. Crispin claims entitlement to substantial damages based upon Defendants' use (in connection with Christian Audigier-branded products) of the drawings he sold (for use in connection with Christian Audigier branded-products).

Defendants reject Mr. Crispin's allegations. Upon purchasing them, Christian Audigier, Inc., not Mr. Crispin, became the owner of the drawings purchased from Mr. Crispin in late 2005 and early 2006 and held the rights to reproduce those drawings and to allow others to reproduce those drawings in connection with Christian Audigier-branded goods.

In his complaint, Mr. Crispin has provided little or no information about what each of the defendants purportedly did to entitle him to relief. The complaint broadly describes the conduct purportedly at issue, but does not identify each defendant's purported role in that conduct. Indeed, given the defendants' particular businesses, it is difficult to understand how some of them are even involved.

Nervous Tattoo, Inc. markets and licenses the Ed Hardy brand, which uses tattoo-style art by Don Ed Hardy. Shop on Stage, Inc. operates retail clothing outlets, including the Ed Hardy retail store on Melrose Avenue in Los Angeles.

3A Watch, Radiance Jewelry, Chromebones, Revolution Eyewear, Inc., New Wave Fragrances, Tattoo Air Fresh, and JR93 are licensees of Christian Audigier, Inc. and produce clothing and accessories featuring the Christian Audigier brand. However, because the complaint does not include or describe the 12 drawings at

4

issue or the particular products that purportedly infringe Mr. Crispin's claimed copyrights, none of the Defendants can even determine whether they have actually sold anything that includes the drawings Mr. Crispin prepared.

Defendants Christian Audigier, Inc., Nervous Tattoo, Inc., Shop on Stage, Inc. and Christian Audigier have moved to dismiss the first amended complaint on these and other grounds, and have also moved to strike portions of the first amended complaint. 3A Watch, Radiance Jewelry, Chromebones, Revolution Eyewear, Inc., New Wave Fragrances, Tattoo Air Fresh, and JR93 have filed a Notice of Joinder to the motion to dismiss and the motion to strike.

B. DISCOVERY PLAN

1. Initial Disclosures—Fed. R. Civ. P. 26(f)(3)(A)

The parties propose no changes to the form or requirement for disclosures under Rule 26(a). The parties propose that such disclosures be exchanged by March 1, 2010. Service of the disclosures will be accomplished by mail.

Plaintiff requests that Defendants disclose as part of their initial disclosures the identities of all licensees of the Audigier Defendants, as Plaintiff is informed and believes that each has received and used his artwork and, as set forth in the Complaint, the Audigier Defendants had no right to sublicense Plaintiff's work. As such, the licensees of the Audigier Defendants are liable for copyright infringement to the extent they used Plaintiff's artwork, and thus each have a financial interest in this action.

Defendants disagree that any sublicensees have any liability for copyright infringement. First, there was no infringement. Second, even if there was infringement, the licensees' are, by definition, "innocent" infringers with no monetary liability.

2. Discovery—Fed. R. Civ. P. 26(f)(3)(B)

1 Plaintiff and Defendants Christian Audigier, Inc., Nervous Tattoo, Inc., Shop on Stage, Inc. and Christian Audigier have served initial discovery, including document requests, interrogatories, and a deposition notice on Plaintiff Crispin and have served subpoenas on several third parties. The parties anticipate serving further written discovery, including requests for electronically stored information, and setting depositions of percipient and expert witnesses. The parties do not believe discovery needs to be conducted in phases or be limited to or focused on particular issues.

The parties propose that all discovery be completed by November 1, 2010, and have agreed that initial expert reports are to be exchanged no later than September 9, 2010, with any rebuttal expert reports being exchanged on or before October 7, 2010.

3. <u>ELECTRONIC DISCOVERY—Fed. R. Civ. P. 26(f)(3)(C)</u>

Plaintiff anticipates requesting the production of all e-information, including but not limited to information relating to Defendants' production, purchase, distribution, license and sale of the products at issue in this action.

Defendants believe that the expense of producing electronic versions of documents and information will be justified only for certain categories of information, if it is justified at all. However, Defendants are unable to determine what, if any, information should be produced electronically until they receive Plaintiff's discovery requests.

4. <u>Privilege—Fed. R. Civ. P. 26(f)(3)(D)</u>

The parties are not currently aware of any issues about claims of privilege or of protection as trial-preparation materials. The parties agree to identify any such materials responsive to any discovery requests in a suitable privilege log.

