1  BROWNE WOODS GEORGE LLP
   Michael A. Bowse (No. 189659)
2  mbowse@bwgfirm.com
   Amanda L. Morgan (No. 246277)
3  amorgan@bwgfirm.com
   2121 Avenue of the Stars, Suite 2400
4  Los Angeles, California 90067
   Tel 310.274.7100 -- Fax 310.275.5697
5
   Attorneys for Defendants
6  CHRISTIAN AUDIGIER, INC.;
   NERVOUS TATTOO, INC.,
7  SHOP ON STAGE, INC., and
   CHRISTIAN AUDIGIER, an individual
8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  BUCKLEY H. CRISPIN, an              Case No. 09-CV-9509-ABC(JEMx)
    Individual,                         Assigned to Hon. Audrey B. Collins
14                                      Roybal Courtroom 680
                  Plaintiff,
15
          v.
16                                      **ANSWER TO PLAINTIFF'S SECOND
    CHRISTIAN AUDIGIER, INC., a         AMENDED COMPLAINT**
17  California Corporation; NERVOUS
    TATTOO, INC., a California          **JURY DEMAND**
18  Corporation; SHOP ON STAGE,
    INC., a California Corporation;
19  CHRISTIAN AUDIGIER, an
    Individual; 3A WATCH, LLC, a
20  California Limited Liability
    Company; RADIANCE JEWELRY,          SAC Filed:   October 12, 2010
21  INC., a California Corporation;
    CHROMEBONES, a business entity
22  of unknown form, REVOLUTION
    EYEWEAR, INC., a California
23  Corporation; CA BEVERAGES,
    LLC, a California Limited Liability
24  Company; CALIFORNIA BAG,
    LLC, a California Limited Liability
25  Company; JR 93 INC, a California
    corporation; NEW WAVE
26  FRAGRANCES, a business entity of
    unknown form; LE MARAIS LLC, a
27  California Limited Liability
    Company; MOOD SIGNATURES
28

261712_1.DOC

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; JURY DEMAND

1  LLC, a California Limited Liability
   Company; HTP ENTERPRISE
2  TRADING, a California company of
   unknown form; SEA AND SURF,
3  LLC, a California Limited Liability
   Company; TATTOO DRINK, INC.,
4  a California corporation; TATTOO
   AIR FRESH, INC, a California
5  corporation;  and DOES 1-10,
   inclusive,
6
                    Defendants.
7

8

9

10                              **ANSWER**

11        Defendants Christian Audigier, Inc., Nervous Tattoo, Inc., Shop On Stage,

12  Inc., and Christian Audigier (collectively, "Defendants"), for themselves and no

13  other person or entity, answer the "Second Amended Complaint for:  (1) Breach of

14  Contract (2) Direct, Contributory, & Vicarious Copyright Infringement

15  (3) Declaration of Rights as to Artwork (4) Constructive Trust" ("SAC"), filed by

16  Plaintiff Buckley H. Crispin ("Crispin" or "Plaintiff") as follows:

17                          **INTRODUCTION**

18        1.     In answer to the non-numbered introductory paragraphs of the SAC,

19  Defendants admit that Plaintiff granted Defendants Christian Audigier ("Audigier")

20  and Christian Audigier, Inc. ("CAI") an oral license (the "License") to use certain

21  of Plaintiff's artwork (the "Artwork").  Defendants admit that Audigier and CAI

22  paid Plaintiff for the right to reproduce certain of his Artwork.  Defendants lack

23  sufficient knowledge or information to form a belief as to the truth of the allegation

24  that Defendants gave attribution to another artist for creating certain of Plaintiff's

25  artwork, and on that basis deny the allegation.  Except as explicitly stated herein,

26  Defendants deny all remaining allegations contained in the non-numbered

27  introductory paragraphs of the SAC.

28

261712_1.DOC                              -1-

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## JURISDICTION AND VENUE

2.     In answer to paragraph 1 of the SAC, Defendants deny that this action arises under the Copyright Act of 1976 ("the Copyright Act"), as amended, 17 U.S.C. §§ 101 *et seq.* Defendants do not deny that this action arises under California law.

3.     Defendants deny the allegations in paragraph 2 of the SAC. Specifically, Defendants deny that this Court has federal question jurisdiction and supplemental jurisdiction over this action.

