John M. Moscarino (Bar No. 122105)
Joseph Connolly (Bar No. 53329)
MCLEOD, MOSCARINO, WITHAM & FLYNN LLP
707 Wilshire Boulevard, Suite 5000
Los Angeles, California 90017
Telephone: (213) 627-3600
Facsimile: (213) 627-6290

Attorneys for Defendants 3A Watch, LLC; Radiance Jewelry, Inc.; Chromebones; Revolution Eyewear, Inc.; California Bag, LLC; JR 93, Inc.; New Wave Fragrances; Le Marais, LLC; Tattoo Air Fresh, Inc.; and Sea and Surf, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKLEY H. CRISPIN, an Individual,<br><br>Plaintiff,<br><br>CHRISTIAN AUDIGIER, INC., a California Corporation; et al.,<br><br>Defendants. | Case No. CV09-9509 ABC (JEMx)<br><br>Assigned to Hon. Audrey B. Collins<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS ATTORNEYS OF RECORD FOR DEFENDANT TATTOO AIR FRESH, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOSEPH CONNOLLY IN SUPPORT THEREOF**<br><br>Date:   December 20, 2010<br>Time:   10:00 A.M.<br>Place:   Courtroom 680<br><br>Complaint Filed: December 29, 2009 |

TO ALL PARTIES, AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on December 20, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, in Courtroom 680, McLeod, Moscarino, Witham & Flynn, LLC will and hereby does move the Court

1

1  to be relieved as counsel of record for Defendant TATTOO AIR FRESH, INC.
2  ("Tattoo Air Fresh") in this action.
3      This motion is made pursuant to Local Rule 83-2.9.2.1 of the United States
4  District Court for the Central District of California on the basis that counsel has had
5  no communication from its client Tattoo Air Fresh, despite numerous attempts on
6  counsel's part, since on or before August 13, 2010; such client conduct renders it
7  unreasonably difficult for counsel to carry out its representation of Tattoo Air Fresh
8  effectively.
9      This motion is based upon this notice of motion and motion, the
10 memorandum of points and authorities included herein, the declaration of Joseph
11 Connolly filed herewith, the papers and pleadings on file herein and upon such
12 other and further evidence or argument as may be presented at any hearing on the
13 motion.

## NOTICE TO CLIENT

15 **IN THE EVENT OF WITHDRAWAL BY THE UNDERSIGNED**
16 **MOVING PARTY PER COURT ORDER UPON THIS MOTION,**
17 **DEFENDANT TATTOO AIR FRESH WILL NO LONGER BE**
18 **REPRESENTED BY AN ATTORNEY. DEFENDANT TATTOO AIR**
19 **FRESH IS ADVISED THAT, AS A CORPORATION, IT CANNOT**
20 **REPRESENT ITSELF AND MUST BE REPRESENTED BY AN**
21 **ATTORNEY IN THIS ACTION. IN THE EVENT OF WITHDRAWAL BY**
22 **THE UNDERSIGNED MOVING PARTY PER COURT ORDER UPON**
23 **THIS MOTION, IF DEFENDANT TATTOO AIR FRESH DOES NOT**
24 **RETAIN A NEW ATTORNEY TO APPEAR AND REPRESENT IT IN THIS**
25 **ACTION, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST IT ON**
26 **THE COMPLAINT HEREIN. DEFENDANT TATTOO AIR FRESH IS**
27 ///
28 ///

1 | **STRONGLY ADVISED** TO RETAIN NEW COUNSEL TO REPRESENT IT IN
2 | THE ABOVE-REFERENCED ACTION.

3 | Dated: November 18, 2010          MCLEOD, MOSCARINO, WITHAM & FLYNN LLP

By: /s/ Joseph Connolly
Joseph Connolly
Attorneys for Defendants 3A Watch, LLC; Radiance Jewelry, Inc.; Chromebones; Revolution Eyewear, Inc.; California Bag, LLC; JR 93, Inc.; New Wave Fragrances; Le Marais, LLC; Tattoo Air Fresh, Inc.; and Sea and Surf, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

As set forth in the Declaration of Joseph Connolly, Esq., in or about April 2010, Moscarino & Connolly LLP agreed to represent Defendant Tattoo Air Fresh in this action. Effective July 1, 2010, Moscarino & Connolly LLP joined McLeod, Witham & Flynn LLP to form McLeod, Moscarino, Witham & Flynn LLP. On August 10, 2010, counsel for Defendant Tattoo Air Fresh filed with this Court its Notice of Change of Attorney Information, thereby notifying the Court of the change of the firm's name to McLeod, Moscarino, Witham & Flynn LLP ("MMWF" or the "firm").

From the beginning of its representation of Tattoo Air Fresh, the firm communicated with Tattoo Air Fresh primarily through the corporation's outside counsel, Daniel Mayeda of Leopold, Petrich & Smith, and through the corporation's employee, Lena White. On or about August 13, 2010, MMWF was notified that Mr. Mayeda no longer represented Tattoo Air Fresh, and that Lena White's employment had been terminated. On that same date, the firm received by email its sole communication from Regis Mijatovic, President of Tattoo Air Fresh. In the three months since, despite repeated efforts on the part of MMWF to communicate, there has been no response from Mr. Mijatovic, or anyone else affiliated with Tattoo Air Fresh. Consequently, MMWF files this Motion for Leave to Withdraw as attorneys of record for Tattoo Air Fresh.

## II.

## ARGUMENT AND AUTHORITY

**A.     In Making This Motion, MMWF Has Complied With The Local Rules.**

Pursuant to L.R. 83-2.9.2.1, MMWF applies for leave to withdraw upon this noticed motion. Also, pursuant to L.R. 83-2.9.2.3, MMWF gave written notice to Tattoo Air Fresh of the consequences of its inability to appear pro se by letter dated

November 16, 2010, which was sent by U.S. mail to the last address for Tattoo Air Fresh known to MMWF (the address presently listed for the corporation on the Secretary of State's website), as well as by email to the email address from which Mr. Mijatovic communicated with MMWF the one and only time. In an abundance of caution, MMWF also sent notice to Mr. Mayeda, Tattoo Air Fresh's prior counsel.

### B. The Failure Of Tattoo Air Fresh To Respond To Communications From MMWF For A Period Of More Than Three Months Constitutes Good Cause For Withdrawal.

The California Rules of Professional Conduct, Rule 3-700(C)(1)(d) permits counsel to withdraw because its client's conduct "renders it unreasonably difficult . . . to carry out the employment effectively." Failure to communicate with counsel has been recognized as client conduct that "renders it unreasonably difficult" to carry out the representation; the fact that the client is a corporation is not a bar to withdrawal. Ferruzzo v. Superior Court of Orange County, 104 Cal.App.3d 501, 504 (1980) (attorney may be allowed to withdraw as counsel of record for corporation on grounds of noncooperation without offending rule against corporate self-representation in state court, as effect of withdrawal would be to force corporation to obtain new counsel or forfeit its rights through nonrepresentation).

In Hershey v. Berkeley, 2008 U.S. Dist. LEXIS 110402, 2008 WL 4723610, at *2 (C.D. Cal. Oct. 24, 2008), plaintiffs' attorneys moved for leave to withdraw as counsel on the basis that their clients (both individual and corporate) had "ceased all communications with them and [would] not respond to any of their attempts to communicate . . ." for a period of about three months. Id. at pp. 3-4. This Court found that "the Plaintiffs' failure to communicate with their attorneys constitutes good cause for the attorneys to seek withdrawal from representing the clients . . . ," recognizing that plaintiffs' failure to communicate with their counsel created a "complete breakdown in the attorney-client relationship." Id. at p. 4. This Court

1  further found that the moving party had complied with the notice requirements of
2  the Local Rules by sending written notice by facsimile and a mailed letter to
3  plaintiffs regarding their need to retain new counsel in order to continue
4  prosecuting this case.

5  Similar to the circumstances in Hershey, supra, for the past three months, Mr.
6  Mijatovic has failed to respond to any of the numerous attempts by MMWF to
7  communicate with Tattoo Air Fresh. This has resulted in a "complete breakdown"
8  of the attorney-client relationship, and made it impossible to represent Tattoo Air
9  Fresh in this action. MMWF has sent written notice to Tattoo Air Fresh via U.S.
10 mail and email regarding its need to retain new counsel in order to defend itself in
11 this action.

12 **C.  Allowing MMWF To Withdraw As Attorneys Of Record For Tattoo Air**
13 **Fresh Will Not Cause Delay In Prosecution Of This Action To**
14 **Completion.**

15 The discovery cutoff herein is not until February 1, 2011. The trial is not
16 scheduled to commence until May 17, 2011. Consequently, allowing MMWF to
17 withdraw as attorneys of record for Tattoo Air Fresh will not cause delay in the
18 prosecution of this case to completion. For the same reason, MMWF's withdrawal
19 will cause no prejudice to Tattoo Air Fresh, as there is sufficient time for Tattoo Air
20 Fresh to retain new counsel to complete discovery and prepare for trial; nor will
21 MMWF's withdrawal prejudice any other party.

22 **III.**
23 **CONCLUSION**

24 Moving party has complied with the requirements of Local Rule 83-2.9.2 of
25 the Central District. Moreover, MMWF has good cause to move to withdraw as
26 attorneys of record for Defendant Tattoo Air Fresh, in that Tattoo Air Fresh has
27 ceased all communications with moving party for the past three months. Finally,
28 granting MMWF's motion will not prejudice any party, or cause delay in

3

1 | prosecution of this action to completion, in that there is sufficient time remaining in
2 | which to complete discovery and prepare for trial.  Therefore, MMWF's motion for
3 | leave to withdraw should be granted.

4 | Dated:  November 18, 2010

MCLEOD, MOSCARINO, WITHAM & FLYNN LLP

By: /s/ Joseph Connolly
Joseph Connolly
Attorneys for Defendants 3A Watch, LLC; Radiance Jewelry, Inc.; Chromebones; Revolution Eyewear, Inc.; California Bag, LLC; JR 93, Inc.; New Wave Fragrances; Le Marais, LLC; Tattoo Air Fresh, Inc.; and Sea and Surf, LLC

4

**MOTION FOR LEAVE TO WITHDRAW AS ATTORNEYS OF RECORD**

Z:\Docs\3096.01\PLD\Tattoo-M-Lv-Withdraw[1].doc

## DECLARATION OF JOSEPH CONNOLLY, ESQ.

I, Joseph Connolly, Esq., declare that I am an attorney at law duly licensed to practice in this District, and am counsel of record for Defendant Tattoo Air Fresh, Inc. ("Tattoo Air Fresh") in this action. This declaration is made from my own personal knowledge, except as to those matters stated on information and belief, in which case I believe them to be true. If called to testify, I could and would honestly testify to the following:

1. In or about April 2010, Moscarino & Connolly LLP agreed to represent Defendant Tattoo Air Fresh in this action. Effective July 1, 2010, Moscarino & Connolly LLP merged with McLeod, Witham & Flynn LLP to form McLeod, Moscarino, Witham & Flynn LLP. On August 10, 2010, counsel for Defendant Tattoo Air Fresh filed with this Court its Notice of Change of Attorney Information, thereby notifying the Court of the change of the firm's name to McLeod, Moscarino, Witham & Flynn LLP ("MMWF" or "our firm").

2. From the beginning of its representation of Tattoo Air Fresh, our firm communicated with Tattoo Air Fresh primarily through the corporation's outside counsel, Daniel Mayeda of Leopold, Petrich & Smith, and through the corporation's employee, Lena White.

3. On or about August 13, 2010, MMWF was notified that Mr. Mayeda no longer represented Tattoo Air Fresh, and that Lena White's employment had been terminated.

4. On that same date, our firm received by email its sole communication from Regis Mijatovic, President of Tattoo Air Fresh.

5. From August 13, 2010, to the present, despite repeated efforts on the part of MMWF to communicate, there has been no response from Mr. Mijatovic or anyone else affiliated with Tattoo Air Fresh. This complete lack of communication has rendered it impossible to represent Tattoo Air Fresh effectively in this action.

///

6. By letter dated November 16, 2010, our firm gave notice to Tattoo Air Fresh that we are moving for leave to withdraw as Tattoo Air Fresh's attorneys of record, and that Tattoo Air Fresh must retain new counsel in order to continue defending itself in this litigation. A copy of this letter is attached hereto as Exhibit A. This letter was emailed to Tattoo Air Fresh at regis@edhardyairfresh.com, and it was mailed to Tattoo Air Fresh at the following address:

> Regis Mijatovic, President
> Tattoo Air Fresh, Inc.
> 8730 Sunset Boulevard, Suite 550
> West Hollywood, California  90069

In an abundance of caution, we also mailed the letter to Tattoo Air Fresh care of Daniel Mayeda, Tattoo Air Fresh's prior counsel, at dmayeda@lpsla.com, and at the following address:

> Tattoo Air Fresh
> c/o Daniel M. Mayeda, Esq.
> Leopold, Petrich & Smith, APC
> 2049 Century Park East, Suite 3110
> Los Angeles, California  90067-3274

A copy of this motion has been served by mail on the foregoing addresses.

I declare under the laws of the United States of America and the penalty of perjury that the foregoing is true and correct.

Executed this 18th day of November, 2010, at Los Angeles, California.

*[signature]*

Joseph Connolly, Esq.

# McLEOD, MOSCARINO, WITHAM & FLYNN LLP

707 WILSHIRE BOULEVARD
SUITE 5000
LOS ANGELES, CALIFORNIA 90017
TEL 213-627-3600   FAX 213-627-6290
www.mmwf.com

connollyjose@yahoo.com

November 16, 2010

**Via E-mail**

Regis Mijatovic, President
Tattoo Air Fresh, Inc.
8730 Sunset Boulevard, Suite 550
West Hollywood, California  90069
regis@edhardyairfresh.com

Tattoo Air Fresh, Inc.
c/o Daniel M. Mayeda, Esq.
Leopold, Petrich & Smith, APC
2049 Century Park East, Suite 3110
Los Angeles, California  90067-3274
dmayeda@lpsla.com

    Re:    **Crispin v. Christian Audigier, et al.**

Dear Mr. Mijatovic and Mr. Mayeda:

    Please be advised that this firm can no longer represent Tattoo Air Fresh, Inc. in the above-referenced lawsuit.  We have had no communication from Tattoo Air Fresh, Inc. since Mr. Mijatovic's email of August 13, 2010, which informed us that, effectively, Tattoo Air Fresh, Inc. had closed for business.  Despite attempts on our part to communicate with Mr. Mijatovic as Tattoo Air Fresh, Inc.'s president, we have received no response.  We cannot effectively represent a client under these circumstances.

    This firm is in the process of filing a motion for leave to withdraw as attorneys of record for Tattoo Air Fresh, Inc.  We anticipate that the court will grant the firm's motion.  Once the motion is granted, Tattoo Air Fresh, Inc. will no longer be represented by an attorney.  PLEASE BE ADVISED THAT, AS A CORPORATION, TATTOO AIR FRESH, INC. CANNOT REPRESENT ITSELF AND MUST BE REPRESENTED BY AN ATTORNEY IN THIS ACTION.  IF TATTOO AIR FRESH, INC. DOES NOT RETAIN A NEW ATTORNEY TO APPEAR AND REPRESENT IT IN THIS ACTION, A DEFAULT JUDGMENT MAY BE

**EXHIBIT A**

Tattoo Air Fresh, Inc.
c/o Daniel M. Mayeda, Esq.
Regis Mijatovic, President
November 16, 2010
Page 2


ENTERED AGAINST IT ON THE COMPLAINT HEREIN.  TATTOO AIR FRESH, INC. IS <u>STRONGLY ADVISED</u> TO RETAIN NEW COUNSEL TO REPRESENT IT IN THE ABOVE-REFERENCED ACTION.

    Thank you for your attention.

                           Very truly yours,

                           Joseph Connolly

JC/ta

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 707 Wilshire Boulevard, Suite 5000, Los Angeles, CA 90017.

On **November 18, 2010**, I served the foregoing document described as **MCLEOD, MOSCARINO, WITHAM & FLYNN LLP'S NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS ATTORNEYS OF RECORD FOR DEFENDANT TATTOO AIR FRESH, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOSEPH CONNOLLY IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

Stephen M. Doniger, Esq.
Scott A. Burroughs, Esq.
Doniger / Burroughs APC
300 Corporate Pointe, Suite 355
Culver City, CA 590-1820

Regis Mijatovic, President
Tattoo Air Fresh, Inc.
8730 Sunset Boulevard, Suite 550
West Hollywood, California  90069

Michael A. Bowse
Browne Woods George LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067

Tattoo Air Fresh
c/o Daniel M. Mayeda, Esq.
Leopold, Petrich & Smith, APC
2049 Century Park East, Suite 3110
Los Angeles, California  90067-3274

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with United States postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 18, 2010**, at Los Angeles, California.

_____
Tunizia Abdur-Raheem

7