UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-9509-MMM (JEMx) | Date | November 23, 2010 |

Title   Buckley H. Crispin v. Christian Audigier, Inc.

Present: The Honorable   John E. McDermott, United States Magistrate Judge

| S. Anthony | | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

Proceedings:   (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES OF DEFENDANTS CHRISTIAN AUDIGIER, CHRISTIAN AUDIGIER, INC., SHOP ON STAGE, INC., AND NERVOUS TATTOO, INC.

    Before the Court is Plaintiff Crispin's Motion to Compel Discovery Responses from the Christian Audigier Defendants ("Audigier"). In dispute are Request for Production Nos. 3, 5, 6, 15 and 36 and Interrogatory Nos. 3, 4 and 7. Crispin also raises new discovery issues regarding Audigier's Sexline products.

    The Court cannot determine from the Joint Stipulation what is or remains in dispute. The Bowse Declaration on behalf of Audigier asserts that either documents and information have been produced in compliance with all discovery requests or that no documents exist, including as to the Audigier Sexline products. Crispin's portion of the Joint Stipulation ("JS") does not address Bowse's assertions.

    Thus, the Court orders Crispin to file a brief and/or declaration by **December 1, 2010** that addresses the following questions:

    1. Do you agree that any dispute regarding RFP's 3, 5, 6, 15 and 36 and Interrogatory Nos. 3, 4 and 7 are now moot? Are any of these discovery requests moot?

    2. Audigier claims that any dispute as to Requests 5 and 15 regarding gross sales is now moot because of a spreadsheet supplied on September 13, 2010. Crispin's portion of the JS only complains about deductions, not sales. Is there any further dispute regarding Requests 5 and 15 and if so what is the specific deficiency being asserted?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

      3. Audigier claims that any dispute as to Request Nos. 3 and 6 regarding costs also is moot because of the spreadsheet provided on September 13, and that Crispin is seeking the same information in duplicative formats. Is there any further dispute regarding Request Nos. 3 and 6 and if so what is the specific deficiency being asserted?

      4. Audigier claims that Request No. 36 is moot because it provided salary information in lieu of W-2 statements on November 15, 2010 pursuant to the parties' agreement. Is there any further dispute regarding Request No. 36 and if so what is the specific deficiency being asserted?

      5. Audigier claims full compliance with Interrogatory Nos. 3, 4 and 7 and asserts that Crispin is seeking explanations and more detailed information not requested by those interrogatories. Is there any further dispute regarding interrogatories and if so what is the specific deficiency asserted?

      6. Audigier claims that the Sexline products were not sold pursuant to any license from Audigier and that there are no responsive documents other than those already produced, and that the Requests cited by Crispin do not even request the production of documents regarding Sexline products. Is there any further dispute regarding the Sexline products and if so what is the specific deficiency asserted?

      The Court needs a specific response from Crispin as to Audigier's and Bowse's assertions regarding each category of discovery request noted above. In the event Crispin asserts a continuing dispute, Audigier should file a reply brief and/or declaration by **December 8, 2010**.

      The Court also directs the parties to meet and confer to narrow the range of disputed discovery requests, if at all possible.

cc:    Parties

|  | : |
|---|---|
| Initials of Deputy Clerk | sa |