Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Regina Y. Yeh, Esq. (SBN 266019)
regina@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKLEY H. CRISPIN, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN AUDIGIER, INC., a California Corporation; et al;<br><br>Defendants. | Case No.: CV09-9509 ABC (JEMx)<br><u>The Honorable John E. McDermott Presiding</u><br><br><u>Discovery Motion</u><br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL; DECLARATION OF REGINA Y. YEH, ESQ. IN SUPPORT THEREOF**<br><br>*[Plaintiff's Application to File Defendants' Bates-Stamped Document "CAI 524436" Under Seal; [Proposed] Order for Under Seal Filing Submitted Concurrently Herewith]* |

# MEMORANDUM OF POINTS AND AUTHORITIES

1. **Do you agree that any dispute regarding RFP's 3, 5, 6, 15, and 36 and Interrogatory Nos. 3, 4, and 7 are now moot? Are any of these discovery requests moot?**

    Plaintiff agrees that Request for Production Nos. 5, 15, and 36 are now moot. However, Plaintiff believes there are still disputes for the remaining discovery requests as addressed below.

2. **Audigier claims that any dispute as to Requests 5 and 15 regarding gross sales is now moot because of a spreadsheet supplied on September 13, 2010. Crispin's portion of the JS only claims about deductions, not sales. Is there any further dispute regarding Requests 5 and 15 and if so what is the specific deficiency being asserted?**

    Plaintiff agrees that Request Nos. 5 and 15 are now moot.

3. **Audigier claims that any dispute as to Request Nos. 3 and 6 regarding costs also is moot because of the spreadsheet provided on September 13, and that Crispin is seeking the same information in duplicative formats. Is there any further dispute regarding Request Nos. 3 and 6 and if so what is the specific deficiency being asserted?**

    Requests for Production Nos. 3 and 6 both ask for all documents which constitute, show or reflect the costs incurred for the manufacturing, distributing, or selling of the merchandise at issue. While Defendants did provide in their production of documents a large number of shipping invoices, they did not provide any other documents reflecting the costs of materials purchased, the costs of manufacturing and production for the products, the costs for marketing said garments, etc.

    Plaintiff acknowledges that Defendants produced a one-page spreadsheet on or

PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES

about September 13, 2010 (CAI 524436), entitled "Estimated Profit and Loss of products including art work purchased from Crispan [sic]." However, there are no other underlying documents (such as invoices, databases, receipts or other evidence of the actual expenses incurred) to support the amounts listed for the "costs of goods sold" and other categories listed.

Consequently, besides the previously referenced shipping documents, Defendants nor did it provide any information from with a trier of fact could determine what was of "actual assistance" in the sales of the products at issue in this case. The Declaration of Michael Bowse attached to the parties' previously filed joint stipulation (at Dkt. No. 130) stated that the parties had agreed during the meet and confer process that Defendants "would provide summary cost information, rather than produce the thousands or millions of invoices and other documents that reflect those costs." *See* Bowse Decl. ¶ 3 to Joint Statement of Plaintiff's Motion to Compel Discovery Responses (at Dkt. No. 130). However, Plaintiff also specifically noted in one of its first meet and confer letters written back in June 2010 (where Defendants first agreed to produce responses in July 2, 2010) that it reserved the right to review the underlying data therein. *See* Yeh Decl. ¶ 1, Ex. 1 attached thereto. Considering Defendants' proffered net income on CAI 524436, Plaintiff wishes to determine which deductions Defendants will seek to claim at trial.

In sum, there is no real question that Plaintiff is entitled to the documents underlying a proposed summary exhibit to check the documents for accuracy and prepare for cross-examination. *See* Fed. R. Evid. 1006; *Davis v. Progressive Cas. Ins. Co.*, 220 Fed.Appx 708, 711 (9th. Cir. 2007) (*unpub'd*) (trial court properly excluded a summary exhibit when the party relying on the exhibit failed to tender the underlying documents after being requested to do so). While Defendants' portion of the supplemental joint stipulation submitted on November 16, 2010 indicates that Plaintiff is asking for duplicative information in multiple formats,

- 3 -

Plaintiff has not received said documents in any format *except* for the summary spreadsheet.  Yeh Decl. ¶ 4.

Consequently, Plaintiff respectfully requests the Court order Defendants to produce supplemental documents to Request Nos. 3 and 6.

**4. Audigier claims that Request No. 36 is moot because it provided salary information in lieu of W-2 statements on November 15, 2010 pursuant to the parties' agreement.  Is there any further dispute regarding Request No. 36 and if so what is the specific deficiency being asserted?**

Plaintiff agrees that Request for Production No. 36 is now moot.

**5. Audigier claims full compliance with Interrogatory Nos. 3, 4, and 7 and asserts that Crispin is seeking explanations and more detailed information not requested by those interrogatories.  Is there any further dispute regarding interrogatories and if so what is the specific deficiency asserted?**

a. <u>Interrogatory Nos. 3 and 4</u>

Interrogatory Nos. 3 and 4 requests that Defendant provide the number of units of the relevant merchandise sold and the revenues associated with said units, broken down per style.  In response, Defendant produced documents Bates-stamped CAI 524437-524447 (filed under seal concurrently herewith).

Plaintiff had met and conferred with Defendants stating that while this chart would have been sufficient, it appeared to be incomplete.  *See* Yeh Decl. ¶ 3, Ex. 2 attached thereto.  For example, there are five columns (from left to right): Style Numbers, Total Units, Total Gross Sales, Total Units, and Total Gross Sales.  Initially, it is impossible to determine what the style numbers refer to.  Next, the chart appears incomplete, as a large number of style numbers have 0 units listed and $0.00 gross profits listed (though, counsel for Defendants have stated that those may refer to

- 4 -

products that were never manufactured/produced).  Finally, the final sum listed on CAI 524447 does not match the total sales listed on the summary estimated profit and Loss of products chart on CAI 524436.  Consequently, Plaintiff is unsure of the validity of either of these summary documents.

Under Federal Rule of Civil Procedure 33(d), a party may only respond to an interrogatory by referring to documents "if the burden of deriving or ascertaining the answer will be substantially the same for either party…" and if the responding party "[specifies] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding could…" Fed. R. Civ. P. 33(d).  Here, Plaintiff has attempted to comprehend the chart and was unsuccessful, and moreover has asked Defendants for clarification.  *Id.*  Defendants have thus far not provided clarification on that.

b.  <u>Interrogatory No. 7</u>

Finally, Interrogatory No. 7 requests the total costs associated with selling the Subject Merchandise.  It appears that Defendants believe that CAI 524436 provides the answer to this request.

However, Plaintiff respectfully requests a simple, straightforward answer to this Interrogatory instead of referring to Fed. R. Civ. P. 33(d).  Fed. R. Civ. P. 33(d) provides a responding party the option to produce business records in lieu of "examining, auditing, compiling, abstracting, or summarizing a party's business records," so that the interrogating party may have "a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries."  Here, however, Defendants have *only* produced a summary document in response to Defendants' discovery requests for the costs, and moreover, there is no burden on Defendants to supplement its response to Interrogatory No. 7 to assert what Defendants contend are the total costs associated with the products at issue.

Plaintiff should be able to submit Defendants' response to the interrogatories as evidence for trial; Defendants' summary documents are not self-authenticating. Moreover, Fed. R. Civ. P. 33(d) does not allow Defendants to evade its discovery obligations of providing responses to interrogatories. Plaintiff therefore respectfully requests that the Court order Defendant to produce a clear, straightforward answer to these requests.

**6. Audigier claims that the Sexline products were not sold pursuant to any license from Audigier and that there are no responsive documents other than those already produced, and that the Requests cited by Crispin do not even request the production of documents regarding Sexline products. Is there any further dispute regarding the Sexline products and if so what is the specific deficiency asserted?**

Following Plaintiff's addition to "Audigier Condoms" to the instant suit, all parties realized that these it was in fact a DBA for one of Christian Audigier, Inc.'s disclosed licensees, The New Life Company, LLC (which was apparently unaware of the present suit and had launched its line of products in 2010). The other parties that Plaintiff discovered selling Sexline products appear to be customers of The New Life Company, LLC. Consequently, Plaintiff submits there is no further dispute regarding the Sexline products.

                Respectfully submitted,

                DONIGER / BURROUGHS APC

Date: December 1, 2010      By:    /s/ Regina Y. Yeh
                                                Regina Y. Yeh, Esq.
                                                Attorneys for Plaintiff

## DECLARATION OF REGINA Y. YEH, ESQ.

I, Regina Y. Yeh, am above eighteen years of age, and am attorney at Doniger / Burroughs APC, counsel for Plaintiff Buckley H. Crispin.  I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify hereto.

1. Attached hereto as Exhibit 1 is a true and correct copy of an e-mail I wrote to Defendant's counsel months ago, on June 21, 2010, stating that Plaintiff specifically reserved his rights to review underlying data.

2. Filed concurrently hereto and under seal are true and correct copies of Defendants' supplemental documents Bates-stamped CAI 524436-CAI 524447, which were produced via e-mail on or about September 13, 2010.

3. Attached hereto as Exhibit 2 is a true and correct copy of an e-mail I wrote on Spetember 28, 2010, confirming a meet and confer between counsel held that day, in which we requested Bates-stamped documents CAI 524437-CAI 52447 be clarified.

4. Thus far, Plaintiff has not received (as far as I can determine from the documents produced) any purchase orders, invoices, manufacturing orders, or any other documents reflecting the costs of the goods sold, what is included in the operating expenses, etc., *except* for FedEx shipping documents.  Nor has Defendant stated that it had produced such documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed December 1, 2010 at Culver City, California.

By:  /s/ Regina Y. Yeh
     Regina Y. Yeh, Esq.
     Declarant

PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES