Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Regina Y. Yeh, Esq. (SBN 266019)
regina@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCKLEY H. CRISPIN, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN AUDIGIER, INC., a California Corporation; et al;<br><br>Defendants. | Case No.: CV09-9509 ABC (JEMx)<br>_The Honorable Audrey B. Collins Presiding_<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT TO ESTABLISH COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT LIABILITY AGAINST CHRISTIAN AUDIGIER, INC.; STEPHEN M. DONIGER, ESQ. IN SUPPORT THEREOF**<br><br>[Declaration of Buckley H. Crispin; Statement of Uncontroverted Facts and Conclusions of Law; [Proposed] Order Filed Concurrently Herewith]<br><br>Date:  January 10, 2011<br>Time:  10:00 a.m.<br>Courtroom: 680 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 10, 2011 at 10:00 a.m. in Courtroom 680 of the above-referenced court, Plaintiff Buckley H. Crispin ("Plaintiff" or "Crispin") will and hereby does move pursuant to Fed. R. Civ. R. 56 for partial summary judgment to establish liability for copyright infringement against Christian Audigier, Inc. ("Audigier") on Plaintiff's First Cause of Action for "Breach of Contract" and his Second Cause of Action for "Copyright Infringement." Specifically, Plaintiff requests that the Court find that liability against Christian Audigier, Inc. is ripe for adjudication based on the following:

1.     Buckley H. Crispin orally licensed various works of art to Defendant Audigier for use on of Christian Audigier clothing items.  Said works will hereinafter be referred to as "Subject Artwork."

2.     Plaintiff and Audigier had an agreement that in the event the Subject Artwork was used commercially on apparel, that Mr. Crispin's seal would also appear with the work.

3.     Mr. Crispin was not an employee of Audigier at any point, including when he provided Defendant Audigier with the Subject Artwork.  Moreover, he has never provided any written transfer of ownership of the Subject Artwork to Audigier or anyone else.  Thus, as a matter of law, no party other than Crispin may claim to be the owner of the Subject Artwork.

4.     At no point did Mr. Crispin enter into either a written licensing agreement or any other written agreement whatsoever with Audigier, and thus Audigier cannot claim more than a limited, oral, non-exclusive license to the Subject Artwork.

5.     Despite not owning the Subject Artwork, and having only a limited oral license, Audigier sub-licensed the Subject Artworks to third parties through a number of licensing agreements, and did so without the consent or agreement of Crispin.

Specifically, Crispin was never advised regarding, and never consented to, Audigier's sub-licensing of the Subject Artwork for use on the myriad products manufactured and sold by third parties bearing that work, including condoms and sex products, shoes, pet accessories, and so forth.  Such unauthorized sublicensing constitutes copyright infringement.

6.     Plaintiff has come to learn that at least throughout 2009 and 2010 Audigier used the Subject Artwork commercially on apparel without Mr. Crispin's seal in breach of its contractual obligations.

This motion will be based on these papers, the evidence on file in this action, the Declarations of Buckley H. Crispin and Stephen M. Doniger, and upon such other evidence and argument as may be presented to the Court at the time of hearing.

This motion follows the meet and confer efforts of counsel, which took place on November 29, 2010.


Dated: December 10, 2010                    Respectfully submitted,

DONIGER / BURROUGHS APC


By: /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
Attorney for Plaintiff

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Buckley H. Crispin ("Plaintiff" or "Crispin") is a highly-respected, award-winning tattoo artist.  In the 2004 "Best Of" edition of the OC Weekly, Mr. Crispin was named "Best Tattoo Artist" while working at Goodtime Charlie's Tattooland in Anaheim, CA – the tattoo parlor formerly owned by tattoo legend Ed Hardy.  (Crispin Decl. ¶ 1.)  He also sells clothing bearing his artwork through a number of online stores including Mood Swings (www.moodswingsonthenet.com) and Black Market Art Co. (www.blackmarketartcompany.com).  (Crispin Decl. ¶ 2.)

Between November of 2005 and January of 2006 Mr. Crispin created a number of works of tattoo-styled art which he offered to Audigier for use on certain apparel items.  (Crispin Decl. ¶ 3.  Christian Audigier himself reviewed the artwork presented, selected the ones he wanted to license, and rejected others.  (Crispin Decl. ¶ 3).

For each work of art selected for use, Audigier agreed to pay Crispin $1,100 with no further royalty or payments due.  (Crispin Decl. ¶ 4). Plaintiff and Audigier also agreed that Audigier would use Crispin's seal – a small logo – whenever the Subject Artwork was used commercially.  (Crispin Decl. ¶ 4; Nisenbaum Dep. 34:7-22, 77:17-78:1 [Doniger Decl., ¶1, Ex. 1]).

Over the course of their relationship Audigier licensed 12 works of art from Crispin for use on "Christian Audigier" items..  Among those works are some of the most popular in the Audigier library, including the "Tiger with Roses," "Black Panther," Mr. Crispin's "Eagle," and a number of unique skull designs.  (Crispin Decl. ¶ 5).

Crispin was never an employee of Audigier.  (Crispin Decl. ¶ 6).  Moreover, there was never any work-for-hire agreement, written transfer of ownership, or any other written agreement concerning those works. (Crispin Decl. ¶7).

After receiving the Subject Artwork, Audigier entered into approximately 30

licensing agreements pursuant to which its licensees manufactured and sold a wide range of products bearing works from the Subject Artwork.  (Doniger Decl. ¶2). These products included condoms and sex products, shoes, pet accessories, and many others.  (Crispin Decl. ¶10, Exhibits 5-11).

Audigier never sought or received the consent of Crispin to sub-license the Subject Artworks.  (Crispin Decl. ¶ 11; Nisenbaum Dep. 85:9-87:17 [Doniger Decl. ¶1]).   In fact, Audigier had no recollection of ever speaking with Plaintiff about any Audigier licensees and admits that he never identified any specific licensees to Mr. Crispin.  (Audigier Dep. 27:6-10; 32:24-37:10; 39:16-25; 42:16-43:3; 44:7-13; 46:11-18 [Doniger Decl. ¶3]).  Doniger Decl. ¶2.

In 2009 Plaintiff learned that certain garments manufactured and sold by Audigier which bore his artwork did not use his signature seal.  Worse, he learned that in certain cases his artwork was being used with the seal of another artist. (Crispin Decl. ¶9, Ex. 3-4)

In sub-licensing Crispin's artwork to third parties without Crispin's express consent, Audigier violated Crispin's copyrights in his proprietary designs. In failing to affix Crispin's signature seal to each use of Crispin's artwork, Audigier violated its contract with Crispin. Both issues are ripe for adjudication, and Crispin respectfully requests that this Motion be granted.


**II.   PARTIAL SUMMARY JUDGMENT IS PROPER BECAUSE NO TRIABLE ISSUE EXISTS AS TO DEFENDANT'S LIABILITY FOR EITHER BREACH OF CONTRACT OR COPYRIGHT INFRINGEMENT.**

**A.   The Summary Adjudication Standard**

Summary judgment should be granted if the evidence, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c)(2); *Tarin v. County of Los Angeles*, 123 F. 3d 1259, 1263

1  (9th Cir. 1997).  Additionally, a Court may also summarily adjudicate questions of

2  fact and liability.  Fed. R. Civ. P. 56(d).  For such adjudication, the moving party

3  must show that there is no genuine issue of material fact as to a particular claim.

4  *Wang Laboratories, Inc. v. Mitsubishi Electronics, America, Inc.*, 860 F. Supp. 1448,

5  1450 (C.D. Cal. 1993) (citations omitted).  Upon this showing, the Defendant must

6  provide specific facts that indicate a dispute as to a material issue.  *Celotex Corp. v.*

7  *Catrett*, 477 U.S. 317, 322-23 (1986); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130,

8  1134 (9th Cir. 2000).  This showing must be substantive —a "scintilla of evidence or

9  evidence that is merely colorable or not significantly probative does not present a

10  genuine issue of material fact."  *Addisu*, 198 F.3d at 1134 (citing *United Steel*

11  *Workers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989)).

12        Audigier's liability for copyright infringement is ripe for adjudication given

13  the undisputed evidence that there was no written agreement between the Plaintiff

14  and Audigier, and no consent obtained by Audigier to sublicense Plaintiff's work.  As

15  a matter of law, that conduct constitutes copyright infringement.  Similarly, the

16  parties admit that a condition of Audigier's use of the artwork on shirts was that

17  Crispin's logo was to be used, yet it is beyond dispute that Audigier sold apparel

18  bearing Plaintiff's artwork without his logo.

19     **B.    Audigier Infringed Mr. Crispin's Copyrights By Sub-Licensing His**

20     **Artwork to Third Parties Without his Consent.**

21        There is simply no triable issue of fact as to Audigier's liability for copyright

22  infringement since it brought in substantial revenue from the unauthorized

23  sublicensing of Mr. Crispin's artwork.  Mr. Crispin created a dozen works of art that

24  he licensed to Audigier for use on certain clothing items. While Audigier may have

25  paid for and received a license to use that artwork, it cannot claim to own the Subect

26  Artwork since there was never an executed writing transferring the works as required

27  by 17 U.S.C. § 204(a). Furthermore, Audigier never sought nor received Mr.

28  Crispin's permission to sublicense that artwork, thus committing copyright

- 3 -

infringement as a matter of law.

It is statutorily recognized that a transfer of copyright ownership or a grant of an exclusive license *must* be in writing to be valid.  Copyright Act of 1976, 17 U.S.C. § 204 (a).  Thus without a written agreement, the recipient of a copyrightable work cannot claim either ownership or an exclusive license to that work.  However, Section 204 of the Copyright Act of 1976 explicitly excludes non-exclusive licenses. Copyright Act of 1976, 17 U.S.C. § 204 (a).  It follows, by "negative implication" that a *non-exclusive* license may be granted *orally*.  Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* §10.03[A][7] (2001); *Effects Assoc., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990).

In this case, there is no written agreement. Thus Audigier can claim nothing more than a *non-exclusive* oral license to the Subject Artwork.

Moreover, it is settled law in this Circuit that a valid sub-license can only be made upon **express** permission from the copyright owner.  *See* 17 U.S.C. § 201(d)(2);  *Gardner v. Nike Inc*., 279 F3d 774, 781  (9th Cir. 2002) ("an exclusive licensee has the burden of obtaining the licensor's consent before it may assign its rights, absent explicit contractual language to the contrary.").  This rule follows from the purpose underlying federal copyright law — protecting an artist's rights in his or her creative expression.  *Cohen v. Paramount Pictures Corp.*, 845 F.2d 851, 854 (9th Cir. 1988) (citing, *inter alia*, *Washingtonian Publishing Co. v. Pearson*, 306 U.S. 30, 36 (1939)); *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088, (9th Cir. 1989).  In fact, it is recognized that the purposes of copyright law — protecting copyright owner's rights — would be frustrated if licenses were broadly construed.  *Cohen*, 845 F.2d at 854.

Towards that end, licenses are to be construed narrowly.  *Apple Computer, Inc. v. Microsoft Corp.*, 759 F. Supp. 1444, 1451 (9th Cir. 1994) (narrow interpretation promotes federal policy of "providing incentives in the form of copyright protection of authors.").  The construction of the license must ensure that "valuable [and]

enforceable rights" are reserved to the authors of original works so as to encourage production of works that will benefit the world. *Cohen*, 845 F.2d at 854 (quoting *Washingtonian*, 306 U.S. at 36).

This Circuit has clearly held that licensing agreements "are assumed to prohibit any use *not* authorized." *S.O.S., Inc.*, 886 F.2d at 1088 (citing, *inter alia*, *Cohen*, 845 F.2d at 853) (emphasis added); *see also Beckman Instruments, Inc. v. Cincom Systems, Inc.*, 2000 U.S. App. LEXIS 18166 at *5 (9th Cir. 2000) (unpublished) (citing *S.O.S., Inc.*, 886 F.2d at 1088)("We have rejected the argument that license agreements permit that which they do not prohibit").

Audigier's exploitation of the Subject Artwork was limited to use made directly by the company on a limited universe of item that bore his signature seal. Despite these limitations, Audigier exploited the Subject Artwork on a dizzying array of items, sub-licensed the Subject Artwork for third-party use, and failed to affix Crispin's signature seal to a material number of products. It is clear the scope of the license was exceeded, and it is black letter law that any use by Audigier in excess of the scope of its license is unlawful and constitute copyright infringement. *See S.O.S., Inc.*, 886 F.2d at 1087 ("A licensee infringes the owner's copyright if its use exceeds the scope of its license."); *see also IAE, Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996) ("The licensee violates the copyright by exceeding the scope of this license.").

Because Crispin was never even advised that his art was to be used on sex products, dog accessories, watches, motorcycle helmets, air fresheners, perfume, sunglasses, jewelry, swimwear, wine bottles, etc… (let alone asked for his permission) he - like the plaintiff in *Gardner* - was given "no role in determining whether [each of Audigier's licensees] would be an appropriate sublicensee." *Gardner,* 279 F3d at 781. As such, there can be no question that Audigier engaged in improper sub-licensing in violation of Plaintiff's copyright.  Therefore, this motion should be granted.

## C.   Audigier Breached Its Contract With Plaintiff By Failing To Use Plaintiff's Seal With Each Use of His Artwork.

There is no question that Audigier agreed to use Mr. Crispin's seal whenever it used the Subject Artwork commercially on apparel.  There is also no question that, at least in and through 2009, Audigier not only failed to do so, but on many occasions included the logo of a different artist next to Mr. Crispin's work – thus creating the appearance that another artist was responsible for that work.  In so doing, Audigier breached its agreement with Plaintiff and deprived Plaintiff of the benefits of his bargain.  While damages for Audigier's breach may be subject to dispute, the fact of the breach is not.  Therefore, this motion should be granted.

In order to prevail on his claim for Breach of Contract Plaintiff must show 1) the existence of a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to plaintiff therefrom.  *Acoustics, Inc. v. Trepte Construction Co.* (1971) 14 Cal.App.3d 887, 913 [92 Cal.Rptr. 723].

Audigier's contractual obligation to use Mr. Crispin's seal on all apparel which includes his artwork is undisputed.  When David Nisenbaum, Audigier's COO and CFO offered a written agreement to Plaintiff, that draft stated "*Audigier agrees that in the event that the Artwork is used for a commercial purpose on apparel then it will be in conjunction with the seal of Artist.*"  In his deposition Mr. Nisenbaum unequivocally confirmed that Audigier and Crispin agreed that the seal would be used in connection with any commercial uses of the Subject Artwork.

Next, there can be no question that Plaintiff fully performed since his only obligation was to provide certain works to Audigier for its use.  Similarly, there can be no real question that Audigier has breached the agreement since Plaintiff has seen garments bearing his artwork but without his logo – and in many cases even seen garments with his artwork and the logo of another artist. While the scope of Audigier's breach is still being uncovered through ongoing discovery, the fact that Audigier has been using Plaintiff's artwork on apparel without Plaintiff's seal is not

- 6 -

subject to reasonable dispute.

Finally, while the parties may argue over the damages that have been incurred by Plaintiff as a result of the loss of advertising and promotional benefits that he otherwise would have received from the consistent use of his seal, the fact of damages is sufficiently certain.  See e.g., *Popovich v. Sony Music Entm't, Inc.* 508 F.3d 348, 353 (6th Cir. 2007) (finding the value of the international publicity lost when a logo was not affixed to a record was $5.6 million). Therefore, Plaintiff's claim of liability for breach of contract with regard to the use of his seal is subject to summary judgment and this motion should be granted.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this motion and find, in whole or in part, the following:

1.  Crispin holds a valid copyright for the Subject Artwork.
2.  Audigier is liable for copyright infringement because it sub-licensed the Subject Artwork to third parties without Crispin's express consent.
3.  Audigier breached its contract with Crispin by failing to include Crispin's seal with each commercial use of the Subject Artwork.

Respectfully Submitted,

Dated:  December 13, 2010                    DONIGER/BURROUGHS APC

By:   /S/ Stephen M. Doniger
Stephen M. Doniger, Esq.
Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## <u>DECLARATION OF STEPHEN M. DONIGER</u>

I, STEPHEN M. DONIGER, am above eighteen years of age, and an attorney at the Doniger/ Burroughs APC, counsel for Plaintiff Buckley H. Crispin.  I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify hereto.

1. On November 11, 2010 I took the deposition of David Nisenbaum in this case. Mr. Nisenbaum testified that he was the Chief Operating Officer and Chief Financial Officer of Christian Audigier, Inc. in 2005 and 2006 and was the individual who, along with Mr. Christian Audigier, reached an agreement with Mr. Crispin to use his artwork.  Attached hereto as Exhibit "1" is a true and correct copy of relevant pages of Mr. Nisenbaum's deposition.

2. Through discovery in this case Plaintiff has learned that Christian Audigier, Inc. has entered into approximately 30 different licensing agreements pursuant to which it provided artwork, including Plaintiff Crispin's artwork, to third parties for use on a wide range or apparel and non-apparel products.   If this fact is disputed Plaintiff will file those license agreements under seal with the Court, but Plaintiff's understanding is that this fact is not disputed.

3. On November 18, 2010, I took the deposition of Christian Audigier in this case.  Attached hereto as Exhibit "2" is a true and correct copy of relevant pages of that deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed December 13, 2010 at Culver City, California


/s/ Stephen M. Doniger
Stephen M. Doniger, Esq.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT