# DECLARATION OF MICHAEL A. BOWSE

I, Michael A. Bowse declare as follows:

1. I am an attorney licensed to practice law in California and before this Court. I am counsel of record for Defendants Christian Audigier, Christian Audigier, Inc. ("CAI"), Nervous Tattoo, Inc., and Shop On Stage, Inc. I make this declaration based upon my own personal knowledge unless otherwise indicated.

2. I am the principal counsel for CAI and the other defendants identified in Paragraph 1, above, in this lawsuit. I am the attorney solely responsible for preparing . No other attorney in my office has sufficient familiarity with both the facts and legal theories in this action to meaningfully participate in the drafting of CAI's opposition to the pending motion for summary judgment.

3. During the parties' Local Rule 7-3 conference concerning Plaintiff's motion for summary judgment held on November 29, 2010, I informed Regina Yeh, counsel for Plaintiff, that the defendants would need to depose Byran Callan before they could oppose the motion plaintiff proposed to bring. I explained several reasons why Mr. Callan's deposition was important to CAI's opposition to the proposed motion, including that both Christian Audigier and Plaintiff testified that Mr. Callan was a key participant in the discussions regarding the terms of Plaintiff's arrangement with CAI. Mr. Audigier testified that the discussions were conducted *through* Bryan Callan, while Mr. Crispin testified that Mr. Callan was a key participant in those discussions and that, indeed, he paid Mr. Callan a percentage of what he received from CAI as a fee for Mr. Callan's role in obtaining Plaintiff's agreement with CAI.

4. In light of this, it is clear that Mr. Callan should have knowledge of the agreed-upon terms of Plaintiff's contract with CAI. That knowledge should include both (1) what was discussed concerning how the artwork Plaintiff sold to CAI would be used, and (2) whether any agreement was made that Plaintiff's seal would

be displayed in connection with any reproduction of the artwork Plaintiff sold to CAI.

5. Ms. Yeh represented that Plaintiff would not file his motion for summary judgment until Mr. Callan's deposition could be conducted. Further, in response to my question whether I could schedule Mr. Callan's deposition through Plaintiff's counsel (since Plaintiff's counsel previously represented Mr. Callan in another matter), Ms. Yeh stated that she believed I could and that she would get back to me on that subject.

6. As of December 10, Ms. Yeh had not gotten back to me on the subject of scheduling Mr. Callan's deposition. As a result, I wrote to inquire of her office when that deposition could be scheduled. In response, counsel for Plaintiff again promised to provide potential dates for the deposition. A true and correct copy of my correspondence with counsel is attached hereto as Exhibit A.

7. Today, counsel for Plaintiff provided potential dates for Mr. Callan's deposition during the weeks of January 3 and January 17 (I am unavailable during the week of January 17 due to a pre-paid vacation). Plaintiff's counsel also offered to make Mr. Callan available for deposition "one afternoon" prior to January 3. However, Mr. Callan's deposition will certainly require more than one afternoon. In addition, I anticipate that the subpoena to Mr. Callan will require him to produce documents at his deposition. Adequate time will have to be allowed to permit Mr. Callan to collect those documents. In any event, even if Mr. Callan's deposition could be scheduled for this week, preparing for and conducting that deposition would take time away from my work on CAI's opposition to the motion for summary judgment, further prejudicing CAI's ability to prepare and file a well-researched, well-written opposition. A true and correct copy of counsel's email proposing dates for Mr. Callan's deposition is attached hereto as Exhibit B.

8. I have several commitments between now and December 20 that would interfere with my ability to prepare CAI's opposition to the pending motion.

  a. First, I am preparing a motion to vacate judgments in another matter. Those judgments are substantial (they total approximately $82 million) and warrant the commitment of a substantial amount of my time to the motion to vacate. That motion must be filed within 10 days of notice of entry of that judgment, which was entered on December 10, 2010.

  b. In addition, my young son has a leading role in his school's year-end play, which will occur on Friday, December 17.

  c. Finally, on December 18, my parents are scheduled to visit from out of town to celebrate my birthday. In the absence of any compelling reason why Plaintiff's motion must be heard on the date for which it is presently noticed, I would prefer to honor these personal commitments.

9. In addition to the arguments described above that will be based upon, in part, the testimony of Bryan Callan, CAI will argue in opposition to the motion for summary judgment that some or all of the artwork at issue in this action is not copyrightable. In part, this argument will be based on plaintiff's testimony that some of the drawings he sold to CAI were not original, but instead were prepared based on existing tattoo artwork created by others.

Executed this 14th Day of December, 2010, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

By: /s/ Michael A. Bowse
Michael A. Bowse

# Exhibit A

**Michael Bowse**

| | |
|---|---|
| **From:** | Stephen M. Doniger <stephen@donigerlawfirm.com> |
| **Sent:** | Friday, December 10, 2010 4:42 PM |
| **To:** | Michael Bowse; 'Regina Yeh' |
| **Subject:** | RE: Bryan Callan Deposition |
| **Attachments:** | image001.png; image003.png |

Michael,

Regina advises me that she did not state that we would be able to accept service of the subpoena for Mr. Callan, but rather that we were happy to do so if he consents and that we would contact him. I have a call in and will let you know when I hear back.

Best regards,

*Stephen M. Doniger, Esq.*
**DONIGER / BURROUGHS, APC**
*300 Corporate Pointe, Suite 355*
*Culver City, CA 90230*
*Telephone: 310-590-1820*
*Facsimile: 310-417-3538*
*www.donigerlawfirm.com*

**From:** Michael Bowse [mailto:MBowse@bwgfirm.com]
**Sent:** Friday, December 10, 2010 4:08 PM
**To:** Regina Yeh; Stephen M. Doniger
**Subject:** Bryan Callan Deposition

Regina and Stephen,

Could you please provide dates later this month or in early January when you and Mr. Callan would be available for deposition? I was previously told by Regina that your office would be able to accept service of a subpoena for Mr. Callan and would represent him. Please let me know if this is incorrect.



Michael A. Bowse, Esq.
Browne Woods George LLP
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
T  310-274-7100
F  310-275-5697
mbowse@bwgfirm.com

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

1

-10-



EXHIBIT A

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit B

**Michael Bowse**

---

**From:** Stephen M. Doniger <stephen@donigerlawfirm.com>
**Sent:** Tuesday, December 14, 2010 12:54 PM
**To:** Michael Bowse; 'Regina Yeh'
**Cc:** 'Jane Fredgant'; 'Joe Connolly'; kevin@pattonmartinsullivan.com
**Subject:** RE: Crispin v. Audigier
**Attachments:** image001.png; image003.png

Michael,

Initially, I have heard back from Mr. Callan and he is available any day the week of January 3, and any day the week of January 17. Although we have a number of depositions already set in this case scheduled during those weeks, I do not expect those depositions to be full-day depositions, so if you want to conduct his deposition at my office one afternoon we can probably make that work. I may even be able to get Mr. Callan to sit for deposition before the end of this month – and maybe even this week - if you wish. Let me know. In any event, you will certainly have sufficient time to take his deposition either before your opposition is due or in sufficient time to file any supplemental briefing you deem appropriate.

Next, Regina has unequivocally stated that she never represented that no motion would be filed until that deposition is conducted. Indeed, it would make no sense to so agree since, contrary to your assertion, it is not at all "clear" that Mr. Callan's testimony is in any way pertinent to the pending motion. There is nothing he can say that would create a written agreement between the parties, alter the admitted obligation of your client to use Mr. Crispin's seal when using his artwork, or affect your clients' admissions that they did not seek Mr. Crispin's permission before sublicensing his artwork.

You are free to bring whatever ex parte you wish, but we will not stipulate to pushing out the hearing date.

Stephen M. Doniger, Esq.
**DONIGER / BURROUGHS, APC**
300 Corporate Pointe, Suite 355
Culver City, CA 90230
Telephone: 310-590-1820
Facsimile: 310-417-3538
www.donigerlawfirm.com

**From:** Michael Bowse [mailto:MBowse@bwgfirm.com]
**Sent:** Tuesday, December 14, 2010 12:33 PM
**To:** Stephen M. Doniger; Regina Yeh
**Cc:** Jane Fredgant; Joe Connolly; kevin@pattonmartinsullivan.com
**Subject:** Crispin v. Audigier

Stephen and Regina:

I write regarding the January 10 hearing date on the motion for summary judgment you filed yesterday. That hearing date fails to allow adequate time for the defendants to prepare their oppositions and operates to deprive us of discovery that the parties agreed (during our November 29 conference) could be conducted before the motion for summary judgment would be filed.

FRCP 56(c) provides that an opposition to a motion for summary judgment may be filed 21 days after notice of the motion is served and that replies may be served 14 days after the opposition. The January 10 hearing date does not

1
-12-

 EXHIBIT B

allow sufficient time in light of this rule. In any event, 7 calendar days is simply not sufficient time to respond to a case dispositive motion, particularly since certain aspects of that motion are effected by depositions conducted just a few weeks ago and for which the final transcripts are not even available.

Moreover, during the November 29 conference, I explained that the defendants would need to depose Bryan Callan before opposing any motion for summary judgment. As I explained, several witnesses (including Mr. Crispin) have testified that Mr. Callan was present during and participated in the discussions concerning the terms of Mr. Crispin's agreement with the Audigier Defendants. Ms. Yeh represented that no motion for summary judgment would be filed until after that deposition could be conducted. On December 10, I wrote to you requesting dates on which Mr. Callan (your client) could be made available for deposition, but have not been provided with any such dates. Mr. Callan's testimony is clearly pertinent to your motion for summary judgment. The only reason it has not been noticed is because your office represented to me that you would provide dates on which Mr. Callan could be made available to testify, but has not done so.

Finally, although your motion appears to be directed exclusively against Christian Audigier, Inc., the other defendants would obviously affected by the motion if it is granted. Some of those defendants have not yet responded to the complaint and one filed its answer on Friday. Counsel for those defendants should be permitted time to get up to speed on the case so that they can meaningfully contribute to a motion that could effectively be dispositive of certain issues pertinent to the claims against them.

Thus, I request that any hearing on your motion be conducted no sooner than February 7 to permit defendants sufficient time to complete the necessary discovery and prepare their opposition. If we cannot reach some arrangement on this issue, I will have to move ex parte to postpone the January 10 hearing. Please respond as soon as possible.



**Michael A. Bowse, Esq.**
**Browne Woods George LLP**
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
T 310-274-7100
F 310-275-5697
mbowse@bwgfirm.com

---

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---