5. <u>Limitations on Discovery—Fed. R. Civ. P. 26(f)(3)(E)</u>

6

The parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

6. Other Orders—Fed. R. Civ. P. 26(f)(3)(F)

The parties expect to propose that the Court enter a Protective Order. The parties do not presently contemplate any other order the Court should issue under Fed. R. Civ. P. 26(c) or 16(b) or (c).

C. COMPLEX CASES—L.R. 26-1(a)

The Parties do not contemplate this case to invoke any part of the complex litigation manual. Thus, the parties do not propose any modifications of the procedures set forth in that manual for this particular action.

D. MOTIONS—L.R. 26-1(b)

Plaintiff's Position:

Plaintiff may seek to amend the first amended complaint, through stipulation or motion, to add as defendants any parties revealed during discovery to have been, or be, involved in the importation, manufacture, purchase, license, and/or sale of goods which illicitly bear Plaintiff's art. Plaintiff requests that he be allowed until September 6, 2010 to allow sufficient time for discovery as to any new parties or amendments.

Plaintiff anticipates filing a motion for summary judgment on liability, at least with respect to his copyright infringement claims.

Defendants' Position:

Defendants have already filed or intend to file at least the following motions:

- Motion to dismiss Plaintiff's copyright claim for lack of subject matter jurisdiction;
- Motion to dismiss Plaintiff's complaint for lack of personal jurisdiction;

- <u>Motion to dismiss Plaintiff's complaint for failure to state a claim on which relief may be granted;</u>
- <u>Summary judgment motion that Defendants CAI/Audigier have not infringed any copyright rights or breached any contract.</u>

<u>Defendants may file other dispositive and non-dispositive motions depending upon information obtained through discovery.</u>

E.   <u>SETTLEMENT—L.R. 26-1(c)</u>

There have been no settlement discussions to date.  Before filing this action Plaintiff sent a demand letter to in-house-counsel for the Audigier defendants to which said defendants responded by disclaiming any liability.  Plaintiff believes that certain discovery regarding the total sales revenue derived from the sale of products bearing Plaintiff's artwork will be necessary in order to intelligently discuss settlement.

The parties are agreeable to either holding a settlement conference before the Magistrate Judge assigned to this action, or holding a private mediation.

F.   <u>TRIAL ESTIMATE—L.R. 26-1(d)</u>

Plaintiff estimates a 5-7 day jury trial.  Defendants anticipate a 7-10 day jury trial.

G.   <u>ADDITIONAL PARTIES—L.R. 26-1(e)</u>

Plaintiff intends to add additional defendants as indicated above.

H.   <u>EXPERT WITNESSES—L.R. 26-1(f)</u>

The parties anticipate using expert witnesses and have set forth the proposed expert discovery deadlines in the timetable below.

I.   <u>TIMETABLE</u>

The parties propose the following discovery and scheduling dates:

Deadline to Amend Pleadings: September 6, 2010

Discovery Cutoff (Fact and Expert):  February 1, 2011

Exchange of Initial Expert Witness Reports: December 6, 2010

Serve Rebuttal Expert Witness Reports: January 10, 2011

Last Day to Hear Motions: February 28, 2011

Pre-trial Conference Date: March 15, 2010

Trial Date: April 12, 2011

**WHEREUPON,** the parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.

Dated: June 17, 2010   By: /S/ Stephen M. Doniger
STEPHEN M. DONIGER, ESQ.
DONIGER / BURROUGHS APC
Attorneys for Plaintiff

Dated: June 17, 2010   By: /S/ Michael Bowse
MICHAEL BOWSE, ESQ.
BROWNE WOODS GEORGE, LLP
Attorneys for Defendants Christian Audigier, Inc., Nervous Tattoo, Inc., Shop on Stage, Inc., and Christian Audigier

Dated: June 17, 2010   By: /S/ John Joseph Connolly
JOHN JOSEPH CONNOLLY, III, ESQ.
MOSCARINO & CONNOLLY, LLP
Attorneys for Defendants 3A Watch, LLC, Radiance Jewelry, Inc., Chromebones, Revolution Eyewear, Inc., New Wave Fagrances, LLC, Tattoo Air Fresh, Inc., and JR93 Inc.