4.     In answer to paragraph 3 of the SAC, Defendants do not deny that venue in this judicial district is proper, though Defendants do deny that the acts and omissions alleged by Plaintiff occurred in this judicial district, or anywhere.

## PARTIES

5.     In answer to paragraph 4 of the SAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis deny each and every allegation contained therein.

6.     Defendants admit the allegations in paragraph 5 of the SAC.

7.     Defendants admit the allegations in paragraph 6 of the SAC.

8.     Defendants admit the allegations in paragraph 7 of the SAC.

9.     Defendants admit the allegations in paragraph 8 of the SAC.

10.     Paragraph 9 of the SAC does not contain any factual allegations, and consequently no response is required.

11.     In answer to paragraph 10 of the SAC, Defendants deny that they unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis deny each and every remaining allegation.

261712_1.DOC                                    -2-

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1    12.    In answer to paragraph 11 of the SAC, Defendants deny that they

2    unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient

3    knowledge or information to form a belief as to the truth of the remaining

4    allegations set forth therein, and on that basis deny each and every remaining

5    allegation.

6    13.    In answer to paragraph 12 of the SAC, Defendants deny that they

7    unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient

8    knowledge or information to form a belief as to the truth of the remaining

9    allegations set forth therein, and on that basis deny each and every remaining

10   allegation.

11   14.    In answer to paragraph 13 of the SAC, Defendants deny that they

12   unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient

13   knowledge or information to form a belief as to the truth of the remaining

14   allegations set forth therein, and on that basis deny each and every remaining

15   allegation.

16   15.    In answer to paragraph 14 of the SAC, Defendants deny that they

17   unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient

18   knowledge or information to form a belief as to the truth of the remaining

19   allegations set forth therein, and on that basis deny each and every remaining

20   allegation.

21   16.    In answer to paragraph 15 of the SAC, Defendants deny that they

22   unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient

23   knowledge or information to form a belief as to the truth of the remaining

24   allegations set forth therein, and on that basis deny each and every remaining

25   allegation.

26   17.    In answer to paragraph 16 of the SAC, Defendants deny that they

27   unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient

28   knowledge or information to form a belief as to the truth of the remaining

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

allegations set forth therein, and on that basis deny each and every remaining allegation.

18.   In answer to paragraph 17 of the SAC, Defendants deny that they unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis deny each and every remaining allegation.

19.   In answer to paragraph 18 of the SAC, Defendants deny that they unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis deny each and every remaining allegation.

20.   In answer to paragraph 19 of the SAC, Defendants deny that they unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis deny each and every remaining allegation.

21.   In answer to paragraph 20 of the SAC, Defendants deny that they unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis deny each and every remaining allegation.

22.   In answer to paragraph 21 of the SAC, Defendants deny that they unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis deny each and every remaining allegation.

261712_1.DOC                                    -4-

23. In answer to paragraph 22 of the SAC, Defendants deny that they unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis deny each and every remaining allegation.

24. In answer to paragraph 23 of the SAC, Defendants deny that they unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis deny each and every remaining allegation.

25. In answer to paragraph 24 of the SAC, Defendants deny that they unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis deny each and every remaining allegation.

26. In answer to paragraph 25 of the SAC, Defendants deny that they unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis deny each and every remaining allegation.

27. In answer to paragraph 26 of the SAC, Defendants deny that they unlawfully sublicensed Plaintiff's Artwork. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis deny each and every remaining allegation.

28. In answer to paragraph 27 of the SAC, Defendants deny that Plaintiff's copyrights have been infringed. Defendants are without sufficient knowledge or

261712_1.DOC

-5-

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1    information to form a belief as to the truth of the remaining allegations set forth

2    therein, and on that basis deny each and every remaining allegation.

3         29.    Paragraph 28 of the SAC states a legal conclusion to which no

4    response is required.  To the extent, if any, that paragraph 28 contains allegations of

5    fact, Defendants deny the same.

### FACTUAL ALLEGATIONS

7         30.    In answer to paragraph 29 of the SAC, Defendants deny that their right

8    to use Plaintiff's Artwork was limited to a "street-wear line."  Defendants admit

9    that they purchased the right to use the artwork at issue.  Whether that purchase

10   constituted a license, assignment or other transfer is a legal conclusion to which no

11   response is required.

12        31.    Except insofar as it is denied by Defendants' 26th Affirmative Defense,

13   Defendants admit the allegations in paragraph 30 of the SAC.

14        32.    Defendants deny the allegations in paragraph 31 of the SAC.

15        33.    In answer to paragraph 32 of the SAC, Defendants are without

16   sufficient knowledge or information to form a belief as to the truth of the

17   allegations set forth therein, and on that basis deny each and every such allegation.

18        34.    In answer to paragraph 33 of the SAC, Defendants are without

19   sufficient knowledge or information to form a belief as to the truth of the

20   allegations set forth therein, and on that basis deny each and every such allegation.

21        35.    In response to the allegations contained in the last three sentences of

22   paragraph 34, Defendants state that the purported, subject interview speaks for itself

23   and is the best evidence of its contents.  Defendants deny all the remaining

24   allegations contained in paragraph 34 of the SAC.

25        36.    In answer to paragraph 35 of the SAC, Defendants admit that among

26   them, they advertise and offer products for sale around the world, maintain retail

27   stores, hold fashion shows, own branded stores and have licensees, but deny that

28

1    each of them do each of these things.  Defendants deny the remaining allegations

2    set forth in paragraph 35 of the SAC.

3         37.    Defendants deny the allegations in paragraph 36 of the SAC, as

4    written.

5         38.    In answer to paragraph 37 of the SAC, Defendants deny that they

6    unlawfully sublicensed Plaintiff's artwork.  Defendants are without sufficient

7    knowledge or information to form a belief as to the truth of the remaining

8    allegations set forth therein, and on that basis deny each and every remaining

9    allegation.

10        39.    In answer to paragraph 38 of the SAC, Defendants deny that they did

11   not have the right to use or permit others to use Plaintiff's Artwork.

12        40.    In answer to paragraph 39 of the SAC, Defendants are without

13   sufficient knowledge or information to form a belief as to the truth of the

14   allegations set forth therein, and on that basis deny each and every such allegation.

15        41.    In answer to the allegations in paragraph 40 of the SAC, Defendants

16   deny that they did not have the right to use or permit others to use Plaintiff's

17   Artwork.

18        42.    Defendants deny the allegations in paragraph 41 of the SAC.

19        43.    Defendants deny the allegations in paragraph 42 of the SAC.

20                        **FIRST CLAIM FOR RELIEF**

21   **(For Breach of Contract – Against Defendants CAI and Audigier, and Each)**

22        44.    In answer to paragraph 43 of the SAC, Defendants CAI and Audigier

23   incorporate by reference the preceding paragraphs as though they were fully set

24   forth herein.  Defendants Nervous Tattoo, Inc. ("Nervous Tattoo") and Shop On

25   Stage, Inc. ("Shop On Stage") are not named as parties to the breach of contract

26   claim and therefore make no answer to paragraph 43.

27        45.    In answer to paragraph 44 of the SAC, Defendants CAI and Audigier

28   admit that Plaintiff delivered approximately 15 works of art requested of him.

261712_1.DOC                              -7-

Defendants CAI and Audigier admit that they obtained the right to use, reproduce and license the artwork. Defendants CAI and Audigier are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis deny each and every remaining allegation. Defendants Nervous Tattoo and Shop On Stage are not named as parties to the breach of contract claim and therefore make no answer to paragraph 44.

46.     In answer to paragraph 45 of the SAC, Defendants CAI and Audigier admit that they obtained the right to use, reproduce and license the artwork. Defendants CAI and Audigier deny each of the remaining allegations set forth in paragraph 45. Defendants Nervous Tattoo and Shop On Stage are not named as parties to the breach of contract claim and therefore make no answer to paragraph 45.

47.     Defendants CAI and Audigier admit that CAI entered into licensing agreements, but deny the remaining allegations in paragraph 46 of the SAC. Defendants Nervous Tattoo and Shop On Stage are not named as parties to the breach of contract claim and therefore make no answer to paragraph 46.

48.     Defendants CAI and Audigier deny the allegations in paragraph 47 of the SAC. Defendants Nervous Tattoo and Shop On Stage are not named as parties to the breach of contract claim and therefore make no answer to paragraph 47.

49.     Defendants CAI and Audigier deny the allegations in paragraph 48 of the SAC. Specifically, Defendants CAI and Audigier deny that Plaintiff has been damaged or is entitled to any form of relief. Defendants Nervous Tattoo and Shop On Stage are not named as parties to the breach of contract claim and therefore make no answer to paragraph 48.

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## SECOND CLAIM FOR RELIEF

### (For Direct Contributory and Vicarious Copyright Infringement –

### Against All Defendants, and Each)

50.  In answer to paragraph 49 of the SAC, Defendants incorporate by reference the preceding paragraphs as though they were fully set forth herein.

51.  Defendants deny the allegations in paragraph 50 of the SAC.

52.  Defendants deny the allegations in paragraph 51 of the SAC.

53.  Defendants deny the allegations in paragraph 52 of the SAC.

54.  Defendants deny the allegations in paragraph 53 of the SAC.

55.  Defendants deny the allegations in paragraph 54 of the SAC.

56.  Defendants deny the allegations in paragraph 55 of the SAC.

57.  Defendants deny the allegations in paragraph 56 of the SAC.

58.  Defendants deny the allegations in paragraph 57 of the SAC.

59.  Defendants deny the allegations in paragraph 58 of the SAC. Defendants deny that Plaintiff has been damaged or is entitled to any form of relief.

60.  Defendants deny the allegations in paragraph 59 of the SAC. Defendants deny that Plaintiff has been damaged or is entitled to any form of relief.

## THIRD CLAIM FOR RELIEF

### (Declaration of Rights as to Works fo Art –

### Against All Defendants, and Each)

61.  In answer to paragraph 60 of the SAC, Defendants incorporate by reference the preceding paragraphs as though they were fully set forth herein.

62.  Paragraph 61 of the SAC states a legal conclusion to which no response is required.  To the extent, if any, that paragraph 61 contains allegations of fact, Defendants deny the same.

63.  Defendants deny the allegations in paragraph 62 of the SAC. Defendants deny that Plaintiff has been damaged or is entitled to any form of relief.

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## FOURTH CLAIM FOR RELIEF

### (Constructive Trust – Cal. Civ. Code §§ 2233, 2224 –

### Against All Defendants, and Each)

64.　In answer to paragraph 63 of the SAC, Defendants incorporate by reference the preceding paragraphs as though they were fully set forth herein.

65.　Defendants deny the allegations in paragraph 64 of the SAC.

66.　Paragraph 65 of the SAC states a legal conclusion to which no response is required.  To the extent, if any, that paragraph 65 contains allegations of fact, Defendants deny the same.

67.　Paragraph 66 of the SAC states a legal conclusion to which no response is required.  To the extent, if any, that paragraph 66 contains allegations of fact, Defendants deny the same.

68.　Paragraph 67 of the SAC states a legal conclusion to which no response is required.  To the extent, if any, that paragraph 67 contains allegations of fact, Defendants deny the same.

69.　Paragraph 68 of the SAC states a legal conclusion to which no response is required.  To the extent, if any, that paragraph 68 contains allegations of fact, Defendants deny the same.

70.　Paragraph 69 of the SAC states a legal conclusion to which no response is required.  To the extent, if any, that paragraph 69 contains allegations of fact, Defendants deny the same.

71.　Defendants deny the allegations in paragraph 70 of the SAC. Defendants deny that Plaintiff has been damaged or is entitled to any form of relief.

### PRAYER

In answer to Plaintiff's prayer, Defendants deny that Plaintiff has been damaged and deny that Plaintiff is entitled to any form of relief.

### AFFIRMATIVE DEFENSES

Defendants set forth below their affirmative defenses.  By setting forth these

261712_1.DOC                                           -10-

affirmative defenses, Defendants do not assume the burden of proving any fact, issue or element of any claim for relief, where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

**First Affirmative Defense**

**(Lack of Subject Matter Jurisdiction)**

1. This Court lacks subject matter jurisdiction because this is essentially a contract, not a copyright infringement, action.

**Second Affirmative Defense**

**(Failure to State a Claim for Relief)**

2. Plaintiff's SAC fails to state facts sufficient to constitute a claim for relief against Defendants.

**Third Affirmative Defense**

**(License)**

3. Plaintiff's claim of copyright infringement is barred because, to the extent that Defendants copied, sold or otherwise made use of any of Plaintiff's copyrighted designs, such use was expressly or impliedly permitted.

**Fourth Affirmative Defense**

**(Lack of Standing)**

4. Plaintiff lacks standing to bring the claims alleged.

**Fifth Affirmative Defense**

**(Laches)**

5. Plaintiff's claims are barred by the doctrine of laches.

**Sixth Affirmative Defense**

**(Estoppel and/or Quasi Estoppel)**

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel and/or quasi-estoppel.

## Seventh Affirmative Defense

### (Unclean Hands)

7.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Eighth Affirmative Defense

### (Mootness)

8.    Plaintiff's claims are barred, in whole or in part, to the extent that the claims or the relief sought are moot.

## Ninth Affirmative Defense

### (Adequate Remedy at Law)

9.    Plaintiff's causes of action and any injunctive or restitution remedies, are barred in light of the fact that Plaintiff has an adequate remedy at law.

## Tenth Affirmative Defense

### (Waiver)

10.    Plaintiff has waived his claims.

## Eleventh Affirmative Defense

### (Uncertainty)

11.    Plaintiff is not entitled to the relief requested in the SAC because the Court lacks any sufficiently certain, non-speculative basis on which to fashion such relief.

## Twelfth Affirmative Defense

### (Statute of Limitations)

12.    The SAC is barred or limited, in whole or in part, by the applicable statute of limitations.

## Thirteenth Affirmative Defense

### (Authorization)

13.    Defendant was authorized by plaintiff to engage in the allegedly infringing conduct.

261712_1.DOC                                    -12-

**Fourteenth Affirmative Defense**

**(Failure to Mitigate Damages)**

14.    Plaintiff is not entitled to the relief requested in the SAC because it failed to mitigate any purported damages.

**Fifteenth Affirmative Defense**

**(Intentional/Negligent Conduct)**

15.    To the extent that Plaintiff suffered damages as alleged in the SAC, which Defendants specifically and expressly deny, such damages were caused by Plaintiff's own intentional and/or negligent conduct.

**Sixteenth Affirmative Defense**

**(Prevention of Performance)**

16.    Defendants CAI and Audigier are excused from performance under any contract alleged in the SAC due to Plaintiff's prevention of their performance.

**Seventeenth Affirmative Defense**

**(Innocent Infringement)**

17.    Defendants have no monetary liability to Plaintiff because they are at worst "innocent infringers," having acted in good faith and with a reasonable belief that their actions were lawful and justified.

**Eighteenth Affirmative Defense**

**(Justification)**

18.    All alleged conduct attributed to Defendants was performed fairly, in good faith, and for a lawful purpose and was reasonable and justified and/or excused under the circumstances.

**Nineteenth Affirmative Defense**

**(Knowledge, Acquiescence, Ratification)**

19.    The SAC, and each and every claim alleged therein, are barred because the alleged wrongful conduct was committed with Plaintiff's knowledge, acquiescence, and/or ratification.

**Twentieth Affirmative Defense**

**(Duress)**

20.     The SAC, and each and every claim alleged therein, are barred because any alleged agreement which Defendants CAI and Audigier allegedly breached was the product of duress.

**Twenty-first Affirmative Defense**

**(Failure to Rescind)**

21.     Plaintiff failed to rescind its purported agreement with Defendant.

**Twenty-second Affirmative Defense**

**(Work For Hire)**

22.     Plaintiff's Artwork was created pursuant to a work for hire relationship with CAI, and consequently CAI—not Plaintiff—is the owner of the works and copyrights.

**Twenty-third Affirmative Defense**

**(Transfer of Ownership)**

23.     If Plaintiff was ever the owner of the copyrights for the Artwork, he transferred copyright ownership to CAI.

**Twenty-fourth Affirmative Defense**

**(Invalid Copyrights)**

24.     Defendants allege that the registered copyrights that are the subject of the complaint are invalid.

**Twenty-fifth Affirmative Defense**

**(Statutory Damages and Fees under Copyright Act Barred)**

25.     Defendants allege that Plaintiff is barred from all recovery for statutory damages and attorneys' fees under the Copyright Act, because the claimed infringement began prior to Plaintiff's registration of its claimed works.

261712_1.DOC                                          -14-

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## Twenty-sixth Affirmative Defense

### (Fraud on Copyright Office)

26.     Plaintiff engaged in fraud on the Copyright Office in that on or about December 29, 2009 he intentionally made the false representation in his application for registration Nos. VA 1-693-604, VA 1-693-669 and VA 1-693-683 that he was the owner of the copyrights.  Plaintiff is not the owner of the copyrights and therefore was not entitled to register the Artwork with the Copyright Office.

## Twenty-seventh Affirmative Defense

### (Release by Principal or Agent)

27.     The claims asserted in the SAC were released by Plaintiff's principal and/or agents.

## Twenty-eight Affirmative Defense

### (Additional Defenses)

28.     Defendants hereby gives notice that they intend to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserve their right to amend this answer to assert any such defenses.

## PRAYER FOR RELIEF

Defendants pray for entry of judgment in their favor and against Plaintiff:

1.     That the SAC be dismissed in its entirety;

2.     That Plaintiff take nothing by way of the SAC;

3.     That Defendants recover their costs, disbursements and attorneys' fees in this action;

4.     For pre- and post-judgment interest; and

261712_1.DOC

-15-

5.      For such other and further relief as this Court deems just and proper.


Dated: November 1, 2010                    BROWNE WOODS GEORGE LLP
                                           Michael A. Bowse
                                           Amanda L Morgan


                                           By:    /s/ Michael A. Bowse
                                                  Michael A. Bowse
                                                  mbowse@bwgfirm.com

                                           Attorneys for Defendants CHRISTIAN
                                           AUDIGIER, INC.; NERVOUS TATTOO,
                                           INC., SHOP ON STAGE, INC., and
                                           CHRISTIAN AUDIGIER

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure, Rule 38, defendants Christian Audigier, Inc., Nervous Tattoo, Inc., Shop On Stage, Inc., and Christian Audigier hereby demand trial by jury.


Dated: November 1, 2010                    BROWNE WOODS GEORGE LLP
                                           Michael A. Bowse
                                           Amanda L Morgan


                                           By: /s/  Michael A. Bowse
                                                Michael A. Bowse
                                                mbowse@bwgfirm.com

                                           Attorneys for Defendants CHRISTIAN
                                           AUDIGIER, INC.; NERVOUS TATTOO,
                                           INC., SHOP ON STAGE, INC., and
                                           CHRISTIAN AUDIGIER

261712_1.DOC                              -17-

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, California 90067.

On November 1, 2010, I served the foregoing document described as: **ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; JURY DEMAND** on the parties in this action by serving:

See attached Service List.

☒      **By serving:** ☐ the original ☒ a true copy thereof as follows:

☐      **By Mail:** As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐      **By Personal Service:** I caused to be delivered such envelope by hand to the offices of the addressee(s).

☐      **By Overnite Express:** I caused the envelope(s) to be deposited in the dropbox for Overnite Express office located at 2121 Avenue of the Stars, Los Angeles, California 90067, on _____, for delivery on the next-business-day basis to the offices of the addressee(s).

☒      **By E-Mail Electronic Transmission**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on November 1, 2010, at Los Angeles, California.

☒      **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Kathy Hall
Kathy Hall

261712_1.DOC

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; JURY DEMAND

1

## SERVICE LIST

2

3

4

*Attorneys for Plaintiff:*

Stephen M. Doniger, Esq.
5

Scott A. Burroughs, Esq.
DONIGER / BURROUGHS APC
6

300 Corporate Pointe, Suite 355
Culver City, California 90230
7

Tel 310.590.1820 -- Fax 310.417.3538
Email:   stephen@donigerlawfirm.com ;
8

scott@donigerlawfirm.com
regina@donigerlawfirm.com
9

10

11

*Attorneys for Defendants 3A Watch, LLC,*
*Radiance Jewelry, Inc., Chromebones,*
12

*Revolution Eyewear, Inc., California Bag LLC;*
*JR93, Inc., New Wage Fragrances, Le Marais*
13

*LLC; Sea and Surf, LLC; Tattoo Air Fresh*
*Inc.:*
14

John M. Moscarino, Esq.
15

Joseph Connolly, Esq.
Jane Fredgant, Esq.
16

McLeod Moscarino Witham & Flynn LLP
707 Wilshire Boulevard, Suite 5000
17

Los Angeles, California 90017
Tel 213.627.3600
18

Email:   connollyjose@yahoo.com;
jfredgant@mmwf.com
19

20

21

22

23

24

25

26

27

28

261712_1.DOC

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT